B1 (Official Form 1) (4/10)

# UNITED STATES BANKRUPTCY COURT
_____ District of _____

**VOLUNTARY PETITION**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br><br>ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| **Type of Debtor** (Form of Organization) (Check **one** box.) | **Nature of Business** (Check **one** box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br><br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other _____<br><br>**Tax-Exempt Entity** (Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | ☐ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13<br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br><br>**Nature of Debts** (Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."  ☐ Debts are primarily business debts. |

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☐ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE IS FOR COURT USE ONLY**

Estimated Number of Creditors
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) ☐ Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). X _____ Signature of Attorney for Debtor(s)    (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☐ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): Ambac Financial Group, Inc. |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X **/s/ Peter A. Ivanick**
Signature of Attorney for Debtor(s)
**Peter A. Ivanick**
Printed Name of Attorney for Debtor(s)
**Dewey & LeBoeuf LLP**
Firm Name
**1301 Avenue of the Americas**
**New York, New York 10019**
Address
**(212) 259-8000**
Telephone Number
*11-8-10*
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _[signature]_____
Signature of Authorized Individual
**David W. Wallis**
Printed Name of Authorized Individual
**President and Chief Executive Officer**
Title of Authorized Individual
*11-8-10*
Date

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
*In re* :
: Chapter 11
**AMBAC FINANCIAL GROUP, INC.,** :
: Case No. 10-_____ ( )
   Debtor. :
: 
---------------------------------------------------------------x

# EXHIBIT "A" TO VOLUNTARY PETITION

  1.  Ambac Financial Group, Inc. (the "Debtor") has securities registered under section 12 of the Securities and Exchange Act of 1934. The Debtor's Securities and Exchange Commission file number is 1-10777.

  2.  The following data refers to the Debtor's financial condition as of June 30, 2010.[1]

    a.  Total assets:            ($394.5 million)

    b.  Total liabilities (incl. liabilities in 2.c, below):  $1.6826 billion

    c.  Debt securities held by more than 500 holders:  N/A[2]

| Class | CUSIP/ISIN |
|---|---|
| 9.500% Senior Notes due 2021 | 023139AG3 |
| 6.15% Directly-Issued Subordinated Capital Securities due 2087 | 023139AF5 |
| 5.95% Debentures due 2035 | 023139AE8 |
| 7-1/2 Debentures due 2023 | 023139AB4 |
| 9-3/8% Debentures due 2011 | 023139AA6 |
| 5.95% Debentures due 2103 | 023139504 |
| 5.875% Debentures due 2103 | 023139603 |

    d.  Shares of preferred stock outstanding:    None

    e.  Shares of common stock outstanding:[3]    302,112,225

---

[1] The information presented here reflects the financial condition of the Debtor *on an unconsolidated basis*. The Debtor's Securities and Exchange Commission filings reflect the financial condition of the Debtor and its nondebtor affiliates on a consolidated basis.

[2] The Debtor is unable to determine the precise number of holders of its debt securities. Accordingly, the Debtor has identified all outstanding debt securities in response to this inquiry. All of the Debtor's debt securities are unsecured.

3. Brief description of Debtor's business. The Debtor, headquartered in New York City, is a holding company whose affiliates provided financial guarantees and financial services to clients in both the public and private sectors around the world. The principal operating subsidiary, Ambac Assurance Corporation ("AAC"), is a guarantor of public and structured finance operations. The Debtor, through its subsidiaries, also provided investment agreements, interest rate swaps, total return swaps, and funding conduits, principally to clients of the financial guarantee business, which include municipalities and their authorities, health care organizations, and asset-backed issuers. AAC has not written a meaningful volume of financial guarantee business since November 2007 and no new business since mid−2008. As such, AAC's principal business now consists of mitigating losses in AAC's insured portfolio and maximizing the yield on its investment portfolio.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the Debtor's voting securities. The table below shows the name of each person or company known to the Debtor that beneficially owns in excess of 5% of the Debtor's common stock.

| Name of Beneficial Owner | Shares of Common Stock Held | Percentage of Common Stock | Position Date |
| --- | --- | --- | --- |
| The Vanguard Group, Inc.[4] | 16,497,280 | 5.46% | June 30, 2010 |

---

[3] As of November 1, 2010.

[4] While Vanguard Group, Inc. filed a Form 13-F as of June 30, 2010, indicating holdings of more than 5%, these holdings are spread across 7 funds and no single fund owns more than 5%.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
:
*In re* :
: **Chapter 11**
**AMBAC FINANCIAL GROUP, INC.,** :
: **Case No. 10-_____ (  )**
　　　　　**Debtor.** :
:
------------------------------------------------------------x

## LIST OF CREDITORS HOLDING THE 20 LARGEST UNSECURED CLAIMS

　　　　The following is a list of creditors holding, as of November ___, 2010, the 20 largest unsecured claims against Ambac Financial Group, Inc. (the "Debtor"). This list has been prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure and does not include (i) persons who fall within the definition of "insider" in section 101(31) of title 11 of the United States Code, or (ii) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtor. The information herein does not constitute a waiver of the Debtor's right to contest the validity, priority, or amount of any claim.

| | Name and mailing address of creditor | Name, telephone number, and mailing address of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Estimated amount of claim |
|---|---|---|---|---|---|
| 1 | BNY Mellon, as Trustee of 6.15% Directly-Issued Subordinated Capital Securities due 2087<br>One Wall Street<br>New York, NY 10004 | BNY Mellon<br>One Wall Street<br>New York, NY 10004 | Unsecured Notes | | $400,000,000 |
| 2 | BNY Mellon, as Trustee of 5.95% Debentures due 2035<br>One Wall Street<br>New York, NY 10004 | BNY Mellon<br>One Wall Street<br>New York, NY 10004 | Unsecured Notes | | $400,000,000 |
| 3 | BNY Mellon, as Trustee of 9.500% Senior Notes due 2021<br>One Wall Street<br>New York, NY 10004 | BNY Mellon<br>One Wall Street<br>New York, NY 10004 | Unsecured Notes | | $250,000,000 |

|   | Name and mailing address of creditor | Name, telephone number, and mailing address of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Estimated amount of claim |
|---|---|---|---|---|---|
| 4 | BNY Mellon, as Trustee of 5.95% Debentures due 2103<br>One Wall Street<br>New York, NY 10004 | BNY Mellon<br>One Wall Street<br>New York, NY 10004<br>Attn: Natalie Crispin<br>Tel: 412.234.7562 | Unsecured Notes | | $200,000,000 |
| 5 | BNY Mellon, as Trustee of 5.875% Debentures due 2103<br>One Wall Street<br>New York, NY 10004 | BNY Mellon<br>One Wall Street<br>New York, NY 10004<br>Attn: Natalie Crispin<br>Tel: 412.234.7562 | Unsecured Notes | | $175,000,000 |
| 6 | BNY Mellon, as Trustee of<br>9-3/8% Debentures due 2011<br>One Wall Street<br>New York, NY 10004 | BNY Mellon<br>One Wall Street<br>New York, NY 10004<br>Attn: Natalie Crispin<br>Tel: 412.234.7562 | Unsecured Notes | | $122,189,000 |
| 7 | BNY Mellon, as Trustee of<br>7-1/2 Debentures due 2023<br>One Wall Street<br>New York, NY 10004 | BNY Mellon<br>One Wall Street<br>New York, NY 10004<br>Attn: Natalie Crispin<br>Tel: 412.234.7562 | Unsecured Notes | | $75,000,000 |
| 8 | New York City Department of Finance Field Audit Unit<br>345 Adams Street<br>Brooklyn, NY 11201 | New York City Department of Finance Field Audit Unit<br>345 Adams Street<br>Brooklyn, NY 11201<br>Attn: J. Yanqui Zaza<br>Tel: 718.403.4357 | Disputed tax assessment | Contingent, unliquidated | $42,339,397.95 |
| 9 | One State Street Plaza, LLC<br>One State Street Plaza<br>New York, NY 10004 | One State Street Plaza, LLC<br>One State Street Plaza<br>New York, NY 10004<br>Attn: Goldie Zlotnick<br>Tel: 212.412.9105 | Rent | | $198,110.94 |
| 10 | Algorithmics (US) Inc.<br>One State Street Plaza<br>New York, NY 10004 | Algorithmics (US) Inc.<br>One State Street Plaza<br>New York, NY 10004<br>Attn: Mark Weinstock<br>Tel: 212.625.5260 | Trade | | $81,656.25 |
| 11 | Intex Solutions, Inc.<br>110 A. Street<br>Needham, MA 02494-2807 | Intex Solutions, Inc.<br>110 A. Street<br>Needham, MA 02494-2807<br>Attn: Accounting Dept.<br>Tel: 781.449.6222 | Trade | | $30,307.17 |

| | Name and mailing address of creditor | Name, telephone number, and mailing address of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Estimated amount of claim |
|---|---|---|---|---|---|
| 12 | Newmark Knight Frank<br>125 Park Avenue<br>New York, NY 10017 | Newmark Knight Frank<br>125 Park Avenue<br>New York, NY 10017<br>Tel: 212.372.2000<br>Attn: Nikki Van<br>Tel: 212.372.2264 | Trade | | $18,486.51 |
| 13 | RR Donnelley Receivables<br>P.O. Box 13654<br>Newark, NJ 07188-0001 | RR Donnelley Receivables<br>P.O. Box 13654<br>Newark, NJ 07188-0001<br>Attn: Peter Gogolak<br>Tel: 212.341.7432 | Trade | | $14,000.00 |
| 14 | David B. Nemschoff<br>59 Lehigh Court<br>Rockville Centre, NY 11570 | David B. Nemschoff<br>59 Lehigh Court<br>Rockville Centre, NY 11570<br>Tel: 516-639-5752 | Trade | | $12,500.00 |
| 15 | Bloomberg L.P.<br>P.O. Box 30244<br>Hartford, CT 06150-0244 | Bloomberg L.P.<br>P.O. Box 30244<br>Hartford, CT 06150-0244<br>Attn: Customer Support<br>Tel: 212.318.2500 | Trade | | $6,602.74 |
| 16 | Intralinks, Inc.<br>P.O. Box 10259<br>New York, NY 10259-0259 | Intralinks, Inc.<br>P.O. Box 10259<br>New York, NY 10259-0259<br>Attn: Billing<br>Tel: 212.342.7676 | Trade | | $4,125.00 |
| 17 | Business Wire<br>Department 34182<br>P.O. Box 39000<br>San Francisco, CA 94139 | Business Wire<br>Department 34182<br>P.O. Box 39000<br>San Francisco, CA 94139<br>Attn: Accounts Receivable Department<br>Tel: 415.986.4422 | Trade | | $1,282.00 |
| 18 | Thomson Financial<br>P.O. Box 5136<br>Carol Stream, IL 60197-5136 | Thomson Financial<br>P.O. Box 5136<br>Carol Stream, IL 60197-5136<br>Attn: Customer Care<br>Tel: 617.856.2900 | Trade | | $798.00 |
| 19 | Westlaw Business Payment Center<br>P.O. Box 6292<br>Carol Stream, IL 60197-6292 | Westlaw Business Payment Center<br>P.O. Box 6292<br>Carol Stream, IL 60197-6292<br>Attn: Accounts Receivable Department<br>Tel: 800.227.3356 | Trade | | $352.62 |

|  | Name and mailing address of creditor | Name, telephone number, and mailing address of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Estimated amount of claim |
|---|---|---|---|---|---|
| 20 | Duff & Phelps, LLC<br>12595 Collection Center Drive<br>Chicago, IL 60693 | Duff & Phelps, LLC<br>311 South Wacker Drive<br>Chicago, IL 60606<br>Attn: Jeff Schiedemeyer<br>Tel: 312.697.4600 | Professional Fees | Contingent, Unliquidated, Disputed | Unknown |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                            :
*In re*                                     :
                                            :      **Chapter 11**
AMBAC FINANCIAL GROUP, INC.,                :
                                            :      Case No. 10-_____ ( )
            Debtor.                         :
                                            :
-------------------------------------------------------------------x

## DECLARATION REGARDING LIST OF CREDITORS

Pursuant to 28 U.S.C. § 1746, I, the undersigned authorized officer of Ambac Financial Group, Inc., named as the debtor in this case, declare under penalty of perjury that I have reviewed the foregoing List of Creditors Holding the 20 Largest Unsecured Claims and that the list is true and correct to the best of my information and belief.

Dated: November _8_, 2010
       New York, New York

                                            _____
                                            David W. Wallis
                                            President and Chief Executive Officer

4

# **CERTIFICATE OF RESOLUTIONS**

I, a duly authorized officer of Ambac Financial Group, Inc., a Delaware corporation (the "Company"), hereby certify that the following resolutions were duly adopted by the vote and consent of the Directors of the Company at a special meeting of the Board of Directors of the Company (the "Board"), held on November 7, 2010, in accordance with the requirements of applicable law and that said resolutions have not been altered, amended, or rescinded and are still in full force and effect as of the date hereof:

> WHEREAS, the Board, after due and careful consideration of the financial condition of the Company and the Company's available alternatives, has determined that it would be desirable and in the best interests of the Company to immediately commence a voluntary proceeding under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

> NOW THEREFORE, BE IT

> RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, employees, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code;

> RESOLVED, that each of the Chief Executive Officer and Chief Financial Officer (each, an "Authorized Person" and collectively, the "Authorized Persons") are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and verify a petition, and amendments or exhibits thereto, under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York at such time or in such other jurisdiction as such Authorized Person executing the same shall determine;

> RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers or documents and to take and perform any and all further acts and deeds which he or she deems necessary, proper, or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case;

RESOLVED, that the law firm of Dewey & LeBoeuf LLP be and is hereby engaged as attorneys for the Company under a general retainer in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval;

RESOLVED, that The Blackstone Group LP be and is hereby engaged as financial advisors to the Company in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval;

RESOLVED, that each Authorized Person, and such other officers of the Company as any Authorized Person shall from time to time designate, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to engage and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals in connection with the Chapter 11 Case, with a view to the successful prosecution of such case;

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, and to take such other action as in the judgment of such person shall be or become necessary, proper, and desirable, with a view to the successful prosecution of such case;

RESOLVED, that in connection with the Chapter 11 Case, each Authorized Person, and such other officers of the Company as any Authorized Person shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to negotiate, execute, deliver, and perform or cause the performance of any notes, guarantees, security agreements, other agreements, consents, certificates, or instruments as such person considers necessary, appropriate, desirable, or advisable to effectuate borrowings or other financial arrangements, such determination to be evidenced by such execution or taking of such action;

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, and any such actions heretofore taken by any of them are hereby ratified, confirmed, and approved in all respects: (i) to negotiate, execute, deliver, and/or file any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may

2

be required or as such officers deem appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, in the name and on behalf of the Company, as the case may be, in such form and substance as such officers may approve, together with such changes and amendments to any of the terms and conditions thereof as such officers may approve, with the execution and delivery thereof on behalf of the Company by or at the direction of such officers to constitute evidence of such approval, (ii) to negotiate, execute, deliver, and/or file, in the name and on behalf of the Company, any and all agreements, documents, certificates, consents, filings, and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such officers deem appropriate or advisable in connection therewith, and (iii) to do such other things as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby; and

RESOLVED, that any and all past actions heretofore taken by officers of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

IN WITNESS WHEREOF, I have set my hand this 7th day of November.

_____
Michael A. Callen
Executive Chairman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                               :
*In re*                                        :
                                               :   **Chapter 11**
AMBAC FINANCIAL GROUP, INC.,                   :
                                               :   Case No. 10-_____ ( )
        Debtor.                                :
                                               :
---------------------------------------------------------------x

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, I, the undersigned authorized officer of Ambac Financial Group, Inc., named as the debtor in this case, hereby certify that as of June 30, 2010, no corporation directly or indirectly owns 10% or more of any class of the Debtor's equity interests.

Dated: November _6_, 2010
       New York, New York

_____
David W. Wallis
President and Chief Executive Officer