Peter A. Ivanick
Allison H. Weiss
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

- and -

Todd L. Padnos (admitted *pro hac vice*)
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303
Tel: (650) 845-7000
Fax: (650) 845-7333

*Proposed Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
*In re* :
: **Chapter 11**
**AMBAC FINANCIAL GROUP, INC.,** :
: **Case No. 10-15973 (SCC)**
Debtor. :
:
---------------------------------------------------------------x

***EX PARTE* MOTION TO (I) SHORTEN THE NOTICE
PERIOD FOR DEBTOR'S MOTION FOR ORDER PURSUANT TO
SECTIONS 105(a), 363(b), 507(a)(4), 507(a)(8), AND 541(b) OF THE BANKRUPTCY
CODE (I) AUTHORIZING THE DEBTOR TO PAY (A) TAXES AND RELATED
EXPENSES, (B) CERTAIN AMOUNTS PAYABLE TO MJK TAX SERVICES, AND
(C) CERTAIN WAGES, BENEFITS, AND REIMBURSABLE EXPENSES, AND
(II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO
<u>HONOR ALL RELATED FUND TRANSFER REQUESTS</u>**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Ambac Financial Group, Inc. (the "<u>Debtor</u>"), as debtor and debtor in possession in the

above-captioned chapter 11 case (together with its non-debtor affiliates, "<u>Ambac</u>"), by and

through its undersigned proposed counsel, hereby submits this motion (the "Motion") and respectfully represents:

## Jurisdiction

1. This Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

2. By this Motion, the Debtor requests entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to Rules 2002(a)(2) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) shortening the notice period for the hearing on the *Debtor's Motion for Order Pursuant to Sections 105(a), 363(b), 507(a)(4), 507(a)(8), and 541(b) of the Bankruptcy Code (i) Authorizing the Debtor to Pay (a) Taxes and Related Expenses, (b) Certain Amounts Payable to MJK Tax Services, and (c) Certain Wages, Benefits, and Reimbursable Expenses, and (ii) Authorizing and Directing Financial Institutions to Honor all Related Fund Transfer Requests* (the "Tax, Critical Vendor, and Employee Obligations Motion"),[1] and (ii) setting the deadline for filing objections to the Tax, Critical Vendor, and Employee Obligations Motion as December 20, 2010 at 12:00 p.m. (prevailing Eastern Time).

## Basis for Relief Requested

3. As described in the Tax, Critical Vendor, and Employee Obligations Motion, the Debtor has requested entry of an order granting certain relief pursuant to, among other things,

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Tax, Critical Vendor, and Employee Obligations Motion.

2

section 363(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  Bankruptcy Rule 2002(a)(2) provides that the Debtor must provide "at least 21 days' notice by mail of … a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice." In addition, Bankruptcy Rule 9006(c) provides that the Court, for cause shown, may in its discretion (with or without motion or notice) reduce the time fixed for service of motion papers under the Bankruptcy Rules.

4. Cause exists to shorten the notice period for the Tax, Critical Vendor, and Employee Obligations Motion.  First, the Debtor has failed to make its estimated Delaware Franchise Tax payment due on December 1, 2010.  Overdue estimated Delaware Franchise Tax payments accrue interest at 1.5% per month and failure to make timely estimated franchise tax payments could result in the assessment of additional penalties against the Debtor.  Del. Code tit. 8 § 504(c), (f).  Because a claim relating to unpaid Delaware Franchise Tax payments would be entitled to priority status under section 507(a)(8) of the Bankruptcy Code, the Debtor must pay the Taxes and Fees soon to minimize the amount of priority claims against the estate.  Further delay in payment of the Taxes and Fees could result in the Delaware Secretary of State designating the Debtor as "not in good standing," which could significantly impair the Debtor's ability to continue doing business.

5. Second, failure to obtain Bankruptcy Court approval to pay and honor the Critical Vendor Obligations could result in such vendor's refusal to provide further necessary assistance in connection with obtaining significant tax refunds.

6. Third, the next omnibus hearing date after December 21, 2010 is currently scheduled for January 19, 2011, and waiting until this hearing date to pay the Debtor's Employee Obligations would likely have a negative impact on Employee morale.

7. Accordingly, for the reasons set forth herein and in the Tax, Critical Vendor, and Employee Obligations Motion, the Debtor respectfully submits that cause exists for such motion to be heard on an expedited basis.

## Notice

8. Notice of this Motion has been provided by facsimile, electronic mail transmission, overnight delivery and/or hand delivery to (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel to the Official Committee of Unsecured Creditors (the "Committee"), (iii) each member of the Committee or its counsel, (iv) the Securities and Exchange Commission, (v) counsel to the Office of the Commissioner of Insurance of the State of Wisconsin, and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that no other or further notice need be provided.

## No Previous Request

9. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

## Conclusion

WHEREFORE, the Debtor respectfully requests that the Court enter the Order, substantially in the form attached hereto as Exhibit A, and grant such other and further relief as the Court deems just and proper.

Dated: December 9, 2010
       New York, New York

Respectfully Submitted,

/s/ Allison H. Weiss
Peter A. Ivanick
Allison H. Weiss
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

- and -

Todd L. Padnos (admitted *pro hac vice*)
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303
Tel: (650) 845-7000
Fax: (650) 845-7333

*Proposed Attorneys for the Debtor and Debtor in Possession*

# **EXHIBIT A**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
: 
*In re* :
: Chapter 11
AMBAC FINANCIAL GROUP, INC., :
: Case No. 10-15973 (SCC)
Debtor. :
:
-----------------------------------------------------------x

**ORDER GRANTING DEBTOR'S *EX PARTE* MOTION TO (I) SHORTEN
THE NOTICE PERIOD FOR DEBTOR'S MOTION FOR ORDER PURSUANT TO
SECTIONS 105(a), 363(b), 507(a)(4), 507(a)(8), AND 541(b) OF THE BANKRUPTCY
CODE (I) AUTHORIZING THE DEBTOR TO PAY (A) TAXES AND RELATED
EXPENSES, (B) CERTAIN AMOUNTS PAYABLE TO MJK TAX SERVICES, AND
(C) CERTAIN WAGES, BENEFITS, AND REIMBURSABLE EXPENSES, AND (II)
AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO
<u>HONOR ALL RELATED FUND TRANSFER REQUESTS</u>**

Upon the motion (the "<u>Motion</u>") of Ambac Financial Group, Inc. (the "<u>Debtor</u>"), as debtor and debtor in possession in the above-captioned chapter 11 case, pursuant to Rules 2002(a)(2) and 9006(c) of the Federal Rules of Bankruptcy Procedure, for entry of an order (this "<u>Order</u>") (i) shortening the notice period for the hearing on the *Debtor's Motion for Order Pursuant to Sections 105(a), 363(b), 507(a)(4), 507(a)(8), and 541(b) of the Bankruptcy Code (i) Authorizing the Debtor to Pay (a) Taxes and Related Expenses, (b) Certain Amounts Payable to MJK Tax Services, and (c) Certain Wages, Benefits, and Reimbursable Expenses, and (ii) Authorizing and Directing Financial Institutions to Honor all Related Fund Transfer Requests* (the "<u>Tax, Critical Vendor, and Employee Obligations Motion</u>"), and (ii) setting the deadline for filing objections to the Tax, Critical Vendor, and Employee Obligations Motion as December 20, 2010 at 12:00 p.m. (prevailing Eastern Time), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted in all respects; and it is further

ORDERED that the hearing on the Tax, Critical Vendor, and Employee Obligations Motion will be scheduled for December 21, 2010 at 2:00 p.m. (prevailing Eastern Time); and it is further

ORDERED that the deadline for filing an objection to the Tax, Critical Vendor, and Employee Obligations Motion shall be December 20, 2010 at 12:00 p.m. (prevailing Eastern Time); and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters related to the interpretation or implementation of this Order.

Dated:_____, 2010
      New York, New York

                                      _____
                                      UNITED STATES BANKRUPTCY JUDGE