MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Anthony Princi
Gary S. Lee

*Proposed Attorneys for the*
*Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) ) | Chapter 11 |
| AMBAC FINANCIAL GROUP, INC., | ) ) ) ) ) ) | Case No. 10-15973 (SCC) |
| Debtor. | ) ) | |

**LIMITED OBJECTION TO APPLICATION OF THE DEBTOR PURSUANT TO
SECTION 327(a) OF THE BANKRUPTCY CODE AND FEDERAL
RULE OF BANKRUPTCY PROCEDURE 2014(a) FOR ORDER
APPROVING THE RETENTION OF TOGUT, SEGAL & SEGAL LLP
AS CONFLICTS COUNSEL TO DEBTOR AND DEBTOR IN POSSESSION**

The Official Committee of Unsecured Creditors (the "Committee") of Ambac Financial

Group, Inc. ("Ambac" or "the Debtor") by and through its undersigned proposed counsel submits

this limited objection (the "Objection") to the application, dated December 6, 2010 (the

"Application") [Docket No. 53], of the Debtor Pursuant to Section 327(a) of the Bankruptcy

Code and Federal Rule of Bankruptcy Procedure 2014(a) for Order Approving the Retention of

Togut, Segal & Segal LLP ("Togut") as Conflicts Counsel to Debtor and Debtor in Possession

---

[1] Objection Deadline for Committee was extended to December 20, 2010 at 5:00 p.m. Eastern.

(such order, the "Proposed Retention Order"). In support of its objection, the Committee respectfully submits as follows:

## BACKGROUND

1. On November 8, 2010 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above captioned Chapter 11 case. The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On November 17, 2010, the United States Trustee for the Southern District of New York (the "United States Trustee") appointed the five (5) member Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. The Committee is composed of: The Bank of New York Mellon, as Indenture Trustee; Law Debenture Trust Company of New York, as Indenture Trustee; Halcyon Asset Management LLC; ValueWorks LLC; and One State Street Plaza LLC. Also on November 17, 2010, the Committee selected Morrison & Foerster to serve as its counsel. On November 22, 2010, the Committee selected Lazard Freres & Co. LLC ("Lazard") to serve as its financial advisor and investment banker.

3. On December 6, 2010, the Debtor filed the Application and Proposed Retention Order seeking to employ and retain Togut as conflicts counsel.

## PRELIMINARY STATEMENT

4. The relief requested by the Debtor in the Application, and the Proposed Retention Order, is too broad and goes well beyond seeking to retain Togut in the event that Dewey & LeBoeuf LLP ("Dewey"), the Debtor's proposed bankruptcy counsel, has a conflict of interest. Instead, the Proposed Retention Order will provide the Debtor carte blanche to use a second law firm as its general bankruptcy counsel when it deems in its unilateral view that there

may be a "potential" (as opposed to actual) conflict, or if it unilaterally determines that legal services can be "more efficiently handled" by Togut. The breadth of the Proposed Retention Order and the ability to employ Togut for any matter the Debtor sees fit will undoubtedly create duplication of efforts and potentially lead to the abuse of the purpose for the retention of conflicts counsel.

5. The Committee submits that the Proposed Retention Order be revised to conform to the proposed order attached hereto as <u>Exhibit A</u> (the "Committee's Proposed Order"), which provides that the Debtor will give written notice to the Committee when a conflict that requires the use of Togut's services is identified, and that Togut shall not perform any work for the Debtor until such time. The Committee believes these proposed changes are reasonable and safeguard against the potential for duplication of services in this case. Moreover, there would be no prejudice to the Debtor by adopting these changes.

6. The Committee submitted the Committee's Proposed Order to the Debtor for consideration and, to date, the Debtor has been unwilling to accept the changes set forth in the revised order. The Debtor's unwillingness to accept the Committee's Proposed Order highlights the potential for abuse inherent in the Proposed Retention Order as it is currently written, and the Debtor has offered no reason for why the proposed limitations are problematic. The Debtor simply has not shown that Togut's excessively broad retention parameters are justified, and the Committee asks the Court to enter the Committee's Proposed Order as attached hereto.

# ARGUMENT

## I. The Application is Unduly Broad and Vague with Respect to Togut's Role

7. The scope of services that Togut is permitted to provide pursuant to the Application and the Proposed Retention Order is extraordinarily broad, and grants much more authority to Togut than is prudent or necessary for a party serving as conflicts counsel.

8. Some of Togut's proposed services, as described the Application, include, but are not limited to:

> (a) attend meetings and negotiate with representatives of creditors and other parties in interest;
>
> (b) take necessary action to protect and preserve the Debtor's estate;
>
> (c) prepare on the Debtor's behalf motions, applications, adversary proceedings, answers, orders, reports and papers necessary to the administration of the Debtor's estate; and
>
> (d) perform other necessary legal services and provide other necessary legal advice to the Debtor in connection with this Chapter 11 Case.

9. The services noted above go to the heart of a Chapter 11 case and are the type generally performed by a debtor's bankruptcy counsel, not conflicts counsel. Indeed, a comparison of the "Scope of Services" respectively set forth in each of Togut and Dewey's retention applications, demonstrates that but for the preparation of a disclosure statement and plan of reorganization set forth in Dewey's application, the proposed scope of services that can be performed by both firms is virtually identical. If Togut is authorized to perform the services described in the Application at the Debtor's discretion at any time during the case, even absent an actual conflict, there is substantial risk for duplication of services in this case. It is hornbook law that "[t]he purpose for which an attorney is to be employed must be specified and may not encompass bankruptcy services typically provided by the [debtor's] general bankruptcy counsel

concerning the administration of the bankruptcy case." 3 COLLIER ON BANKRUPTCY ¶327.01[2] at 327-6. (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2009).

10. In addition to the extremely broad nature of the services described above, the Debtor has full and complete discretion to assign matters to Togut without transparency. The Committee's Proposed Retention Order would simply require notice to the Committee when the Debtor wishes to employ Togut, and provides that Togut will not perform any services until such time that notice is received. (Notably, the Committee's Proposed Retention Order does <u>not</u> require the Committee's consent for Togut to perform such services.) Providing the Committee with such information creates a safeguard to the Debtor using Togut for unnecessary reasons. Accordingly, the Committee believes that absent such notice, there is a risk that the Debtor's estate will be further depleted by legal fees for duplicative services. As noted above, the Debtor rejected the Committee's Proposed Order and insists on having the authority to utilize Togut without notice on any matter that it deems fit.

## II. Describing Togut's Retention as Cost-Saving is Illusory Because Togut's Billing Rates are Competitive with Dewey's

11. The Application provides that the Debtor is seeking the authority to utilize Togut as counsel not only when Dewey is conflicted, but also if a matter "can be more efficiently handled" by Togut. The Proposed Retention Order would grant the Debtor authority to employ Togut well beyond matters on which Dewey is conflicted, and is thus neither necessary nor legally justified. The Debtor attempts to paint Togut's retention as a potential cost-saving measure on certain matters; however, such an assertion does not hold up to the fact that, as set forth in the Application and the Declaration of Albert Togut in Support of Application of Debtor for Entry of Order Pursuant to 11 U.S.C. § 327(a) Authorizing the Employment and Retention of

Togut, Segal & Segal, LLP as Conflicts Counsel for the Debtor *Nunc Pro Tunc* to November 10, 2010 (the "Togut Affidavit"), Togut and Dewey's hourly rates are competitive.

12. Paragraph 12 of the Togut Affidavit provides that the billing rates for Togut's professionals are: (i) partners $800 to $935; (ii) associates and counsel $180 to $720; (iii) paralegals and law clerks $145 to $285.

13. Similarly, the hourly rates set forth in the Affidavit of Michael Groll in Support of Debtor's Application for Approval of Its Employment and Retention of Dewey & LeBoeuf LLP as Its Attorneys *Nunc Pro Tunc* to the Commencement Date [Docket No. 49] are: (i) partners $695 to $975; (ii) associates and counsel $385 to $800; (iii) paraprofessionals $125 to $385.

14. After comparing these figures, it becomes clear that the Debtor's request to employ Togut for the undefined purpose of "efficient handling," effectively gives the Debtor full discretion to employ Togut on whatever matters it wishes. Indeed, Togut's involvement, if not limited as set forth in the Committee's Proposed Order, will increase the cost to the Debtor's estate because Togut will need to get up to speed on the Debtor's business, whereas Dewey has been representing AFG since well before the Petition Date. Absent an actual conflict, there is no need or justification for a second law firm to be representing the Debtor in these Chapter 11 proceedings.

## **CONCLUSION**

15. As noted above, the Committee's suggested revisions to the Proposed Retention Order do not prejudice the Debtor. The Committee's Proposed Retention Order authorizes the retention of Togut and allows for the utilization of Togut's services if and when a conflict arises. The Committee's Proposed Retention Order also avoids the potential for abuse that is implicit

when a law firm can unilaterally use a second law firm as its counsel. Importantly, such order also assures that the Committee will be provided notice when a conflict exists. Accordingly, the Court should enter the Committee's Proposed Retention Order.

WHEREFORE, the Committee respectfully requests that the Bankruptcy Court (i) deny the Debtor's request that the Court enter the Proposed Retention Order, (ii) enter an order substantially in the form attached hereto as <u>Exhibit A</u>, and (iii) grant any other relief that is just and proper.

Dated: December 20, 2010
      New York, New York

                      Respectfully submitted,

                      /s/ Anthony Princi
                      Anthony Princi
                      Gary S. Lee
                      MORRISON & FOERSTER LLP
                      1290 Avenue of the Americas
                      New York, New York 10104
                      Telephone: (212) 468-8000
                      Facsimile: (212) 468-7900

                      *Proposed Attorneys for the Official Committee of Unsecured Creditors*

# Exhibit A

**Committee's Proposed Togut Retention Order (Clean and Blackline)**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) ) ) | Chapter 11 |
| AMBAC FINANCIAL GROUP, INC., | ) ) ) ) ) ) | Case No. 10-15973 (SCC) |
| Debtor. | ) ) | |

**ORDER AUTHORIZING THE RETENTION OF
TOGUT, SEGAL & SEGAL LLP AS CONFLICTS
<u>COUNSEL TO DEBTOR AND DEBTOR IN POSSESSION</u>**

Upon the application (the "Application")[2] of the above-captioned debtor and debtor in possession (the "Debtor") in the above-referenced chapter 11 case for an order authorizing the Debtor to employ and retain Togut, Segal & Segal LLP (the "Togut Firm") as counsel for the Debtor effective as of November 10, 2010, all as more fully set forth in the Application; and the Court having subject matter jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and no other or further notice need be provided; and the relief requested in the Application being in the best interests of the Debtor and its estate and creditors; and the Court having reviewed the Application, the Togut Declaration, and having heard the statements in

---

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application

support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and the Togut Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and the Court being satisfied based on the representations made in the Application and the Togut Declaration that the Togut Firm is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and after due deliberation and sufficient cause appearing therefore,

**IT IS HERBY ORDERED THAT:**

1. To the extent set forth in this Order, the Application is hereby granted.

2. The Debtor is authorized pursuant to section 327(a) of the Bankruptcy Code to employ and retain the Togut Firm as its conflicts counsel on the matters for which Dewey & LeBoeuf LLP ("D&L") or the Debtor's other counsel (together with D&L, "Counsel") cannot handle because such matters involve their respective client[s] (the "Counsel's Client") and present a conflict of interest.

3. As soon as any matter in this case creates a conflict of interest for Counsel with respect to any Counsel's Client, Counsel, in addition to any duty it has under applicable statute or rule concerning conflict matters, shall have the duty to notify in writing (with email constituting an acceptable mode of writing) the Official Committee of Unsecured Creditors (the "OCC") and the Togut Firm of that fact so that the Togut Firm may promptly advise the Debtor as it involves such Counsel's Client. The Togut Firm shall not act on the Debtor's behalf on any such matter unless and until such notice has been received by the OCC.

4. If the Debtor is adverse to any Counsel's Client, the Togut Firm, and not Counsel, shall represent the Debtor in such matter.

5. The Togut Firm will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court.

6. The Togut Firm shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, guidelines promulgated by the Office of the United States Trustee, and further orders of this Court.

7. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6604(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

DATED: New York, New York
December __, 2010

_____
HONORABLE SHELLY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

**Blackline of Proposed Retention Order to Committee's Proposed Retention Order**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) ) ) | Chapter 11 |
| AMBAC FINANCIAL GROUP, INC., | ) ) ) ) ) | Case No. 10-15973 (SCC) |
| Debtor. | ) ) | |

**ORDER AUTHORIZING THE RETENTION OF
TOGUT, SEGAL & SEGAL LLP AS CONFLICTS
<u>COUNSEL TO DEBTOR AND DEBTOR IN POSSESSION</u>**

Upon the application (the "Application")[1] of the above-captioned debtor and debtor in possession (the "Debtor") in the above-referenced chapter 11 case for an order authorizing the Debtor to employ and retain Togut, Segal & Segal LLP (the "Togut Firm") as counsel for the Debtor effective as of November 10, 2010, all as more fully set forth in the Application; and the Court having subject matter jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and no other or further notice need be provided; and the relief requested in the Application being in the best interests of the Debtor and its estate and creditors; and the Court having reviewed the Application, the Togut Declaration, and having heard the statements in

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application

ny-954789

support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and the Togut Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and the Court being satisfied based on the representations made in the Application and the Togut Declaration that the Togut Firm is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and after due deliberation and sufficient cause appearing therefore,

  **IT IS HERBY ORDERED THAT:**

  1. ~~The~~<ins>To the extent set forth in this Order, the</ins> Application is hereby granted ~~*nunc pro tunc* to November 10, 2010 as set forth herein~~.

  2. The Debtor is authorized pursuant to section 327(a) of the Bankruptcy Code to employ and retain the Togut Firm as its conflicts counsel ~~in accordance with the terms and conditions set forth in the Application~~ on the matters for which Dewey & LeBoeuf LLP ("D&L") or the Debtor's other counsel (together with D&L, "Counsel") cannot handle because such matters involve their respective client[s] (the "Counsel's Client") and ~~could~~ present a conflict of interest~~, and such other discrete duties as generally described in the Application and the Togut Declaration~~.

  3. As soon as ~~a bankruptcy-related matter concerning~~<ins>any matter in this case creates a conflict of interest for Counsel with respect to</ins> any Counsel's Client ~~is identified in the Debtor's case~~, Counsel, in addition to any duty it has under applicable statute or rule concerning conflict matters, shall have the duty to notify <ins>in writing (with email constituting an acceptable mode of writing) the Official Committee of Unsecured Creditors (the "OCC") and</ins> the Togut Firm of that

fact so that the Togut Firm may promptly advise the Debtor as it involves such Counsel's Client. The Togut Firm shall not act on the Debtor's behalf on any such matter unless and until such notice has been received by the OCC.

4. If the Debtor is adverse to any Counsel's Client, the Togut Firm, and not Counsel, shall represent the Debtor in such matter.

5. The Togut Firm will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court.

6. The Togut Firm shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, guidelines promulgated by the Office of the United States Trustee, and further orders of this Court.

7. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6604(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

DATED: New York, New York
December __, 2010

_____
HONORABLE SHELLY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE
