Peter A. Ivanick
Allison H. Weiss
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

    - and -

Todd L. Padnos (admitted *pro hac vice*)
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303
Tel: (650) 845-7000
Fax: (650) 845-7333

*Proposed Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                      :

*In re*                                          :

                                                 :    **Chapter 11**

**AMBAC FINANCIAL GROUP, INC.,**    :

                                                 :    **Case No. 10-15973 (SCC)**

        Debtor.                         :

                                               :
---------------------------------------------------------------x

**DEBTOR'S REPLY TO THE LIMITED OBJECTION
OF THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE
SOUTHERN DISTRICT OF NEW YORK TO DEBTOR'S REQUEST FOR
A WAIVER OF THE DEPOSIT AND INVESTMENT REQUIREMENTS
<u>OF SECTION 345(b) OF THE BANKRUPTCY CODE</u>**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

       Ambac Financial Group, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "<u>Debtor</u>"), by and through its undersigned proposed counsel, hereby submits this reply and respectfully represents:

**Relevant Background**

1. On November 8, 2010 (the "Commencement Date"), the Debtor commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On the Commencement Date, the Debtor filed a motion seeking entry of interim and final orders authorizing it to, among other things, continue using its existing cash management system and extending the Debtor's time to comply with section 345(b) of the Bankruptcy Code [Docket No. 4] (the "Cash Management Motion").

3. Upon request of the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), prior to filing the Cash Management Motion, the Debtor modified its request for a waiver of the deposit and investment requirements of section 345 of the Bankruptcy Code (the "345(b) Requirements") to a request for an extension of time to comply with the 345(b) Requirements. The Debtor represented to the U.S. Trustee that it would seek such a waiver at the final hearing in respect of the Cash Management Motion. On November 12, 2010, the Court entered an interim order granting the relief sought in the Cash Management Motion [Docket No. 20] (the "Interim Order").

4. On November 17, 2010, the U.S. Trustee appointed a statutory committee of unsecured creditors [Docket No. 27] (the "Committee").

5. Since the Interim Order was entered, the Debtor has been in discussions with the U.S. Trustee and the Committee regarding obtaining a waiver from the 345(b) Requirements.

6. On December 17, 2010, the U.S. Trustee filed a limited objection to any request by the Debtor for entry of an order authorizing it to maintain its existing investment practices [Docket No. 67] (the "Objection").

**The Debtor's Investment Accounts**

7. As described in the Cash Management Motion, the Debtor's excess funds are invested in an account at The Bank of New York Mellon (the "Long Term Assets Account"), in accordance with the Debtor's investment policy, which is attached to the Cash Management Motion as Exhibit B (the "Investment Policy"). Specifically, funds are invested in (i) an account at BNYM (the "Long Term Assets Money Market Account") through which the Debtor invests in several money market funds (together, the "Money Market Funds"), and (ii) certain general obligations bonds issued by the City of Baltimore, Maryland (the "Municipal Bonds").

8. The following table describes the Money Market Funds in which the Debtor has invested through its Long Term Assets Money Market Account:

| Name | Fund Investments | S&P and Moody's Rating[1] | Amount Invested |
|---|---|---|---|
| Dreyfus Government Cash Management Fund | Securities issued or guaranteed by the U.S. government, its agencies, or instrumentalities; repurchase agreements secured by the foregoing. | AAAm and Aaa | $1,182,229.05 |
| Goldman Sachs Financial Square Prime Obligations Fund | Securities issued or guaranteed by the U.S. government, its agencies, or instrumentalities; certificates of deposit and bankers' acceptances issued or guaranteed by U.S. banks with total assets exceeding $1 billion; high-quality commercial paper and other short-term obligations of U.S. companies; repurchase agreements secured by the foregoing. | AAAm and Aaa | $10,010,583.85 |
| Goldman Sachs Financial Square Government Fund | Securities issued or guaranteed by the U.S. government, its agencies, or instrumentalities; repurchase agreements secured by the foregoing. | AAAm and Aaa | $1,496,729.95 |
| JPMorgan U.S. Government Money Market Fund | Short-term securities issued or guaranteed by the U.S. government, its agencies, or instrumentalities; repurchase agreements secured by the foregoing. | AAAm and Aaa | $27,182,876.09 |

---

[1] AAAm and Aaa represent the highest rating assigned to money market funds by S&P and Moody's, respectively.

| Name | Fund Investments | S&P and Moody's Rating[1] | Amount Invested |
|---|---|---|---|
| JPMorgan Institutional Prime Money Market Fund | Corporate notes, commercial paper, funding agreements, certificates of deposit, and bank obligations. | AAAm and Aaa | $694,129.81 |

9. In addition, the Debtor owns $22,500,000.00 in aggregate principal amount of Municipal Bonds. The bonds are insured by Assured Guaranty Municipal Corp. (formerly known as Financial Security Assurance Inc.), which is rated AA+ and Aa3 by S&P and Moody's, respectively. The following table lists the Municipal Bonds in which the Debtor has invested through its Long Term Assets Account:

| Name | S&P and Moody's Rating[2] | Amount Invested |
|---|---|---|
| Consolidated Public Improvement Refunding Bonds (Auction Rate / Tax-Exempt) due October 15, 2020 | AA+ and Aa2 | $11,095,000.00 |
| Consolidated Public Improvement Bonds Series 2003D (Variable Rate Demand / Taxable) due October 15, 2022 | AA+ and Aa2 | $11,405,000.00 |

**Cause Exists to Waive the Deposit
and Investment Requirements of Section
345(b) of the Bankruptcy Code**

10. Section 345 of the Bankruptcy Code governs a debtor's deposit and investment of cash during a chapter 11 case and authorizes deposits or investments of money "as will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a). For deposits or investments that are not "insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States," section 345(b) of the

---

[2] AA+ and Aa2 represent the second and third-highest rating assigned by S&P and Moody's, respectively.

Bankruptcy Code requires the estate to obtain from the entity with which the money is deposited or invested a bond in favor of the United States that is secured by the undertaking of an adequate corporate surety, unless the Court for cause orders otherwise. *Id.* § 345(b).[3]

11. The Court's ability to excuse strict performance of the 345(b) Requirements arises from the 1994 amendments to the Bankruptcy Code, the legislative history of which provides as follows:

> Section 345 of the Code governs investments of funds of bankruptcy estates. The purpose … is to make sure that funds of a bankrupt that are obliged to creditors are invested prudently and safely … Under current law, all investments are required to be FDIC insured, collateralized or bonded. While this requirement is wise in the case of smaller debtors with limited funds that cannot afford a risky investment to be lost, *it can work to needlessly handcuff larger, more sophisticated debtors*. This section would amend the Bankruptcy Code to allow the courts to approve investments other than those permitted by section 345(b) for just cause.

*In re Serv. Merch. Co., Inc.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999) (quoting H.R. Rep. 103-834, 103rd Cong., 2d Sess. 224 (Oct. 4, 1994); 140 Cong. Rec. H10767 (Oct. 4, 1994)) (emphasis in original). In determining if cause exists to waive the 345(b) Requirements, courts consider the "totality of the circumstances," focusing on the following factors:

(i) the sophistication of the debtor's business;

(ii) the size of the debtor's business operations;

(iii) the amount of the investments involved;

(iv) the ratings (S&P and Moody's) of the financial institutions where the debtor's funds are held;

(v) the complexity of the case;

---

[3] Alternatively, the estate may require the entity with which money is deposited or invested to deposit governmental securities pursuant to 31 U.S.C. § 9303, which provides that when a person is required by law to give a surety bond, that person, in lieu of a surety bond, may provide a governmental obligation. 31 U.S.C. § 9303.

5

(vi) the safeguards in place within the debtor's own business of insuring the safety of the funds;

(vii) the debtor's ability to reorganize in the face of a failure of one or more of the financial institutions;

(viii) the benefit to the debtor;

(ix) the harm, if any, to the estate;

(x) the reasonableness of the debtor's request for relief from the section 345(b) requirements in light of the overall circumstances of the debtor's case.

*Id.*

12. The Debtor submits that cause exists for the Court to waive the 345(b) Requirements and to permit the Debtor to maintain its investments in the Money Market Funds and the Municipal Bonds and make additional investments consistent with its Investment Policy. First, the Money Market Funds and the Municipal Bonds are rated very highly by S&P and Moody's and are not sufficiently at risk to necessitate strict adherence to the 345(b) Requirements. Second, if granted a waiver, the Debtor will not be required to incur the administrative difficulties and expenses relating to transferring its investments in order to ensure that all of its funds are fully insured or invested strictly in accordance with the 345(b) Requirements. Third, a bond secured by the undertaking of a corporate surety would likely be unduly expensive, assuming such a bond were available, and would likely offset much of the financial gain derived from investing in the Money Market Funds and the Municipal Bonds. Lastly, the party most effected by this relief, the Committee, has reviewed the relevant prospectuses and supports a waiver of the 345(b) Requirements.

13. Courts in this district have regularly waived the 345(b) Requirements for cause in other large and complex chapter 11 cases. *In re Boston Generating, LLC*, Case No. 10-14419 (SCC) (Bankr. S.D.N.Y. Sept. 20, 2010) [Docket No. 152]; *In re Saint Vincents Catholic Med.*

*Ctrs. of New York*, Case No. 10-11963 (CGM) (Bankr. S.D.N.Y. May 7, 2010) [Docket No. 222]; *In re FairPoint Commc'ns, Inc.*, Case No. 09-16335 (Bankr. S.D.N.Y. Nov. 18, 2009) [Docket No. 163]; *In re Metaldyne Corp.*, Case No. 09-13412 (MG) (Bankr. S.D.N.Y. June 22, 2009) [Docket No. 279]; *In re The Reader's Digest Assoc., Inc.*, Case No. 09-23529 (RDD) (Bankr. S.D.N.Y. Nov. 20, 2009) [Docket No. 306]; *In re Lear Corp.*, Case No. 09-14326 (ALG) (Bankr. S.D.N.Y. July 31, 2009) [Docket No. 255]; *In re Star Tribune Holdings Corp.*, Case No. 09-10244 (RDD) (Bankr. S.D.N.Y. Feb. 6, 2009) [Docket No. 69]; *In re Lenox Sales, Inc.*, Case No. 08-14679 (ALG) (Bankr. S.D.N.Y. Dec. 16, 2008) [Docket No. 116]; *In re Wellman, Inc.*, Case No. 08-10595 (SMB) (Bankr. S.D.N.Y. Apr. 21, 2008) [Docket No. 218]; and *In re PRC, LLC*, Case No. 08-10239 (MG) (Bankr. S.D.N.Y. Jan. 25, 2008) [Docket No. 36].

## Conclusion

14. For the reasons set forth herein and in the Cash Management Motion, the Objection should be overruled on the merits, to the extent not consensually resolved, and the Debtor should be granted a waiver from the 345(b) Requirements.

Dated: December 21, 2010  
      New York, New York

Respectfully Submitted,

/s/ Allison H. Weiss  
Peter A. Ivanick  
Allison H. Weiss  
DEWEY & LEBOEUF LLP  
1301 Avenue of the Americas  
New York, New York 10019  
Tel: (212) 259-8000  
Fax: (212) 259-6333

- and -

Todd L. Padnos (admitted *pro hac vice*)  
DEWEY & LEBOEUF LLP  
1950 University Avenue, Suite 500  
East Palo Alto, California 94303  
Tel: (650) 845-7000  
Fax: (650) 845-7333

*Proposed Attorneys for the Debtor and Debtor in Possession*

NYA 637622.5