Stephen J. Fearon, Jr.
Caitlin Duffy
Garry T. Stevens, Jr.
SQUITIERI & FEARON, LLP
32 E 57th St., 12th Floor
New York, New York 10022
Tel:    (212) 421-6492
Fax:    (212) 421-6553

*Attorneys for Karthikeyan V. Veera*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re*<br><br>AMBAC FINANCIAL GROUP, INC.,<br><br>    Debtor. | Chapter 11<br><br>Case No.: 10-15973 (SCC) |
| KARTHIKEYAN V. VEERA,<br><br>    Plaintiff,<br> v.<br><br>AMBAC PLAN ADMINISTRATIVE COMMITTEE, *et al.*,<br><br>    Defendants. | District Court Case No.:<br>1:10-CV-4191 (HB)(S.D.N.Y.) |

**OPENING BRIEF IN SUPPORT OF KARTHIKEYAN V. VEERA'S MOTION
SEEKING A DECLARATION THAT THE AUTOMATIC STAY DOES NOT APPLY
TO VEERA'S SUBPOENA TO AMBAC OR, IN THE ALTERNATIVE,
<u>AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY</u>**

# TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................................... ii

TABLE OF AUTHORITIES ................................................................................................ iii

I. INTRODUCTION ..................................................................................................... 1

II. JURISDICTION AND VENUE ................................................................................ 2

III. RELIEF REQUESTED .............................................................................................. 2

IV. BASIS FOR RELIEF REQUESTED ........................................................................ 2

A. THE AUTOMATIC STAY SHOULD NOT APPLY TO VEERA'S EFFORTS TO SECURE DISCOVERY FROM THE DEBTOR ............................................................. 2

B. TO THE EXTENT THAT THE STAY APPLIES, CAUSE EXISTS TO LIFT THE STAY TO ALLOW VEERA TO SEEK DISCOVERY FROM THE DEBTOR ............... 4

V. CONCLUSION .......................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*In re Berry Estates, Inc.*, 814 F.2d 67 (2nd Cir. 1987) ................................................................. 3

*In re Hillsborough Holdings Corp.*, 130 B.R. 603 (Bankr. M.D.Fla.1991) ................................. 3

*In re Johns-Manville Corp.*, 41 B.R. 926 (S.D.N.Y. 1984) ........................................................ 3, 6

*In re Keene Corp.,* 171 B.R. 180 (S.D.N.Y. 1994) ........................................................................ 5

*In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 140 B.R. 969 (N.D.Ill.1992) ............................................................................................................................. 3

*In re Mazzeo,* 167 F.3d 139 (2nd Cir. 1999) .................................................................................. 5

*In re Miller* 262 B.R. 499 (9th Cir. BAP 2001) ............................................................................. 3

*Sonnax Indus. Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280 (2d Cir.1990) ................................................................................................................................ 4

**Statutes**

11 U.S.C. § 362 ............................................................................................................................ 2, 4

28 U.S.C. § 1334 ............................................................................................................................. 2

28 U.S.C. § 1408 ............................................................................................................................. 2

28 U.S.C. § 1409 ............................................................................................................................. 2

28 U.S.C. § 157 ............................................................................................................................... 2

# I. INTRODUCTION

1. This motion concerns the class action *Veera v. Ambac Plan Administrative Committee, et al.*, No. 10-cv-4191(HB) currently pending before the Honorable Judge Harold Baer in the United States District Court for the Southern District of New York ("Class Action"). Karthikeyan V. Veera ("Veera") filed the Class Action on March 24, 2010 on behalf of himself and all other participants in the Ambac Financial Group, Inc. Savings Incentive Plan (the "Plan") who have lost their retirement assets by investing in Ambac common stock through the Plan. Mr. Veera has brought the claims against the fiduciaries of the Plan for violating their duties under the Employee Retirement Income Security Act of 1974 ("ERISA"). The primary claim is that the fiduciaries of the Plan breached their duties by offering Ambac stock as a retirement investment when it was imprudent to do so. He has not named Ambac Financial Group, Inc. ("Ambac" or "Debtor") as a defendant and has only named non-debtors as defendants (collectively, "Non-debtor Defendants").

2. On June 30, 2010, Judge Baer established a pretrial schedule requiring the parties to complete all fact discovery by June 30, 2011.[1] Discovery is now proceeding in the Class Action and depositions are supposed to begin in this month (January 2011) although Defendants' counsel has represented that Ambac controls the "vast majority" of the documents that Plaintiff has sought from Defendants and that the automatic stay applies to almost all of the discovery that Plaintiff seeks in the Class Action as well as to the witnesses whom Plaintiff will depose. *See* Fearon Decl. Exhibit C, which is an e-mail from Defendants' counsel dated December 29, 2010. Defendants have argued that Plaintiff must seek leave from this Court for discovery.

3. As a result, Plaintiff files this motion seeking a declaration that the automatic stay

---

[1] A true and correct copy of the Scheduling Order is attached as Exhibit B to the accompanying Declaration Of Stephen J. Fearon, Jr. ("Fearon Decl.") in support of this motion.

does not apply to Plaintiff's discovery of Ambac or, alternatively, Plaintiff seeks an Order granting relief from the automatic stay so that Plaintiff can serve a subpoena on Ambac seeking certain discovery.[2]

## II. JURISDICTION AND VENUE

4. The Bankruptcy Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. RELIEF REQUESTED

5. By the Motion, Veera seeks (1) a declaration by this Court that the automatic stay need not be lifted to allow Veera to seek discovery fomr the Debtor, including serving the proposed subpoena on the Debtor, or alternatively (2) entry of an order lifting the automatic stay, to the extent that it is deemed to apply and may be required, so that Veera may issue a subpoena to the Debtor and take all other actions necessary in order to obtain documents and testimony from the Debtor in support of his claims against the non-debtor defendants in the Class Action.

## IV. BASIS FOR RELIEF REQUESTED

**A. THE AUTOMATIC STAY SHOULD NOT APPLY TO VEERA'S EFFORTS TO SECURE DISCOVERY FROM THE DEBTOR**

6. Section 362(a) of the Bankruptcy Code stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the

---

[2] The subpoena Veera intends to serve on Ambac will be substantially similar to the subpoena attached as Exhibit D to the Fearon Decl.. Veera has not yet served the subpoena on Ambac. Mr. Veera is primarily interested in obtaining documents from Ambac at this point, although he may seek to depose the Debtor or certain of its representatives prior to the June 30, 2011 deadline for fact discovery in the Class Action.

commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under [Title 11]."

7. The stay does not apply to issuing a subpoenas to the debtor "where those subpoenas [are] part of [] discovery regarding claims that were not stayed." *In re Miller* 262 B.R. 499, 507 (9th Cir. BAP 2001) (holding that a post-petition non-party subpoena to a debtor and the seeking of a sanction against that debtor for failure to comply with the subpoenas did not offend the automatic stay ) (relying in part on *In re Johns-Manville Corp.*, 41 B.R. 926, 927 (S.D.N.Y. 1984) (where Southern District reversed the Bankruptcy Judge's "sweeping bar of discovery" noting that "there must be some loosening of the bonds which prevent such litigants from obtaining discovery from [the Debtor]")); *see also*, *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 140 B.R. 969, 976-77 (N.D.Ill.1992) (holding that after a defendant filed for bankruptcy, the automatic stay did not bar discovery of its employees and former employees relating to claims against the other defendants); *In re Hillsborough Holdings Corp.*, 130 B.R. 603, 605 (Bankr. M.D.Fla.1991) (holding that the automatic stay did not prevent discovery aimed at debtor as long as the discovery pertained to claims and defenses of a non-debtor party).

8. By seeking document production and testimony from Ambac, Plaintiff Veera does not seek to commence an action against the Debtor. *See In re Berry Estates, Inc.*, 814 F.2d 67, 71 (2nd Cir. 1987) ("whether an action is by or against a debtor is determined by the debtor's status at the time the action was begun, not by who was ahead when the bankruptcy petition was filed"); *Matter of Mahrukar Double Luman Hemodialysis Catheter Patent Litig.*, 140 B.R. at 975-76 (citing *In re Berry Estates*). When Ambac filed for bankruptcy protection, it was not (and still is not) a defendant in Mr. Veera's lawsuit.

9. The relief sought by Veera has no bearing on the assets of the bankruptcy estate.

**B. TO THE EXTENT THAT THE STAY APPLIES, CAUSE EXISTS TO LIFT THE STAY TO ALLOW VEERA TO SEEK DISCOVERY FROM THE DEBTOR**

10. Should this Court determine that the automatic stay applies to Veera's attempts to seek discovery from the Debtor, Plaintiff Veera requests that the Court lift the stay to allow him to seek discovery from the Debtor.

11. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that:

> The court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1). Veera bears the burden of showing that such cause exists. *See* 11 U.S.C. § 362(g).

12. While the Bankruptcy Code does not define "cause," the courts are guided by the following factors enunciated by the Second Circuit in *Sonnax Indus. Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280 (2d Cir.1990):

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*Id.* at 1286. Not all of the factors are relevant in every case, *In re Mazzeo,* 167 F.3d 139, 143

(2nd Cir. 1999), and the Court need not assign equal weight to each factor. *In re Keene Corp.*, 171 B.R. 180, 183 (S.D.N.Y. 1994).

13. These factors weigh in favor of lifting the stay to allow Plaintiff Veera to proceed with his proposed discovery of Ambac. Taking the last factor first, , a stay harms Mr. Veera and the class he seeks to represent because a stay would deprive him and the class of the evidence they need to properly pursue their claims. Indeed Defendants' counsel has informed Mr. Veera's counsel that the "vast majority" of the evidence sought by Mr. Veera is in Ambac's possession. *See* Fearon Decl. Exhibit C. The documents and testimony that Mr. Veera seeks are crucial to his ability to prove his claims against the fiduciaries of the Plan. Without relief from the automatic stay, Veera will be unable to obtain the necessary information before Judge Baer's June 30, 2011 deadline. Barring Veera from obtaining documents and testimony from the Debtor will cripple his prosecution against the Non-debtor Defendants in the Class Action.

14. However, lifting the stay will not harm Ambac, the estate or the creditors. Ambac's estate will not be prejudiced by lifting the automatic stay. The records sought are primarily electronic in nature and could easily be produced with minimal cost and effort on the part of the Debtor. Similarly, the testimony that Veera will seek will not disrupt the debtor or its reorganization efforts, particularly because many of the witnesses are no longer employed by Ambac. To the extent that Mr. Veera seeks to depose any witnesses who are still employed by Ambac, his counsel will work with opposing counsel to minimize any disruption to the Debtor .

15. Many of the remaining factors also support lifting the stay because:

   a. permitting Veera to seek production and testimony from Ambac will not interfere with the bankruptcy proceedings in any way. (Factor (2));

   b. the Class Action involves only third parties (Factors (3) and (6)); and

   c. granting Veera relief from the automatic stay will allow the parties in the Class Action to abide by Judge Baer's Order establishing a discovery

deadline of June 30, 2011 and will allow the parties to move forward expeditiously (Factor (10)).

16. In addition, case law holds that a plaintiff is entitled to relief from stay in order to seek pretrial discovery of a debtor to aid its case involving third-parties. *See In re Johns-Manville Corp.*, 41 B.R. at 933 (reversing bankruptcy court's denial of relief from automatic stay).

## V. CONCLUSION

17. The automatic stay should not impede Mr. Veera's efforts to obtain discovery from Ambac in connection with Mr. Veera's claims in the Class Action (in which Ambac is not a party). To the extent that the stay applies, cause exists to lift the stay in order to allow Mr. Veera to seek limited discovery from Ambac in connection with that action. According, Mr. Veera respectfully requests that the Court grant the motion together with any other relief that may be just and proper.

Dated: January 5, 2011
      New York, New York

Respectfully Submitted,

SQUITIERI & FEARON, LLP

/s/ Stephen J. Fearon, Jr.
Stephen J. Fearon, Jr.
Caitlin Duffy
Garry T. Stevens, Jr.
32 E. 57th St., 12th Floor
New York, New York
Tel: (212) 421-6492
Fax: (212) 421-6553
stephen@sfclasslaw.com
caitlin@sfclasslaw.com
garry@sfclasslaw.com

*Attorneys for Karthikeyan V. Veera*

# CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on January 5, 2011, I caused copies of the foregoing Opening Brief In Support Of Karthikeyan V. Veera's Motion Seeking A Declaration That The Automatic Stay Does Not Apply To Veera's Subpoena To Ambac Or, In The Alternative, An Order Granting Relief From The Automatic Stay to be served via the Court's Electronic Filing System and also via first class mail, postage prepaid, upon the parties listed on the attached matrix.


Dated: January 5, 2011          /s/ Stephen J. Fearon, Jr.
   New York, New York        Stephen J. Fearon, Jr.

# SERVICE LIST

**DEWEY & LEBOEUF LLP**
PETER A. IVANICK, MARTIN
BIENENSTOCK, ALLISON H. WEISS &
TODD L. PADNOS
1301 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6092

**KURTZMAN CARSON
CONSULTANTS**
TRAVIS VANDELL
2335 ALASKA AVE
EL SEGUNDO, CA 90245

**ALGORITHMICS US INC**
ATTN MARK WEINSTOCK
ONE STATE ST PLZ
NEW YORK, NY 10004

**ASSISTANT UNITED STATES
ATTORNEY SOUTHERN DISTRICT
OF NEW YORK**
DANIEL FILOR
86 CHAMBERS ST 3RD FL
NEW YORK, NY 10007

**ASSISTANT UNITED STATES
ATTORNEY SOUTHERN DISTRICT
OF NEW YORK**
ELLEN LONDON
86 CHAMBERS ST 3RD FL
NEW YORK, NY 10007

**BANK OF NEW YORK MELLON**
EILEEN MURPHY MANAGING
DIRECTOR
ONE WALL STREET
NEW YORK, NY 10286

**BANK OF NEW YORK MELLON**
GEOFFREY BROOKS
ONE WALL STREET
NEW YORK, NY 10286

**BANK OF NEW YORK MELLON**
ATTN MARTIN FEIG VP
ONE WALL ST 8W
NEW YORK, NY 10286

**BLOOMBERG LP**
ATTN CUSTOMER SUPPORT
PO Box 30244
HARTFORD, CT 06150-0244

**BNY MELLON**
ATTN NATALIE CRISPIN
ONE WALL ST
NEW YORK, NY 10004

**BUSINESS WIRE**
ATTN ACCOUNTS RECEIVABLE
DEPARTMENT
DEPARTMENT 34182
PO Box 39000
SAN FRANCISCO, CA 94139

**CITIBANK NA**
ROBERT ATTRIDE
388 GREENWICH ST 24TH FL
NEW YORK, NY 10013

**DAVID B NEMSCHOFF**
59 LEHIGH CT
ROCKVILLE CENTRE, NY 11570

**DEPARTMENT OF JUSTICE - US
ATTORNEY GENERAL**
COMMERCIAL LITIGATION BRANCH
MICHAEL B MUKASEY
950 PENNSYLVANIA AVE NW
WASHINGTON, DC 20530-0001

**DUFF & PHELPS, LLC**
12595 COLLECTION CTR DR
CHICAGO, IL 60693

**DUFF & PHELPS, LLC**
ATTN JEFF SCHIEDEMEYER
311 SOUTH WACKER DR
CHICAGO, IL 60606

**FINANCIAL SERVICES INDUSTRY**
**AREA 1 COUNSEL**
ROLAND BARRAL
33 MAIDEN LN 12TH FL
NEW YORK, NY 10038

**FOLEY & LARDNER LLP**
FRANK W DICASTRI
777 W WISCONSIN AVE
MILWAUKEE, WI 53202

**GRM INFORMATION MGT**
**SERVICES**
ACCOUNTS RECEIVABLE DEPT
NEWARK POST OFFICE
PO BOX 35539
NEWARK, NJ 07193-5539

**HALCYON MASTER FUND LP**
ATTN JOHN W GREENE JR MANAGING
PRINCIPAL
477 MADISON AVE 8TH FL
NEW YORK, NY 10022

**INTERNAL REVENUE SERVICE**
CENTRALIZED INSOLVENCY SECTION
11601 ROOSEVELT BLVD
MAIL DROP N781
PHILADELPHIA, PA 19255

**INTERNAL REVENUE SERVICE**
CENTRALIZED INSOLVENCY SECTION
PO BOX 21126
PHILADELPHIA, PA 19114-0326

**INTEX SOLUTIONS, INC**
ATTN ACCOUNTING DEPT
110 A ST
NEEDHAM, MA 02494-2807

**INTRALINKS, INC**
ATTN BILLING
PO Box 10259
NEW YORK, NY 10259-0259

**JAMES C. LANNING**
1901 BUTTERFIELD RD STE 310
DOWNERS GROVE, IL 60515

**LAW DEBENTURE TRUST COMPANY**
**OF NEW YORK**
ATTN ANTHONY A BOCCHINO
MANAGING DIRECTOR
400 MADISON AVENUE 4TH FL
NEW YORK, NY 10017

**MORRISON & FOERSTER LLP**
ATTN ANTHONY PRINCI
1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104

**MORRISON & FOERSTER LLP**
ATTN ANTHONY PRINCI, GARY S. LEE
& BRETT H. MILLER
1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104

**NEW YORK CITY**
DEPARTMENT OF FINANCE
ATTN J YANQUI ZAZA
345 ADAMS ST
BROOKLYN, NY 11201

**NEWMARK KNIGHT FRANK**
ATTN NIKKI VAN
125 PARK AVE
NEW YORK, NY 10017

**OFFICE OF THE NY STATE**
**ATTORNEY GENERAL**
ANDREW CUOMO
THE CAPITOL
ALBANY, NY 12224-0341

**OFFICE OF THE US ATTORNEY FOR THE SOUTHERN DISTRICT OF NY**
ONE ST ANDREW'S PLZ
NEW YORK, NY 10007

**ONE STATE STREET LLC**
ATT ELI LEVITIN MANAGING DIRECTOR
ONE STATE STREET PLZ 29TH FL
NEW YORK, NY 10004

**ONE STATE STREET PLAZA, LLC**
ATTN GOLDIE ZLOTNICK
ONE STATE ST PLZ
NEW YORK, NY 10004

**RR DONNELLEY RECEIVABLES**
ATTN PETER GOGOLAK
PO Box 13654
NEWARK, NJ 07188-0001

**SECURITIES AND EXCHANGE COMMISION**
CHRISTOPHER COX
100 F ST NE
WASHINGTON, DC 20549

**SECURITIES AND EXCHANGE COMMISION**
NEW YORK REGIONAL OFFICE
MARK SCHONFELD
3 WORLD FINANCIAL CTR STE 400
NEW YORK, NY 10281

**THE MCMILLAN LAW FIRM APC**
SCOTT A MCMILLIAN
4670 NEBO DR STE 200
LA MESA, CA 91941-5230

**THOMSON FINANCIAL**
ATTN CUSTOMER CARE
PO Box 5136
CAROL STREAM, IL 60197-5136

**UNITED STATES BANKRUPTCY COURT SDNY**
THE HONORABLE SHELLEY C. CHAPMAN
ONE BOWLING GREEN
NEW YORK, NY 10004

**US TRUSTEE FOR THE DISTRICT OF SOUTHERN NEW YORK**
BRIAN MASUMOTO
33 WHITEHALL ST 21ST FL
NEW YORK, NY 10004

**VALUE WORKS LLC**
ATT CHARLES LEMONIDES PRINCIPAL
1450 BROADWAY 42ND FL
NEW YORK, NY 10018

**WESTLAW BUSINESS PAYMENT CENTER**
ACCOUNTS RECEIVABLE DEPT
PO BOX 6292
CAROL STREAM, IL 60197-6292