MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Anthony Princi
Gary S. Lee

*Attorneys for the*
*Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) ) | Chapter 11 |
| AMBAC FINANCIAL GROUP, INC., | ) ) ) ) ) ) ) | Case No. 10-15973 (SCC) |
| Debtor. | | |

**JOINDER TO THE DEBTOR'S OBJECTION TO KARTHIKEYAN V. VEERA'S MOTION SEEKING A DECLARATION THAT THE AUTOMATIC STAY DOES NOT APPLY TO VEERA'S SUBPOENA TO AMBAC OR, IN THE ALTERNATIVE, AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

The Official Committee of Unsecured Creditors (the "Committee") of Ambac Financial Group, Inc. ("Ambac" or "the Debtor") by and through its undersigned counsel submits this joinder (the "Joinder") to the objection (the "Objection") of the Debtor to the Motion of Karthikeyan V. Veera (the "ERISA Plaintiff") Seeking a Declaration That the Automatic Stay Does Not Apply to Veera's Subpoena, or in the Alternative, an Order Granting Relief from the Automatic Stay, dated January 5, 2011 (the "Motion") [Docket No. 106], In support of its Joinder to the Objection, the Committee respectfully submits as follows:

ny-957824

## BACKGROUND

1. On November 8, 2010 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above captioned Chapter 11 case. The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On November 17, 2010, the United States Trustee for the Southern District of New York (the "United States Trustee") appointed the five (5) member Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. The Committee is composed of: The Bank of New York Mellon, as Indenture Trustee; Law Debenture Trust Company of New York, as Indenture Trustee; Halcyon Asset Management LLC; ValueWorks LLC; and One State Street Plaza LLC. Also on November 17, 2010, the Committee selected Morrison & Foerster to serve as its counsel. On November 22, 2010, the Committee selected Lazard Freres & Co. LLC ("Lazard") to serve as its financial advisor and investment banker.

3. On January 5, 2011, the ERISA Plaintiff filed the Motion in the Bankruptcy Court seeking an order that the automatic stay does not apply to the certain discovery requests by the ERISA Plaintiff against the Debtor, including the subpoena included as Exhibit D to the Motion (the "Discovery"), or in the alternative, an order allowing the ERISA Plaintiff to lift the automatic stay to proceed with the Discovery.

4. On January 12, 2011, the Debtor filed the Objection to the Motion.

## ARGUMENT

5. By submitting this Joinder, the Committee herby supports and joins in the Debtor's Objection to the Motion. The Discovery sought by the ERISA Plaintiff will cause an undue burden on the Debtor's estate and will distract key Ambac personnel from the chapter 11

reorganization process. Allowing the Discovery to proceed would take away the breathing spell that has been afforded to the Debtor to complete its reorganization.

6. The Committee agrees that the Motion should be denied with prejudice until such time that any adversary proceeding commenced by the Debtor to extend the automatic stay to the Defendants in the ERISA Action is decided.[1]

7. In addition, as set forth in more detail in the Debtor's Objection, the Discovery sought by the ERISA Plaintiff is broad and distracting, and should be prohibited. The Debtor has significantly limited resources that are necessary to this chapter 11 case. Specifically, the Debtor has only four employees, all of whom are senior management and are actively engaged in and responsible for matters relating to the Debtor's chapter 11 reorganization. The attention and focus of these few employees is critical to the success the Debtor's reorganization. Given the limited employee resources in this case, the Discovery sought by the ERISA Plaintiff is especially disruptive.

8. The scope of the Discovery is also problematic. The Discovery that the ERISA Plaintiff is seeking is expansive and burdensome, as the proposed subpoena filed with the Motion includes 62 document requests covering a period of nearly four years. Requiring the Debtor to respond to this extensive Discovery would not only distract the Debtor's management, but would also lead the Debtor to incur potentially significant expenses which will inure to the detriment of its unsecured creditors.

9. Further, the ERISA Plaintiff will not be prejudiced by the denial of the Motion. The delay in the Discovery while the Debtor completes its reorganization and exits chapter 11 is

---

[1] Capitalized Terms used herein and not otherwise defined shall have the meaning ascribed to them in the Debtor's Objection.

anticipated to be short term, and it cannot be seriously argued that such a delay will result in actual prejudice to the ERISA Plaintiff.

10. For the reasons set forth in this Joinder and the Debtor's Objection, the Committee respectfully requests that the Bankruptcy Court deny the Motion and enter an Order providing that the ERISA Plaintiff may not engage in the Discovery as it relates to the Debtor so long as the Debtor's chapter 11 case is pending.

Dated: January 12, 2011
New York, New York

Respectfully submitted,

/s/ Anthony Princi
Anthony Princi
Gary S. Lee
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Attorneys for the Official Committee of Unsecured Creditors*