UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
*In re*                                                          :
                                                                 :   Chapter 11
AMBAC FINANCIAL GROUP, INC.,                                     :
                                                                 :   Case No. 10-15973 (SCC)
           Debtor.                                               :
                                                                 :
-----------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a) AND 501 OF THE
BANKRUTPCY CODE, BANKRUPTCY RULES 2002 AND 3003, AND
LOCAL RULE 3003-1 (I) ESTABLISHING DEADLINES FOR FILING PROOFS
OF CLAIM AND REQUESTS FOR PAYMENT AND (II) APPROVING
THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion")[1] of Ambac Financial Group, Inc. (the "Debtor"), as debtor and debtor in possession in the above-captioned chapter 11 case, for an order (this "Bar Date Order"), pursuant to sections 105(a) and 501 of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003, and Local Rule 3003-1, (i) establishing a Claims Bar Date and Governmental Bar Date and authorizing the establishment of Supplemental and Rejection Bar Dates, (ii) approving procedures for the filing of proofs of claim and requests for payment under section 503(b)(9) of the Bankruptcy Code, and (iii) approving the Bar Date Notice and the Publication Notice and the manner of service and publication thereof, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted in all respects; and it is further

ORDERED that except as otherwise provided herein, all persons and entities (including individuals, partnerships, corporations, joint ventures, and trusts) that assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtor which arose on or prior to the Commencement Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code but excluding the Exempt Parties (as defined below), shall send a written proof of claim so that it is actually received on or before **March 2, 2011 at 5:00 p.m. (prevailing Pacific Time)** (the "Claims Bar Date") by Kurtzman Carson Consultants LLC (the "Notice and Claims Agent") or the Clerk of the United States Bankruptcy Court for the Southern District of New York in accordance with this Bar Date Order; and it is further

ORDERED that notwithstanding any other provision of this Bar Date Order, proofs of claim filed by governmental units (as defined in section 101(27) of the Bankruptcy Code) must be filed so as to actually be received by the Notice and Claims Agent on or before **May 9, 2011 at 5:00 p.m. (prevailing Pacific Time)** (the "Governmental Bar Date") in accordance with this Bar Date Order; and it is further

ORDERED that the following procedures for the filing of proofs of claim shall apply:

(i) Proofs of claim must conform substantially to the proof of claim form attached hereto as <u>Exhibit 1</u>, which is based on Official Bankruptcy Form No. 10.

(ii) Proofs of claim must (a) include an original signature, as copies of proofs of claim or proofs of claim sent by facsimile or e-mail will not be accepted, (b) include supporting documentation (if voluminous, a summary must be attached) or an explanation as to why such documentation is unavailable, (c) be in the English language, and (d) be denominated in United States currency.

(iii) Any request for payment under section 503(b)(9) of the Bankruptcy Code must (a) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Commencement Date, (b) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted, and (c) attach documentation of any reclamation demand made to the Debtor pursuant to section 546(c) of the Bankruptcy Code (if applicable).

(iv) Parties who wish to receive proof of receipt of their proofs of claim from the Notice and Claims Agent must also include with their proof of claim a copy of their proof of claim and a self-addressed and pre-stamped envelope.

(v) Each original proof of claim, including supporting documentation, must be sent by United States Postal Service mail, overnight delivery, or hand delivery, so as to actually be received on or before the applicable bar date in accordance with the Bar Date Order by the Notice and Claims Agent at this address:

> Ambac Claims Processing Center
> c/o Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, California 90245

and it is further

ORDERED that the following persons or entities (collectively, the "<u>Exempt Parties</u>") need not file a proof of claim against the Debtor in this chapter 11 case on or prior to the Claims Bar Date:

(i) any person or entity that has already filed a proof of claim against the Debtor with the Clerk of the United States Bankruptcy Court for the

Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 10;

(ii) any person or entity whose claim is listed on the schedule of assets and liabilities and/or schedule of executory contracts and unexpired leases filed by the Debtor (together, the "<u>Schedules</u>"), provided that (a) the claim is not scheduled as "disputed," "contingent," or "unliquidated," and (b) the claimant does not disagree with the amount, nature, and/or priority of the claim as set forth in the Schedules;

(iii) any holder of a claim that heretofore has been allowed by order of this Court;

(iv) any person or entity whose claim against the Debtor has been paid in full;

(v) any holder of a claim for which specific deadlines have previously been fixed by this Court;

(vi) any affiliates of the Debtor;

(vii) any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate, <u>except</u> any holder of a claim arising under section 503(b)(9) of the Bankruptcy Code, which must be asserted by filing a proof of claim on or prior to the Claims Bar Date;

(viii) any holder of a claim that is limited exclusively to the repayment by the Debtor of principal (and premium, if any), interest, or other applicable fees and expenses owed pursuant to an indenture (each, as supplemented by any supplemental indenture or related documents, an "<u>Indenture</u>"); *provided*, *however*, that (a) this exclusion shall not apply to the trustee under any of the Indentures; and (b) any person or entity that wishes to assert a claim arising out of or relating to an Indenture, other than a claim for the repayment by the Debtor of principal (and premium, if any), interest, or other applicable fees and expenses owed pursuant to the Indenture, will be required to file a proof of claim on or prior to the Claims Bar Date unless another exception identified herein applies;

(ix) any holder of an equity interest in the Debtor with respect to the ownership of such equity interest at this time; *provided*, *however*, that any holder of an equity interest who wishes to assert a claim against the Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date; and

(x) any current officer or director who has a claim for indemnification, contribution, or reimbursement;

and it is further

ORDERED that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Bar Date Order, must file a proof of claim based on such rejection on or before the Claims Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection, and if the order authorizing rejection does not fix such a date, 30 days from the date of entry of such order; and it is further

ORDERED that if the Debtor amends or supplements its Schedules subsequent to the date hereof, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded 30 days from the date of such notice to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline; and it is further

ORDERED that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

ORDERED that pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim against the Debtor that is required, but fails, to timely file a proof of claim in accordance this Bar Date Order shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor, and the Debtor, its estate, and its property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to

vote to accept or reject any plan of reorganization filed in the Debtor's chapter 11 case or participate in any distribution in the Debtor's chapter 11 case on account of such claim; and it is further

ORDERED that a copy of the notice, substantially in the form attached hereto as Exhibit 2 (the "Bar Date Notice"), is approved and shall be deemed adequate and sufficient if served by first-class mail, at least 35 days prior to the Claims Bar Date, upon (i) the Office of the United States Trustee for the Southern District of New York; (ii) counsel to the official committee of unsecured creditors; (iii) counsel to any other official committee appointed in the Debtor's chapter 11 case, if any such committee is appointed; (iv) counsel to the Office of the Commissioner of Insurance of the State of Wisconsin; (v) all persons or entities that have requested notice pursuant to Bankruptcy Rule 2002; (vi) all persons or entities that have filed claims against the Debtor; (vii) all known holders of claims listed on the Schedules at the addresses stated therein; (viii) all parties to executory contracts or unexpired leases of the Debtor listed on the Schedules at the addresses stated therein; (ix) all parties to litigation with the Debtor, through their counsel of record (as of the Commencement Date); (x) all of the Debtor's insurance providers, (xi) the Internal Revenue Service; (xii) the Securities and Exchange Commission; and (xiii) all current employees of the Debtor and all former employees who have worked for the Debtor since January 1, 2010; and it is further

ORDERED that pursuant to Bankruptcy Rule 2002(f), the Debtor shall publish notice of the Claims Bar Date, substantially in the form attached hereto as Exhibit 3 (the "Publication Notice"), once in the Wall Street Journal (national edition) at least 28 days prior to the Claims Bar Date, which publication is hereby approved and shall be deemed good, adequate, and sufficient publication notice of the Claims Bar Date; and it is further

ORDERED that any person or entity who desires to rely on the Debtor's Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

ORDERED that the Debtor and its Notice and Claims Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order; and it is further

ORDERED that entry of this Bar Date Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the bar dates established herein must file such proofs of claim or interest or be barred from doing so; and it is further

ORDERED that the terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters related to the interpretation or implementation of this Order.

Date: January 19, 2011
    New York, New York

/s/Shelley C. Chapman  
THE HONORABLE SHELLEY C. CHAPMAN  
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**(Proof of Claim Form)**

B 10 (Custom Form 10) (12/10)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Ambac Financial Group, Inc. | Case Number: 10-15973 (SCC) | |
| NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.* | | |

| Name of Creditor (the person or other entity to whom the debtor owes money or property): | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent: | **Court Claim Number:**_____ (*if known*) Filed on:_____ |
| Telephone Number: E-mail: | |
| Name and address where payment should be sent (if different from above): | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Telephone Number: E-mail: | ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed**: $_____ <br> If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. <br> If all or part of your claim is entitled to priority, complete item 5. <br> ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or charges | **5. Amount of claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.** <br> Specify the priority of the claim. <br> ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:** _____ <br> (See instruction #2 on reverse side) | ☐ Wages, salaries, or commission (up to $11,725) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, which ever is earlier – 11 U.S.C. § 507(a)(4). |
| **3. Last four digits of any number by which creditor identifies debtor:** _____ <br>    **3a. Debtor may have scheduled account as:** _____ <br>    (See instruction #3a on reverse side) | |
| **4. Secured Claim** (See instruction #4 on reverse side) <br> Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. <br> **Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other <br> **Describe:** <br> **Value of Property:** $_____ **Annual Interest Rate:** _____% <br> **Amount of arrearage and other charges as of time case filed included in secured claim,** <br> **if any:** $_____ **Basis for Perfection:** _____ <br> **Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5). <br> ☐ Up to $2,600 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7). <br> ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8). <br> ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___). <br> **Amount entitled to priority:** $_____ |
| **6. Section 503(b)(9) Claim Amount:** _____ <br> ☐ Check this box if your claim is for the value of goods received by the debtor within 20 days before the date of commencement of the case (11 U.S.C. §503(b)(9)). Include the amount of such claim in the space for "Section 503(b)(9) Claim Amount" above. | |
| **7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | |
| **8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side). <br> DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENT MAY BE DESTROYED AFTER SCANNING. <br> If the documents are not available, please explain: | |
| Date: **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

B 10 (Custom Form 10) (12/10)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. You may be required to provide additional disclosure if the trustee or another party interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim.**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured (See DEFINITIONS, below). State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below). A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Section 503(b)(9) Claim.**
Claims entitled to administrative priority under 11 U.S.C. § 503(b)(9) should be asserted on this proof of claim. Each 503(b)(9) claim must include the value of the goods the claimant contends the Debtor received in the period twenty (20) days prior to the date of the bankruptcy filing. You must also include or attach documentation identifying the particular invoices for which any such 503(b)(9) claim is being asserted and any demand to reclaim goods sold to the Debtor under 11 U.S.C. § 546(c). All other administrative claims must be asserted by an appropriate "request" under 11 U.S.C. § 503(a) and should not be asserted on this proof of claim.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim form is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgement of Filing a Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website: www.kccllc.net/ambac.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

# EXHIBIT 2

**(Bar Date Notice)**

Peter A. Ivanick
Allison H. Weiss
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

    - and -

Todd L. Padnos (admitted *pro hac vice*)
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303
Tel: (650) 845-7000
Fax: (650) 845-7333

*Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
                                     :

*In re*                                      :
                                     :    Chapter 11

**AMBAC FINANCIAL GROUP, INC.,**  :
                                     :    Case No. 10-15973 (SCC)
        Debtor.                    :
                                     :
----------------------------------------------------------x

**NOTICE OF ENTRY OF BAR DATE ORDER (I) ESTABLISHING DEADLINES
FOR FILING PROOFS OF CLAIM AND REQUESTS FOR PAYMENT AND (II)
APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

TO:    ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE DEBTOR IN THE ABOVE-CAPTIONED CHAPTER 11 CASE

       The United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Bar Date Order") establishing **March 2, 2011 at 5:00 p.m. (prevailing Pacific Time)** (the "Claims Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim against and request for payment under section 503(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") from Ambac Financial Group, Inc. (the "Debtor").

       The Claims Bar Date and the procedures set forth below for filing proofs of claim and requests for payment under section 503(b)(9) of the Bankruptcy Code apply to all claims against

the Debtor that arose prior to November 8, 2010 (the "Commencement Date"), the date on which the Debtor commenced its case under chapter 11 of the Bankruptcy Code, *except* for those holders of claims listed below that are specifically excluded from the Claims Bar Date filing requirement. In addition, "governmental units" (as defined in section 101(27) of the Bankruptcy Code) have until **May 9, 2011 at 5:00 p.m. (prevailing Pacific Time)** to file a proof of claim against the Debtor.

> A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.

### Who Must File a Proof of Claim

You must file a proof of claim to vote on a chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to the Commencement Date, and it is not one of the types of claims described under the heading "Who Need Not File a Proof of Claim" below. Claims based on acts or omissions of the Debtor that occurred prior to the Commencement Date must be filed on or prior to the Claims Bar Date, even if such claims are not now fixed or liquidated or did not mature or become fixed or liquidated prior to the Commencement Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means (i) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) a right to an equitable remedy for breach of performance, if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

### What to File

The Debtor has enclosed a proof of claim form for use in this case. You may utilize the proof of claim form provided by the Debtor to file your claim. The Bar Date Order and additional proof of claim forms may be obtained by contacting the Debtor's notice and claims agent, Kurtzman Carson Consultants LLC (the "Notice and Claims Agent") by calling (877) 660-6619 or visiting the Debtor's restructuring website at http://www.kccllc.net/ambac.

The following procedures for the filing of proofs of claim against the Debtor shall apply:

(i) Proofs of claim must (a) include an original signature, as copies of proofs of claim or proofs of claim sent by facsimile or e-mail will not be accepted, (b) include supporting documentation (if voluminous, a summary must be attached) or an explanation as to why such documentation is unavailable, (c) be in the English language, and (d) be denominated in United States currency.

(ii) Vendors of goods may be entitled to request an administrative expense priority claim arising under section 503(b)(9) of the Bankruptcy Code to

2

> the extent that they delivered goods to the Debtor within the 20-day period prior to the Commencement Date. The Court has deemed the filing of a proof of claim as satisfying the procedural requirements for asserting such a claim arising under section 503(b)(9) of the Bankruptcy Code. In addition to the other requirements of paragraph (i) above, any proof of claim asserting a section 503(b)(9) claim must (a) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Commencement Date, (b) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted, and (c) attach documentation of any reclamation demand made to the Debtor pursuant to section 546(c) of the Bankruptcy Code (if applicable).

(iii) Parties who wish to receive proof of receipt of their proofs of claim from the Notice and Claims Agent must also include with their proof of claim a copy of their proof of claim and a self-addressed and pre-stamped envelope.

### **When and Where to File**

Each original proof of claim, including supporting documentation, must be sent by United States Postal Service mail, overnight delivery, or hand delivery, so as to actually be received on or before the applicable bar date in accordance with the Bar Date Order by the Notice and Claims Agent at the following address:

> Ambac Claims Processing Center
> c/o Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, California 90245

**Any proof of claim filed by facsimile or e-mail will not be accepted and will not be deemed timely filed.**

### **Who Need Not File a Proof of Claim**

The following persons or entities do not need to file a proof of claim prior to the Claims Bar Date:

(i) any person or entity that has already filed a proof of claim against the Debtor with the Clerk of the United States Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 10;

(ii) any person or entity whose claim is listed on the schedule of assets and liabilities and/or schedule of executory contracts and unexpired leases filed by the Debtor (together, the "Schedules"), provided that (a) the claim is not scheduled as "disputed," "contingent," or "unliquidated," and (b) the

3

claimant does not disagree with the amount, nature, and/or priority of the claim as set forth in the Schedules;

(iii) any holder of a claim that heretofore has been allowed by order of the Court;

(iv) any person or entity whose claim against the Debtor has been paid in full;

(v) any holder of a claim for which specific deadlines have previously been fixed by the Court;

(vi) any affiliates of the Debtor;

(vii) any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate, except any holder of a claim arising under section 503(b)(9) of the Bankruptcy Code, which must be asserted by filing a proof of claim on or prior to the Claims Bar Date;

(viii) any holder of a claim that is limited exclusively to the repayment by the Debtor of principal (and premium, if any), interest, or other applicable fees and expenses owed pursuant to an indenture (each, as supplemented by any supplemental indenture or related documents, an "Indenture");[1] *provided*, *however*, that (a) this exclusion shall not apply to the trustee under any of the Indentures; and (b) any person or entity that wishes to assert a claim arising out of or relating to an Indenture, other than a claim for the repayment by the Debtor of principal (and premium, if any), interest, or other applicable fees and expenses owed pursuant to the Indenture, will be required to file a proof of claim on or prior to the Claims Bar Date unless another exception identified herein applies;

(ix) any holder of an equity interest in the Debtor with respect to the ownership of such equity interest at this time; *provided*, *however*, that any holder of an equity interest who wishes to assert a claim against the Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date; and

(x) any current officer or director who has a claim for indemnification, contribution, or reimbursement.

---

[1] The Debtor's Indentures are listed at the end of this notice, together with the CUSIP number of the securities issued thereunder.

> This notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor. The fact that you have received this notice does not mean that you have a claim against the Debtor or that the Debtor or the Court believe that you have any claim.

### Executory Contracts and Unexpired Leases

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before the date of entry of the Bar Date Order, you must file a proof of claim by the Claims Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated after the date of entry of the Bar Date Order, must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease, or, if no such date is provided, 30 days from the date of entry of such order.

### The Debtor's Schedules

You may be listed as the holder of a claim against the Debtor in the Debtor's schedule of assets and liabilities and/or schedule of executory contracts and unexpired leases (together, the "Schedules"). Copies of the Debtor's Schedules are available at the Debtor's restructuring website, http://www.kccllc.net/ambac, or the Court's website, http://www.nysb.uscourts.gov. A PACER login and password, which can be obtained at http://www.pacer.psc.uscourts.gov, are required to access this information on the Court's website.

If you agree with the nature, amount, and status of your claim as set forth in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Claims Bar Date in accordance with the procedures set forth herein.

### Consequences of Failure to File a
### Proof of Claim by the Claims Bar Date

Any holder of a claim, including a holder of a claim arising under section 503(b)(9) of the Bankruptcy Code, that is not listed in this notice as a party exempted from the requirements of the Bar Date Order and that fails to timely file a proof of claim on the appropriate form will be forever barred, estopped, and enjoined from asserting such claim against the Debtor, and the Debtor, its estate, and its property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in the Debtor's chapter 11 case or participate in any distribution in the Debtor's chapter 11 case on account of such claim.

## Indentures

| Indenture | Securities Issued |
|---|---|
| Indenture, dated as of August 1, 1991, between the Debtor and The Bank of New York Mellon | 9-3/8% Debentures due August 1, 2011 (CUSIP No. 023139AA6); 7-1/2% Debentures due May 1, 2023 (CUSIP No. 023139AB4). |
| Indenture, dated as of August 24, 2001, between the Debtor and The Bank of New York Mellon | 5.95% Debentures due February 28, 2103 (CUSIP No. 023139504); 5.875% Notes due March 24, 2103 (CUSIP No. 023139603). |
| Indenture, dated as of April 22, 2003, between the Debtor and The Bank of New York Mellon | 5.95% Notes due December 5, 2035 (CUSIP No. 023139AE8). |
| Indenture and Supplemental Indenture, dated as of February 15, 2006 and March 12, 2008, respectively, between the Debtor and The Bank of New York Mellon | 9.50% Notes due February 15, 2021 (CUSIP No. 023139AG3). |
| Junior Subordinated Indenture and First Supplemental Indenture, each dated as of February 12, 2007, between the Debtor and Law Debenture Trust Company of New York | 6.15% Directly Issued Subordinated Capital Securities due February 7, 2087 (CUSIP No. 023139AF5). |

Dated: _____, 2011  Respectfully Submitted,
      New York, New York

                                           Peter A. Ivanick
                                           Allison H. Weiss
                                           DEWEY & LEBOEUF LLP
                                           1301 Avenue of the Americas
                                           New York, New York 10019
                                           Tel: (212) 259-8000
                                           Fax: (212) 259-6333

                                           - and -

                                           Todd L. Padnos (admitted *pro hac vice*)
                                           DEWEY & LEBOEUF LLP
                                           1950 University Avenue, Suite 500
                                           East Palo Alto, California 94303
                                           Tel: (650) 845-7000
                                           Fax: (650) 845-7333

                                           *Attorneys for the Debtor and Debtor in Possession*

# EXHIBIT 3

**(Publication Notice)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
                                                               :
In re                                                          :
                                                               :     Chapter 11
AMBAC FINANCIAL GROUP, INC.,                                   :
                                                               :     Case No. 10-15973 (SCC)
                    Debtor.                                    :
                                                               :
---------------------------------------------------------------x
```

### NOTICE OF DEADLINES FOR SUBMITTING PROOFS
### OF CLAIM AND REQUESTS FOR PAYMENT PURSUANT
### TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE

PLEASE TAKE NOTICE that on _____, 2011, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order establishing the deadline for filing proofs of claim against Ambac Financial Group, Inc. (the "Debtor") and requests for payment under section 503(b)(9) of title 11 of the United States Code (the "Bankruptcy Code"), approving related procedures, and approving the form and manner of notice thereof [Docket No. __] (the "Bar Date Order"). A copy of the Bar Date Order is available at the Debtor's restructuring website, http://www.kccllc.net/ambac.

The Bar Date Order requires any person or entity holding or wishing to assert a claim against the Debtor that arose or is deemed to have arisen prior to November 8, 2010, to submit a proof of claim so as to actually be received by the Debtor's notice and claims agent, Kurtzman Carson Consultants LLC ("KCC"), on or before the following dates:

| | |
|---|---|
| Claims Bar Date | Any person or entity, other than governmental units (as defined in section 101(27) of the Bankruptcy Code), holding or wishing to assert a claim against the Debtor must submit a proof of claim so as to actually be received by KCC by March 2, 2011 at 5:00 p.m. (prevailing Pacific Time). Requests for payment under section 503(b)(9) of the Bankruptcy Code must also be submitted so as to actually be received by KCC by March 2, 2011 at 5:00 p.m. (prevailing Pacific Time). |
| Governmental Bar Date | All governmental units (as defined in section 101(27) of the Bankruptcy Code) holding or wishing to assert a claim against the Debtor must submit a proof of claim so as to actually be received by KCC by May 9, 2011 at 5:00 p.m. (prevailing Pacific Time). |
| Amended Schedules Bar Date | If the Debtor amends or supplements its schedule of assets and liabilities and/or schedule of executory contracts and unexpired leases, the Debtor shall give notice of any such amendment to the persons or entities affected thereby and such persons or entities shall be afforded 30 days from the date of such notice to file proofs of claim and shall be given notice of such deadline. |
| Rejection Bar Date | Any person or entity holding a claim against the Debtor arising from the rejection of an executory contract or unexpired lease must file a proof of claim based upon such rejection on or before the later of the Claims Bar Date or any date the Court may fix in the applicable order authorizing such rejection, or if no such date is provided, 30 days from the date of entry of the order rejecting such executory contract or unexpired lease. |

Filing a Proof of Claim.  All proofs of claim must be submitted so as to actually be received no later than 5:00 p.m. (prevailing Pacific Time) on the applicable bar date set forth above at the following address:

> Ambac Claims Processing Center
> c/o Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, California 90245

**Proofs of claim filed by facsimile or e-mail will not be accepted and will not be deemed timely filed.**

Contents of Proofs of Claim.  Each proof of claim must (i) include an original signature, (ii) include supporting documentation (if voluminous, a summary must be attached) or an explanation as to why such documentation is unavailable, (iii) be in the English language, and (iv) be denominated in United States currency.

Receipt of Service.  A claimant who wishes to receive acknowledgment of receipt of its proof of claim may submit a copy of the proof of claim, together with a self-addressed and pre-stamped envelope, to the above address along with the original proof of claim.

Consequences of Failing to Timely Submit a Proof of Claim.  Any holder of a claim against the Debtor that is required, but fails, to timely file a proof of claim in accordance the Bar Date Order shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor, and the Debtor, its estate, and its property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in the Debtor's chapter 11 case or participate in any distribution in the Debtor's chapter 11 case on account of such claim.

Additional Information.  If you have any questions regarding the claims process and/or if you wish to obtain a copy of the Bar Date Order (which contains a more detailed description of the requirements for filing proofs of claim), a proof of claim form, or related documents, you may do so by contacting KCC at the Debtor's restructuring information line at (877) 660-6619, submitting an inquiry through the Debtor's restructuring website, http://kccllc.net/ambac, or writing to the Ambac Claims Processing Center at the above address.  Please note that KCC cannot advise you how to file or whether you should file a proof of claim.

NYA 637321.3