Peter A. Ivanick
Allison H. Weiss
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

- and -

Todd L. Padnos (admitted *pro hac vice*)
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303
Tel: (650) 845-7000
Fax: (650) 845-7333

*Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | x |
| | : |
| *In re* | : |
| | : **Chapter 11** |
| **AMBAC FINANCIAL GROUP, INC.,** | : |
| | : **Case No. 10-15973 (SCC)** |
| **Debtor.** | : |
| | : |
| | x |

**SECOND MONTHLY STATEMENT OF DEWEY & LEBOEUF LLP FOR COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS
ATTORNEYS FOR DEBTOR FOR THE PERIOD
FROM JANUARY 1, 2011 THROUGH JANUARY 31, 2011**

| | |
|---|---|
| Name of Applicant: | Dewey & LeBoeuf LLP ("D&L") |
| Authorized to Provide Professional Services to: | The Debtors |
| Date of Retention: | December 21, 2010, *nunc pro tunc* to November 8, 2010 (the "Commencement Date") |
| Period for Which Compensation and Reimbursement is Sought: | January 1, 2011 through January 31, 2011 (the "Monthly Compensation Period") |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | **$1,023,261.60 (80% of 1,279,077.00)** |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | **$47,289.32** |

This is a     __X_ Monthly_____ Interim _____ Final Fee Application

Prior Fee Applications:

| | Date Filed | Period Covered | Requested | | Approved | | Amount of Holdback |
|---|---|---|---|---|---|---|---|
| | | | Fees | Expenses | Fees | Expenses | |
| First | 1/20/2011 [Dkt. 134] | 11/8/2010-12/31/2010 | $2,227,426.75 | $51,181.09 | $1,781,941.40 | $51,181.09 | $445,485.35 |

NYA 641354.2

Peter A. Ivanick
Allison H. Weiss
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

- and -

Todd L. Padnos (admitted *pro hac vice*)
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303
Tel: (650) 845-7000
Fax: (650) 845-7333

*Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | x | |
| | : | |
| *In re* | : | |
| | : | **Chapter 11** |
| **AMBAC FINANCIAL GROUP, INC.,** | : | |
| | : | **Case No. 10-15973 (SCC)** |
| **Debtor.** | : | |
| | : | |
| | x | |

### SECOND MONTHLY STATEMENT OF DEWEY & LEBOEUF LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR DEBTOR FOR THE PERIOD FROM JANUARY 1, 2011 THROUGH JANUARY 31, 2011

Dewey & LeBoeuf LLP ("D&L"), attorneys for Ambac Financial Group, Inc., as debtor and debtor in possession in the above-captioned case (the "Debtor," and together with its nondebtor affiliates, "Ambac"), submits its second monthly fee and expense statement (the "Statement"), pursuant to sections 327, 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. §330 issued by the Executive Office for United States Trustee (the "Guidelines"), Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on November 25, 2009 (the "Local Guidelines"), United States Bankruptcy Court of the Southern District of New York's General Order M-412  Order signed on December 21, 2010 by Chief Judge Arthur J. Gonzalez  Amending General Order M-388; Re: Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, effective December 21, 2010 (the "General Order") and this Court's *Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals*, dated December 21, 2010 (the "Interim Compensation Order") [Docket No. 81], for (i) the monthly compensation for professional services performed by D&L for the period commencing January 1, 2011 through and including January 31, 2011 (the "Monthly Compensation Period") in the amount of $1,279,077.00 and (ii) reimbursement of its actual and necessary expenses in the amount of $47,289.32 incurred during the Monthly Compensation Period.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

1.      By the Court's Order, dated December 21, 2010, Debtor was authorized to employ D&L as its attorneys, *nunc pro tunc* to the Commencement Date, with regard to the filing and prosecution of this case and all related matters (the "Employment Order") [Docket No. 84].  The Employment Order authorized Debtor to compensate D&L in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as were established by the Interim Compensation Order.

2.      D&L seeks allowance of monthly compensation for professional services rendered to Debtor during the Monthly Compensation Period in the aggregate amount of $1,279,077.00 (representing the charge for the 2,041.60 hours of service provided by D&L

NYA 641354.2

attorneys and paraprofessionals) and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $47,289.32.

3.      There is no agreement or understanding between D&L and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in this case.

4.      The fees charged by D&L in this case are billed in accordance with D&L's existing billing rates and procedures in effect during the Monthly Compensation Period.  The rates D&L charges for the services rendered by its professionals and paraprofessionals in this chapter 11 case are the same rates D&L charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

5.      Pursuant to the Fee Guidelines and General Order, annexed hereto as Exhibit A is a schedule setting forth the identity of all D&L professionals and paraprofessionals who have performed services in this chapter 11 case during the Monthly Compensation Period, the capacity in which each such individual is employed by D&L, the department in which each individual practices, the hourly billing rate charged by D&L for services performed by such individual, the aggregate number of hours expended in this matter and fees billed therefor, and the year in which each professional was first licensed to practice law.

6.      The majority of the services performed by members, counsel, and associates of D&L were rendered by the Business Solutions & Governance, Litigation and Tax departments. D&L has extensive expertise, experience, and knowledge practicing before bankruptcy courts. Attorneys from D&L have represented debtors, creditors, purchasers, and other parties-in-interest before courts in the Southern District of New York, the Second Circuit, and in numerous other jurisdictions throughout the country.  As a consequence, D&L brings to this case a high level of expertise and experience that inures to the benefit of Debtor and all parties-in-interests.

NYA 641354.2

7.      The professional services performed by D&L on behalf of Debtor during the
Monthly Compensation Period required an aggregate expenditure of 2,041.60 hours by D&L's
members, counsel, associates, and paraprofessionals.  Of the aggregate time expended, 931.60
recorded hours were expended by partners and counsel of D&L, 914.20 recorded hours were
expended by associates of D&L, and 195.80 recorded hours were expended by paraprofessionals
of D&L.

8.      During the Monthly Compensation Period, D&L billed Debtor for time expended
by attorneys based at hourly rates ranging from $275.00 to $1,000.00 per hour.  Allowance of
compensation in the amount requested would result in a blended hourly billing rate for attorneys
of approximately $668.07 (based on 1,845.80 recorded hours for attorneys at D&L's regular
billing rates in effect at the time of the performance of services).  As noted, annexed hereto as
Exhibit A is a schedule listing each D&L professional and paraprofessional who performed
services in this case during the Monthly Compensation Period, the hourly rate charged by D&L
for services performed by each such individual, and the aggregate number of hours and charges
by each such individual.

9.      D&L minimized fees by utilizing a small core team to render the bulk of all
services requested.

10.     Annexed hereto as Exhibit B is a schedule specifying the categories of expenses
for which D&L is seeking reimbursement and the total amount for each such expense category.

11.     Pursuant to the Guidelines and annexed hereto as Exhibit C, is a summary of the
significant professional services rendered by D&L during the Monthly Compensation Period for
all task codes in which D&L billed a minimum of five (5) hours during the Monthly
Compensation Period.  The summary is separated by project categories as hereinafter described.
If a Task Code does not appear in the time records, D&L did not bill a minimum of five (5)
hours of time or expenses for that Task Code during the Monthly Compensation Period, but may
bill time for that Task Code in the future.

4

a.  Task Code 002 (Assignments or Rejections of Executory Contracts or Leases)
    Fees:  $47,162.50, Hours:  65.20:

    Tasks relating to the Debtor's contracts and personal property leases, including assumption or rejection of executory contracts and unexpired personal property leases, except to the extent the assumption is part of a sale allocated a separate task code.

b.  Task Code 003 (Automatic Stay / Adequate Protection)
    Fees:  $114,956.50, Hours:  162.60:

    Tasks relating to requests for, objections to, and other issues concerning stay relief or adequate protection.

c.  Task Code 004 (Avoidance Actions)
    Fees:  $22,770.00, Hours:  37.40:

    Tasks relating to actions, or possible actions, to recover estate property such as turnover, avoidance, or other causes of action.

d.  Task Code 005 (Billing/Fee Applications – D&L)
    Fees:  $51,733.00, Hours:  135.30:

    Tasks relating to the retention and compensation of D&L only, including preparation of pleadings for the retention of D&L, billing activities, compliance with timekeeping guidelines, and preparation of D&L fee statements.

e.  Task Code 006 (Billing/Fee Applications – Other Professionals)
    Fees:  $51,542.00, Hours:  81.60:

    Tasks relating to (i) the retention and compensation of the Debtor's other chapter 11 professionals and the Debtor's ordinary course professionals, including assistance with retention pleadings, fee statements, and fee applications, and (ii) review and objection to fee statements and fee applications of committee professionals or the Debtor's other chapter 11 professionals.

f.  Task Code 007 (Case Administration)
    Fees:  $51,000.50, Hours:  127.40:

    Tasks relating to general administration of case, including (i) case status and coordination activities, (ii) tasks relating to the filing of documents to be filed at court including legal pleadings, affidavits of service, and service mailings, and (iii) internal filing and organization of case documents to insure accessibility by D&L team, client, and other parties in interest.

g.  Task Code 008 (Case Administration Process)
Fees:  $8,324.00, Hours:  15.20:

Tasks relating to (i) the establishment of a bar date for filing proofs of
claim or interest or filing requests for payment of administrative expense
claims (including supplemental or special bar dates), the notification of
parties in interest of the bar date, and the enforcement of the bar date,
including responding to inquiries from creditors about the bar date and
proof of claim form, and (ii) the general processing, reconciliation, and
determination of claims against or equity interests in the Debtors.

h.  Task Code 010 (Corporate Governance / Securities)
Fees:  $35,272.00, Hours:  57.30:

Tasks related to the governance of the Debtor or issues related to the
securities issued by the Debtor.

i.  Task Code 011 (Creditor Inquiries)
Fees:  $10,497.50, Hours:  18.40:

Tasks relating to responding to creditor inquiries.

j.  Task Code 012 (Employee / ERISA / Retention / Bonuses)
Fees:  $44,802.00, Hours:  61.80:

Tasks related to employee wages, benefits, employee-relations matters,
ERISA, retentions, bonuses, and retirement matters.

k.  Task Code 016 (General Case Strategy)
Fees:  $ 47,778.50, Hours:  66.90:

Tasks related to the legal strategy of the chapter 11 cases, including
meetings to discuss case status, next steps, etc. All D&L internal meetings,
except those specifically dedicated to an issue covered by a separate task
code.

l.  Task Code 017 (Hearings and Court Matters)
Fees:  $12,543.00, Hours:  29.70:

Time spent at hearings or other proceedings relating to the chapter 11
cases, including preparation for and working travel to such hearings, and
meetings related thereto.

m.  Task Code 018 (Insurance Issues)
Fees:  $9,910.00, Hours:  15.60:

Tasks relating to any insurance policy or coverage relating to the Debtor.

n.  Task Code 019 (Litigation / Adversary Proceedings)
Fees:  $78,102.50, Hours:  131.80:

Tasks relating to any litigation disputes to which the Debtor is a party or
affect the chapter 11 case, except for Avoidance Actions or the Tax Case.

o.    Task Code 020 (Non-Working Travel)
      Fees:  $ 2,962.00, Hours:  8.20:

      Time spent traveling on behalf of the client, during which no billable work
      is performed on behalf of any client.  Non-Working Travel is billed at fifty
      (50%) percent.

p.    Task Code 021 (Plan Process)
      Fees:  $12,245.00, Hours:  23.80:

      Tasks relating to the plan process, including (i) the Debtor's business plan,
      (ii) the formulation, negotiation, and drafting of a plan and documents
      included as exhibits or attachments to a plan, (iii) the preparation and
      approval of a disclosure statement concerning a plan, and (iv) the
      confirmation of a plan, including preparing for and conducting
      confirmation hearings and obtaining order of confirmation.

q.    Task Code 024 (Schedules / Statements of Financial Affairs / Trustee
      Reports)
      Fees:  $47,438.00, Hours:  73.40:

      Tasks relating to the Debtor's compliance with administrative
      requirements of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and
      United States Trustee requirements, including first day filing requirements
      (except as to specific issues covered by other work codes), preparation of
      statements and schedules, noticing and attendance at § 341 meetings,
      completion of initial reporting requirements, filing of monthly operating
      report, and payment of quarterly fees.

r.    Task Code 025 (General Tax Matters)
      Fees:  $131,770.00, Hours:  206.60:

      Tasks related to all tax matters involving the Debtors, other than the Tax
      case.

s.    Task Code 026 (Tax Case)
      Fees:  $359,432.00, Hours:  555.80:

      Tasks related to the Adversary Proceeding against the IRS.

t.    Task Code 030 (Creditors' Committee)
      Fees:  $84,222.50, Hours:  95.80:

      Tasks related to Creditors' Committee issues.

u.    Task Code 031 (OCI)
      Fees:  $20,776.50, Hours:  23.10:

      Tasks related to liaison with the Wisconsin Office of the Commissioner of
      Insurance.

v.      Task Code 032
        Fees:  $18,040.00, Hours:  21.60:

Tasks relating to the settlement of pending securities litigation.

12.      D&L maintains computerized records of the time billed by all D&L attorneys and paraprofessionals in connection with the prosecution of Debtor's chapter 11 case.  Relevant copies of the computerized records for the Monthly Compensation Period are annexed hereto as Exhibit D.

13.      In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) D&L's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

## ACTUAL AND NECESSARY EXPENSES OF D&L

14.      As set forth on Exhibit B annexed hereto, D&L has disbursed $47,289.32 as expenses incurred in providing professional services during the Compensation Period.  With respect to photocopying expenses, D&L charges all of its clients $0.25 per page except when limited by a court to $0.20 per page.  Pursuant to the Guidelines and the Local Guidelines, D&L has agreed to charge Debtor $0.20 per page for photocopying expenses in this chapter 11 case.  With respect to facsimile expenses, in compliance with the Guidelines, D&L does not charge for facsimile transmissions, other than the cost of long distance facsimiles at applicable toll charge rates, which invariably are less than the $1.00 per page permitted by the Guidelines and the Local Guidelines.  Each of these categories of expenses does not exceed the maximum rate set by the Guidelines and the Local Guidelines.  These charges are intended to cover D&L's direct operating costs, which costs are not incorporated into the D&L hourly billing rates.  Only clients who actually use services of the types set forth in Exhibit B are separately charged for such

NYA 641354.2

services.  The effect of including such expenses as part of the hourly billing rates would impose

that cost upon clients who do not require extensive photocopying and other facilities and

services.  The amount of the standard photocopying charge is intended to allow D&L to cover

the related expenses of its photocopying service.  A determination of the actual expenses per

page for photocopying, however, is dependent on both the volume of copies and the total

expenses attributable to photocopying on an annual basis.

15.     In addition, because of the location of the offices of the client and many opposing

counsel, frequent long distance telephone calls were required.  On several occasions, overnight

delivery of documents and other materials was required as a result of circumstances necessitating

the use of such express services.  These disbursements are not included in D&L's overhead for

the purpose of setting billing rates.  D&L has made every effort to minimize its disbursements in

this case.  The actual expenses incurred in providing professional services were absolutely

necessary, reasonable, and justified under the circumstances to serve the needs of Debtor, their

estates, and creditors.

## THE REQUESTED COMPENSATION IS ALLOWABLE

16.     Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code

to govern the Court's award of such compensation.  11 U.S.C. § 331.  Section 330 of the

Bankruptcy Code provides that a court may award a professional employed under section 327 of

the Bankruptcy Code "reasonable compensation for actual, necessary services rendered ... and

reimbursement for actual, necessary expenses."  *Id*. § 330(a)(l)(A)-(B).  Section 330 of the

Bankruptcy Code also sets forth the criteria for the award of such compensation and

reimbursement:

NYA 641354.2

In determining the amount of reasonable compensation to be awarded ... the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

17.    In the instant case, D&L respectfully submits the professional services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Statement were necessary for and beneficial to Debtor's orderly administration of their estates and their restructuring efforts. D&L worked diligently to anticipate or respond to Debtor's needs and assist in Debtor's navigation of the chapter 11 process. Such services and expenditures were necessary to and in the best interests of Debtor's estates and creditors. D&L further submits the compensation requested herein is reasonable in light of the nature, extent, and value of such services to Debtor, their estates, and all parties in interest.

18.    The professional services performed by D&L during the Monthly Compensation Period were necessary and appropriate to the administration of Debtor's chapter 11 case. The professional services performed by D&L were in the best interests of Debtor and other parties-in-interest. Compensation for the foregoing services as requested is commensurate with the

NYA 641354.2

complexity, importance, and nature of the problems, issues, or tasks involved.  The professional services were performed with expedience and in an efficient manner.

19.     Whenever possible, D&L sought to minimize the costs of its services to Debtor by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of case administration.  A small group of the same D&L attorneys was utilized for the vast majority of the work in this case to minimize the costs of intra-D&L communication and education about Debtor's circumstances.

20.     Notably, some motions and applications were submitted by D&L on behalf of Debtor after D&L had developed a consensus among the parties-in-interest as to the substantive relief sought.  That served to minimize the amount of time and expense related to attending hearings.  In addition, because Debtor was able to achieve consensus on its applications, many of the applications were submitted on notice of presentment, which did not require attendance at a hearing.

21.     In sum, the services rendered by D&L were necessary and beneficial to Debtor's estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved, and approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## **RESERVATION**

22.     To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Monthly Compensation Period but were not processed prior to the preparation of this Statement, or D&L has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Monthly Compensation Period, D&L reserves the right to request additional compensation for such services and reimbursement of such expenses in a future fee statement.

11

**NOTICE AND OBJECTION PERIOD**

23.     Pursuant to the Interim Compensation Order, this Statement was served by hand or overnight delivery on (a) Debtor, Attn: David Trick, One State Street Plaza, New York, New York 10004; (b) the Office of the United States Trustee for the Southern District of New York, Attn: Brian S. Masumoto, 33 Whitehall Street, 21st Floor, New York, New York 10001 (the "U.S. Trustee"); and, (c) counsel to the statutory committee of unsecured creditors appointed in this case (the "Committee") and filed with the Clerk of the Court in the format specified by the Guidelines.

24.     If any party in interest has an objection to the compensation or reimbursement of D&L, such party shall, by no later than the thirty-fifth day following the month for which compensation is sought, (the "Objection Deadline"), file with the Bankruptcy Court and serve upon Debtor, D&L, the U.S. Trustee and the Committee a written "Notice of Objection to Fee Statement" setting forth the nature of the objection and the amount of fees or expenses at issue.

NYA 641354.2

25.    At the expiration of the Objection Deadline, Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in the Statement to which no objection has been served in accordance with the Interim Compensation Order.

Dated: February 22, 2011                    Respectfully Submitted,
       New York, New York

                                            /s/ Allison H. Weiss
                                            Peter A. Ivanick
                                            Allison H. Weiss
                                            DEWEY & LEBOEUF LLP
                                            1301 Avenue of the Americas
                                            New York, New York 10019
                                            Tel: (212) 259-8000
                                            Fax: (212) 259-6333

                                            - and -

                                            Todd L. Padnos (admitted *pro hac vice*)
                                            DEWEY & LEBOEUF LLP
                                            1950 University Avenue, Suite 500
                                            East Palo Alto, California 94303
                                            Tel: (650) 845-7000
                                            Fax: (650) 845-7333

                                            *Attorneys for the Debtor and Debtor in Possession*

13

**EXHIBIT A**

NYA 641354.2

**PROFESSIONAL SERVICES RENDERED BY
DEWEY & LEBOEUF LLP ON BEHALF OF DEBTOR
FOR THE PERIOD JANUARY 1, 2011 THROUGH JANUARY 31, 2011**

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| **PARTNERS & COUNSEL:** | | | | |
| Philip Abelson | BS&G – 2000 | $750.00 | 9.10 | $6,825.00 |
| John M. Aerni | L – 1986 | $825.00 | 7.40 | $6,105.00 |
| Martin J. Bienenstock | BS&G – 1978 | $1,000.00 | 14.10 | $14,100.00 |
| Julio A. Castro | T – 2001 | $750.00 | 0.80 | $600.00 |
| Mark A. Caterini | T – 1992 | $800.00 | 43.70 | $34,960.00 |
| Barbara M. Goodstein | SF – 1977 | $850.00 | 0.30 | $255.00 |
| Michael Groll | CF – 1979 | $950.00 | 114.70 | $108,965.00 |
| Lawrence M. Hill | T – 1985 | $1,000.00 | 87.10 | $87,100.00 |
| Peter A. Ivanick | BS&G – 1984 | $475.00 - $950.00 | 68.20 | $63,935.00 |
| Judy G.Z. Liu | BS&G – 1981 | $975.00 | 5.40 | $5,265.00 |
| Robert G. Lorndale | T – 1986 | $800.00 | 4.80 | $3,840.00 |
| Arthur J. Lynch | T – 1988 | $800.00 | 31.10 | $24,880.00 |
| Todd L. Padnos | BS&G - 1992 | $387.50 - $775.00 | 86.60 | $66,533.75 |
| Richard Reinthaler | L – 1974 | $925.00 | 52.50 | $48,562.50 |
| Stuart Saft | R – 1972 | $825.00 | 29.70 | $24,502.50 |
| Larry Schiffer | L - 1980 | $800.00 | 2.80 | $2,240.00 |
| Richard Spitzer | CF – 2002 | $725.00 | 12.30 | $8,917.50 |
| Martha N. Steinman | CB&E - 1990 | $825.00 | 3.80 | $3,135.00 |
| Bennett G. Young | BS&G – 1982 | $775.00 | 4.40 | $3,410.00 |
| Tamara Ashford | T – 1995 | $675.00 | 62.30 | $42,052.50 |
| Richard A. Nessler | T - 1992 | $675.00 | 86.40 | $58,320.00 |
| Lynn W. Roberts | BS&G - | $675.00 | 6.00 | $4,050.00 |
| Allison H. Weiss | BS&G - 1995 | $337.50 - $675.00 | 198.10 | $133,076.25 |
| **Totals for Partners & Counsel:** | | | **931.60** | **$751,630.00** |

BS&G – Business Solutions & Governance; L – Litigation; C – Corporate; R – Real Estate; T – Tax; E – Environmental; CB&E – Compensation, Benefits & Employment; IP – IP & IT Transactional , IR – Insurance Regulatory; CF - Corporate Finance, SF – Structured Finance

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| **ASSOCIATES:** | | | | |
| Joshua Berengarten | R – 2003 | $650.00 | 7.00 | $4,550.00 |
| Paul J. Brodnicki | BS&G – 2004 | $650.00 | 21.40 | $13,910.00 |
| Meghan A. Brown | BS&G – 2008 | $500.00 | 69.20 | $34,600.00 |
| Jeffrey Chubak | BS&G - 2008 | $275.00 - $550.00 | 185.40 | $101,530.00 |
| Andrew Clyne | L – 2010 | $450.00 | 0.30 | $135.00 |
| Lauren C. Cohen | BS&G - 2006 | $317.50 - $635.00 | 47.30 | $29,591.00 |
| Chad Denton | L – 2010 | $450.00 | 5.10 | $2,295.00 |
| Anya Ferris | T – 2009 | $450.00 | 50.90 | $22,905.00 |
| Brittany L. Harrison | T -2006 | $635.00 | 81.20 | $51,562.00 |
| Erica B. Howard-Potter | T – 2008 | $600.00 | 9.00 | $5,400.00 |
| Brian T. Isaacson | R – 2003 | $600.00 | 6.30 | $3,780.00 |
| Tevia R.M. Jeffries | BS&G – 2009 | $500.00 | 92.90 | $46,450.00 |
| Arielle Kane | BS&G – 2003 | $650.00 | 6.30 | $4,095.00 |
| Danielle T. Kennedy | BS&G – 2008 | $550.00 | 40.30 | $22,165.00 |
| Phyllis Lee | BS&G – 2010 | $450.00 | 0.60 | $270.00 |
| Max Levine | T – 2010 | $450.00 | 89.70 | $40,365.00 |
| Eric C. Miller | T – 2008 | $550.00 | 0.50 | $275.00 |
| Melissa Peterson | CB&E - 2005 | $635.00 | 2.70 | $1,714.50 |
| Danielle Pham | BS&G – 2010 | $450.00 | 24.80 | $11,160.00 |
| Dawn M. Rhea | T – 2007 | $635.00 | 1.70 | $1,079.50 |
| Alexander Roberts | T – 2010 | $450.00 | 93.80 | $42,210.00 |
| Kristi M. Robles | L – 2007 | $550.00 | 0.90 | $495.00 |
| Alexander J. Saffi | T – 2006 | $600.00 | 18.30 | $10,980.00 |
| Daniel T. Stabile | L – 2009 | $500.00 | 4.80 | $2,400.00 |
| Neal M. Taber | CF – 2009 | $450.00 | 31.40 | $14,130.00 |
| Zhanna A. Ziering | T – 2008 | $600.00 | 22.40 | $13,440.00 |
| **Totals for Associates:** | | | **914.20** | **$481,487.00** |

BS&G – Business Solutions & Governance; L – Litigation; C – Corporate; R – Real Estate; T – Tax; E – Environmental; C,B&E – Compensation, Benefits & Employment; SF – Structured Finance; M&A – Mergers & Acquisitions; B&IF - Bank & Institutional Finance; PF&I – Project Finance & Infrastructure; CF – Corporate Finance; ER – Energy Regulatory; IR – Insurance Regulatory

| NAME OF PROFESSIONAL | DEPARTMENT | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| **PARAPROFESSIONALS:** | | | | |
| Heather Aaronson | BS&G - Paralegal | $265.00 | 85.30 | $22,604.50 |
| Michael Dorfman | T - Paralegal | $175.00 | 32.50 | $6,500.00 |
| Andrew J. Hall | T - Paralegal | $200.00 | 16.00 | $3,200.00 |
| Veronica O'Neal | L – Paralegal | $200.00 | 0.50 | $100.00 |
| Stephanie Rainaud | L - Paralegal | $200.00 | 1.60 | $320.00 |
| Laura Saal | BS&G - Paralegal | $225.00 | 55.30 | $12,442.50 |
| Jessica Sturgill | L – Paralegal | $185.00 | 1.30 | $260.00 |
| David Knapp | Managing Clerk | $175.00 | 1.00 | $175.00 |
| Jill A. Gray | Library | $160.00 | 1.30 | $208.00 |
| Sally Munson | Library | $150.00 | 1.00 | $150.00 |
| **Totals for Paraprofessionals** | | | **195.80** | **$45,960.00** |

BS&G – Business Solutions & Governance; L – Litigation; C – Corporate; R – Real Estate; SF – Structured Finance

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| **TOTALS:** | | | |
| Partners and Counsel | **$806.82** | 931.60 | $751,630.00 |
| Associates | **$526.68** | 914.20 | $481,487.00 |
| Paraprofessionals | | 195.80 | $45,960.00 |
| **Totals Fees Incurred** | | **2,041.60** | **$1,279,077.00** |
| **Blended Attorney Rate** | **$668.07** | | |

**<u>EXHIBIT B</u>**

**ACTUAL AND NECESSARY DISBURSEMENTS INCURRED
BY DEWEY & LEBOEUF LLP ON BEHALF OF THE DEBTORS
FOR THE PERIOD JANUARY 1, 2011 THROUGH JANUARY 31, 2011**

| | AMOUNTS |
|---|---|
| Local Transportation/Taxi Service | $835.01 |
| Business Meals & Conferences | $706.81 |
| Air Courier/Express Mail/UPS Delivery/Outside Messenger | $240.35 |
| Computerized Research | $40,970.68 |
| Deposition/Hearing Transcripts | $320.10 |
| Filing Fees | $250.00 |
| Reproduction | $3,922.20 |
| Telecommunications | $44.17 |
| **Total Expenses Requested:** | **$47,289.32** |

NYA 641354.2

**<u>EXHIBIT C</u>**

**SUMMARY OF SERVICES BY WORK TASK CODE FOR SERVICES RENDERED
BY DEWEY & LEBOEUF LLP ON BEHALF OF DEBTOR
FOR THE PERIOD JANUARY 1, 2011 THROUGH JANUARY 31, 2011**

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 001 | Asset Dispositions/363 Sales (General) | 0.60 | $352.50 |
| 002 | Assignment or Rejections of Executory Contracts | 65.20 | $47,162.50 |
| 003 | Automatic Stay / Adequate Protection | 162.60 | $114,956.50 |
| 004 | Avoidance Actions | 37.40 | $22,770.00 |
| 005 | Billing/Fee Applications – D&L | 135.30 | $51,733.00 |
| 006 | Billing/Fee Applications – Other Professionals | 81.60 | $51,542.00 |
| 007 | Case Administration | 127.40 | $51,000.50 |
| 008 | Claims Administration Process | 15.20 | $8,324.00 |
| 010 | Corporate Governance/Securities | 57.30 | $35,272.00 |
| 011 | Creditor Inquiries | 18.40 | $10,497.50 |
| 012 | Employee/ERISA/Retention/ Bonuses | 61.80 | $44,802.00 |
| 013 | Exclusivity | 18.00 | $10,304.50 |
| 014 | Financing/Cash Collateral | 0.20 | $155.00 |
| 015 | General Business Operations | 4.00 | $2,620.00 |
| 016 | General Case Strategy | 66.90 | $47,778.50 |
| 017 | Hearing and Court Matters | 29.70 | $12,543.00 |
| 018 | Insurance Issues | 15.60 | $9,910.00 |
| 019 | Litigation/Adversary Proceedings | 131.80 | $78,102.50 |
| 020 | Non-Working Travel (**Billed at 50%**) | 8.20 | $2,962.00 |
| 021 | Plan Process | 23.80 | $12,245.00 |
| 024 | Statement of Financial Affairs/Trustee Reports | 73.40 | $47,438.00 |
| 025 | General Tax Matters | 206.60 | $131,770.00 |
| 026 | Tax Case | 555.80 | $359,432.00 |
| 029 | Preparation of Pleadings | 4.30 | $2,365.00 |
| 030 | Creditors' Committee | 95.80 | $84,222.50 |
| 031 | OCI | 23.10 | $20,776.50 |
| 032 | Securities Litigation | 21.60 | $18,040.00 |
| **TOTAL FOR ALL TASK CODES** | | **2,041.60** | **$1,279,077.00** |