UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
*In re*                                                     :
                                                            :   Chapter 11
AMBAC FINANCIAL GROUP, INC.,                                :
                                                            :   Case No. 10-15973 (SCC)
       Debtor.                                              :
                                                            :
------------------------------------------------------------x
                                                            :
AMBAC FINANCIAL GROUP, INC.,                                :
                                                            :
       Plaintiff,                                           :
                                                            :   Adv. Pro. No. 11-01265 (SCC)
   v.                                                   :
                                                            :
KARTHIKEYAN V. VEERA,                                       :
                                                            :
       Defendant.                                           :
                                                            :
------------------------------------------------------------x

**ORDER GRANTING DEBTOR'S MOTION FOR SUMMARY
JUDGMENT AND CONFIRMING THE APPLICABILITY OF THE
AUTOMATIC STAY TO THE ERISA ACTION PURSUANT TO SECTION 362(a)
OF THE BANKRUPTCY CODE AND GRANTING IN PART KARTHIKEYAN
V. VEERA'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY
<u>PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE</u>**

Upon the motion (the "<u>Motion</u>")[1] of Ambac Financial Group, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "<u>Debtor</u>"), for entry of an order, *inter alia*, granting summary judgment in respect of the Debtor's request for declaratory relief confirming that the automatic stay under section 362(a) of the Bankruptcy Code applies or should be extended to the action brought by, and the claims asserted by, Karthikeyan V. Veera ("<u>Veera</u>") against the ERISA Defendants in the ERISA Action and related efforts by Veera to

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

obtain discovery [Adv. Pro. Docket No. 5]; and the Court having considered and reviewed Veera's Stay Relief Motion [Docket No. 107] and opening brief in support thereof [Docket No. 106], the Debtor's Objection to the Stay Relief Motion [Docket No. 114], the joinder of the Creditors' Committee to the Debtor's Objection to the Stay Relief Motion [Docket No. 115], Veera's Reply Brief [Docket No. 119], the Debtor's Adversary Complaint [Adv. Pro. Docket No. 1], Veera's Answer [Adv. Pro. Docket No. 3], the Motion, Veera's opposition to the Debtor's Motion [Adv. Pro. Docket No. 7], the Debtor's reply memorandum in further support of its Motion [Adv. Pro. Docket No. 10], and the declarations filed in support of the foregoing (together, the "Pleadings"); and the Court having jurisdiction over this adversary proceeding and contested matter pursuant to 28 U.S.C. §1334(b); and consideration of the Adversary Complaint, the Motion, and the Stay Relief Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before the Court pursuant to 28 U.S.C. §1409(a); and due and proper notice having been provided; and a hearing having been held on March 4, 2011 to consider the relief requested by the Debtor in the Adversary Complaint and the Motion and by Veera in the Stay Relief Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Pleadings establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted to the extent and upon the conditions set forth herein; and it is further

ORDERED that the Stay Relief Motion is granted to the extent and upon the conditions set forth herein; and it is further

ORDERED that effective immediately, the automatic stay under section 362(a) of the Bankruptcy Code shall apply to the ERISA Action, and except as specified herein, the ERISA Action and any related efforts by Veera to obtain discovery from the ERISA Defendants, the Debtor, or any other person or entity are hereby stayed; and it is further

ORDERED that the Court hereby grants Veera the following limited relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code: (a) Veera may take the deposition of Gregg L. Bienstock in the ERISA Action; and (b) the Debtor shall produce to Veera the following documents that are in its possession, custody or control (with the Debtor reserving the right to object to and withhold production of documents or portions thereof that are privileged or not relevant to the issues in the ERISA Action):

(i) the minutes of meetings of the Debtor's Board of Directors during the period October 1, 2006 through April 1, 2009 (defined by Veera as the "Relevant Time Period"), together with the documents that were discussed or reviewed at those meetings;

(ii) the minutes of the Administrative Committee meetings and the Investment Committee meetings during the Relevant Time Period, together with the documents that were discussed or reviewed at those meetings;

(iii) the calendars maintained by or for each former officer or director of the Debtor who is an Individual Defendant in the ERISA Action and Robert J. Genader during the Relevant Time Period;

(iv) Veera's Savings Plan account statements, employment agreement, termination agreement, and personnel file; and

(v) the slides used by Michael A. Callen during his presentation on October 28, 2008 to the Haas School of Business at the University of California, Berkeley;

and it is further

ORDERED that following the expiration of the current exclusivity period with respect to the Debtor's filing of a chapter 11 plan (July 7, 2011), counsel for Veera and the Debtor shall confer, and shall advise the Court at the next regularly scheduled omnibus hearing after July 7,

2011 whether there is a need for the Court to consider granting Veera further relief from the automatic stay, and shall each file with the Court at least two days before such omnibus hearing a memorandum of no more than 10 pages setting forth their respective positions, and shall provide copies thereof to counsel for the ERISA Defendants, the Office of the United States Trustee for the Southern District of New York, counsel for OCI, and counsel for the Creditors' Committee; and it is further

ORDERED that the Court shall retain jurisdiction with respect to all matters relating to the implementation or interpretation of this Order.

Dated: March 7, 2011
New York, New York

/S/ Shelley C. Chapman
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

NYA 642106.7