Peter A. Ivanick
Richard W. Reinthaler
Allison H. Weiss
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

- and -

Todd L. Padnos (admitted *pro hac vice*)
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303
Tel: (650) 845-7000
Fax: (650) 845-7333

*Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**AMBAC FINANCIAL GROUP, INC.,**<br><br>      Debtor. | **Chapter 11**<br><br>**Case No. 10-15973 (SCC)** |
| **AMBAC FINANCIAL GROUP, INC.,**<br><br>      Plaintiff,<br><br>v.<br><br>**KARTHIKEYAN V. VEERA,**<br><br>      Defendant. | **Adv. Pro. No. 11-01265 (SCC)** |

**DEBTOR'S STATEMENT OF POSITION REGARDING THE CONTINUED
APPLICATION OF THE AUTOMATIC STAY TO PLAINTIFF KARTHIKEYAN V.
<u>VEERA'S REQUEST FOR DISCOVERY IN THE ERISA ACTION</u>**

Pursuant to this Court's Order dated March 8, 2011 [Docket No. 207, Adv. Pro. Docket No. 15] (the "Order"), plaintiff-debtor Ambac Financial Group, Inc. (the "Debtor"), by and through its undersigned attorneys, hereby submits this memorandum setting forth its position regarding the continued application of the automatic stay to the putative class action entitled *Veera v. Ambac Plan Administrative Committee, et al.*, No. 10-cv-4191 (the "ERISA Action"), currently pending before the United States District Court for the Southern District of New York (the "District Court").

## BACKGROUND

1. On May 24, 2010, plaintiff Karthikeyan V. Veera ("Veera") commenced the ERISA Action by filing a complaint in the District Court [District Court Docket No. 1] against the Debtor, the Administrative Committee under the Debtor's Savings Incentive Plan (the "Administrative Committee") and certain individual members of the Administrative Committee. On September 7, 2010, Veera filed an amended complaint [District Court Docket No. 48] against the Administrative Committee, the Savings Incentive Plan Investment Committee, the Compensation Committee of the Debtor's Board of Directors (together, the "Committee Defendants") and certain individual members of the Committee Defendants, all of whom are current or former officers, directors and/or employees of the Debtor and its affiliates (together, the "Individual Defendants").

2. On November 8, 2010, the Debtor commenced a voluntary case under chapter 11 of title 11 of the United States Code. On January 5, 2011, Veera filed a motion seeking relief from the automatic stay in order to serve a subpoena upon the Debtor requesting sixty-two all-encompassing categories of documents and depose certain of the Debtor's current and former officers and directors [Docket No. 107] (the "Stay Relief Motion").

3. In Veera's brief submitted in support of the Stay Relief Motion [Docket No. 106], Veera argued that cause existed to grant relief from the automatic stay to serve discovery requests upon the Debtor because the District Court's Pretrial Scheduling Order in the ERISA Action, entered on June 30, 2010 [District Court Docket No. 17] (the "Scheduling Order"), required that all discovery, except for expert discovery, be completed by June 30, 2011.

4. On January 12, 2011, the Debtor filed an objection to the Stay Relief Motion [Docket No. 114] (the "Objection"). In its Objection, the Debtor argued that (i) the automatic stay applied to Veera's request for discovery from (a) the Committee Defendants, because such defendants lack independent legal status apart from and share an identity of interests with the Debtor, and (b) the Individual Defendants, because the Debtor is required to indemnify them under the terms of the Debtor's certificate of incorporation, by-laws and Savings Incentive Plan; and (ii) the Stay Relief Motion should be denied because the discovery originally sought by Veera was unreasonably broad, unduly burdensome and irrelevant to the issues in the ERISA Action and would adversely affect the Debtor's ability to reorganize.

5. On January 18, 2011, Veera filed a reply brief in support of his Stay Relief Motion, in which he reduced the number of requests from sixty-two to forty-six, which were still objectionable for all of the same reasons [Docket No. 119].

6. In addition, on January 18, 2011, the Debtor filed a complaint commencing this adversary proceeding [Docket No. 121, Adv. Pro. Docket No. 1] (the "Adversary Complaint"). Count I of the Adversary Complaint sought a declaration that the automatic stay applies to the Committee and Individual Defendants in the ERISA Action and Count II of the Adversary Complaint sought entry of an order enjoining the ERISA Action.

7. On February 11, 2011, the Debtor filed a motion for summary judgment and injunctive relief in respect of Counts I and II of the Adversary Complaint, respectively [Adv. Pro. Docket No. 5] (the "Summary Judgment Motion").

8. On February 22, 2011, Veera filed an opposition to the Summary Judgment Motion, in which he further pared down the scope of his proposed requests to eight categories of documents [Adv. Pro. Docket No. 7]. On March 1, 2011, the Debtor filed a reply memorandum in further support of its Summary Judgment Motion [Adv. Pro. Docket No. 10].

9. On March 4, 2011, this Court (the "Bankruptcy Court") held a hearing in respect of the Stay Relief Motion and the Summary Judgment Motion (the "Hearing"). *See* Hearing Tr. [Docket No. 226]. At the Hearing, the Bankruptcy Court expressly recognized, among other things, that:

>     (i) the Debtor faces litigation on numerous fronts (*see* Hearing Tr. at 17:21-18:3 (stating, with respect to the Debtor's various ongoing litigations, "this is a very, very unique and intense situation [and] I am very reluctant to layer on more expense and more distraction."));
>
>     (ii) the issues raised in the ERISA Action (and the discovery Veera was seeking therein) were relevant to the claims asserted in, and, if allowed, could have significant implications for, the Debtor's other ongoing litigations and efforts to settle those cases (*see* Hearing Tr. at 23:12-23:23 ("But the problem is that everything is connected here . . . what happened in the CDO market, what happened with ratings agencies . . . So it's not just about those depositions going forward because they'll only pertain to what's of interest to you in your case. The Debtor's going to have to be in an all hands on deck situation when anybody is giving any testimony about events that occurred in your relevant time period.")); and
>
>     (iii) although several of the pared-down requests sought documents that were readily available and would not impose an undue burden on the Debtor to produce, at least three of the requests were overbroad and sought discovery that would impose an undue burden and expense on the Debtor and its estate (*see* Hearing Tr. at 12:19-13:3 ("I draw a large distinction between the first five and the last three, the last three still to me would implicate probably virtually every e-mail that may have existed during that period of time and also would have implications for many, if not all of the other litigations and sensitive issues that the Debtor is facing.")).

4

In addition, at the Hearing, Veera's counsel acknowledged that no attempt had been made to seek an order extending the discovery cutoff deadline in the Scheduling Order (which was set by the District Court before the Debtor's chapter 11 case was commenced). *See* Hearing Tr. at 16:5-16:7 ("Have you asked for relief from [the June 30, 2011] cutoff date?" "No . . . .").

10. On March 8, 2011, the Bankruptcy Court entered the Order granting the Debtor's Summary Judgment Motion and confirming the applicability of the automatic stay to the ERISA Action, while granting limited relief from the stay in the form of limited document production and one deposition, both of which have since been completed.

11. In addition, the Order directed Veera and the Debtor to confer after July 7, 2011 regarding whether further relief from the automatic stay should be granted by the Bankruptcy Court to permit Veera to conduct additional discovery in the ERISA Action and submit separate memoranda setting forth their respective positions on this issue at least two days prior to the omnibus hearing scheduled for July 19, 2011.

12. On March 10, 2011, Veera informed the District Court, by letter, of the Bankruptcy Court's ruling regarding the applicability of the automatic stay to the ERISA Action [District Court Docket No. 65] (the "Letter"). The Letter stated, in relevant part, as follows:

> We are well aware of Your Honor's Order setting a schedule in this case. Unfortunately, the Bankruptcy Court's recent Order staying this case temporarily prevents [Veera] from pursuing these claims and will prevent us from meeting . . . the June 30, 2011 deadline for fact discovery . . . Given the stay, we respectfully suggest that it makes sense to set a scheduling conference after the July [19], 2011 Omnibus Hearing in the Bankruptcy Court when the parties will have a better understanding of whether [Veera] will be able to proceed with discovery.

Judge Baer endorsed the Letter and entered an order scheduling a pre-trial conference for August 4, 2011. In doing so, Judge Baer noted that "[t]he likelihood of 8 months more of discovery indeed the whole discovery discussion will await the Bankruptcy Court stay and whether it's

5

lifted let's hope an early August pre-trial conference will provide enough time for all concerned to determine where we may go from here." A copy of the Letter, as endorsed by Judge Baer, is attached hereto as Exhibit A. Judge Baer subsequently rescheduled the pre-trial conference for August 8, 2011 [District Court Docket No. 66].

13. On July 6, 2011, the Debtor filed a chapter 11 plan of reorganization [Docket No. 384] (as it may be amended, the "Plan"). On July 7, 2011, in a statement posted on the Ambac Policyholders Information Center website, the Office of the Commissioner of Insurance of the State of Wisconsin ("OCI") announced that it would "vigorously contest" confirmation of the Plan. *See* http://www.ambacpolicyholders.com. On July 8, 2011, the Debtor filed a disclosure statement with respect to the Plan [Docket No. 387] (as it may be amended, the "Disclosure Statement").

14. On July 8, 2011, the Debtor and Veera conferred in accordance with the Order. The Debtor understands Veera's position to be that now that the Plan and Disclosure Statement have been filed, the automatic stay should be lifted so that Veera is free to prosecute the ERISA Action and pursue whatever discovery he wishes from the Debtor and its current and former officers, directors and employees. The Debtor disagrees with Veera's position, for the reasons set forth below, and has so advised Veera's counsel.[1]

15. On July 12, 2011, the Debtor filed a motion for entry of an order approving the adequacy of the Disclosure Statement and granting related relief [Docket No. 394], which proposes scheduling a confirmation hearing date of October 5, 2011.

---

[1] In the event this Court agrees with the Debtor that the automatic stay should continue to apply to the ERISA Action, it is conceivable that Veera may seek, as a back-up plan, additional "limited" relief from the automatic stay in the form of more document production and depositions. The Debtor reserves the right to address and oppose any such request, if made.

16. Finally, Veera and the Committee and Individual Defendants have agreed to attempt to resolve the ERISA Action through non-binding mediation (the "Mediation"). Their first Mediation session is scheduled to occur in September 2011.

## VEERA SHOULD NOT BE GRANTED FURTHER RELIEF FROM THE AUTOMATIC STAY

17. The Bankruptcy Court should not grant Veera *any* further relief from the automatic stay until the Plan is confirmed by the Bankruptcy Court and becomes effective, except to permit Veera to participate in the Mediation.

18. *First,* Veera is no longer facing an imminent discovery cutoff deadline – which was Veera's principal argument previously when he sought relief from the automatic stay in the face of a Scheduling Order in the ERISA Action establishing a June 30, 2011 discovery cutoff deadline – a deadline that was set before the commencement of the Debtor's chapter 11 case. On the contrary, as Judge Baer's endorsement of Veera's Letter specifically noted: "the whole discovery discussion will await the Bankruptcy Court stay." Judge Baer is no longer pressing the parties to proceed with, let alone complete, discovery prior to confirmation and consummation of the Debtor's Plan.

19. *Second*, just because the Debtor has now filed a Plan and Disclosure Statement, that does not mean that it suddenly has plenty of time and resources to devote to supplying Veera with discovery in the ERISA Action. On the contrary, the Debtor expects to be fully occupied during the Plan confirmation process, particularly given the Debtor's limited resources, addressing the numerous complex issues and objections to the Plan and Disclosure Statement that are likely to be filed. As noted above, OCI intends to contest the Plan, and further, the Debtor has yet to resolve, among other things, the alleged priority claims filed by (i) the Department of the Treasury – Internal Revenue Service for approximately $807 million and (ii)

7

the Department of Finance of the City of New York for approximately $117 million. There is, in short, an enormous amount of work yet to be done in an effort to resolve the conflicting positions held by various constituents, alleged creditors and regulators – work that will require all of the skill, attention and resources of the Debtor and the officers, directors and employees of the Debtor and its affiliates to resolve. Given these needs and the accompanying demands on the Debtor's limited resources, allowing Veera to proceed with discovery prior to Plan confirmation and consummation would be counterproductive and harmful to the Debtor's estate. This is especially true to the extent that the discovery Veera wishes to take relates in any way to the claims and underlying events at issue in the securities and derivative class actions being settled. Nothing should be allowed to upset the delicate balance that has led to the proposed settlement of those cases. Finally, as the Debtor noted in its Objection to Veera's Stay Relief Motion, the Debtor remains a real party in interest in the ERISA Action and has a significant financial stake in its outcome on account of the indemnification rights of the Individual Defendants in the ERISA Action.

20. *Third*, the releases set forth in the Debtor's Plan, if confirmed, may prevent Veera from continuing the ERISA Action. *See* Article VIII.E of the Plan. Given this and the fact that no discovery is necessary in order for Veera to participate in the Plan confirmation process, it would make no sense to grant Veera relief from the automatic stay to take discovery on a case that he may no longer be entitled to pursue under the Debtor's currently proposed Plan, if confirmed.

21. *Fourth*, as noted above, the parties in the ERISA Action have agreed to submit such action to Mediation and have scheduled their first Mediation session for September 2011. Subsequent Mediation sessions may follow. Accordingly, there exists no reason to permit Veera

to conduct discovery at this point or otherwise pursue the claims in the ERISA Action unless and until it becomes clear that the Mediation will not result in an out-of-court resolution of the ERISA Action and that Veera's actions in those regards will not interfere with the Debtor's ability to reorganize.

22. *Fifth*, as noted above, the Debtor has requested a confirmation hearing date of October 5, 2011 and hopes to emerge from bankruptcy soon after its Plan is confirmed. Given that it took Veera approximately two months from the commencement of the Debtor's bankruptcy case to file the Stay Relief Motion, that approximately four months have lapsed since the date of the Hearing, and that Veera faces no discovery deadlines in the ERISA Action, Veera will not be prejudiced by having to wait a few more months before conducting any additional discovery (assuming, of course, that there is still an ERISA Action left to pursue after Plan confirmation).

WHEREFORE, the Debtor respectfully requests that the Bankruptcy Court not grant Veera any further relief from the automatic stay until the Plan is confirmed and becomes effective, except permission to participate in the Mediation, and that the Bankruptcy Court grant the Debtor such other and further relief as it deems just and proper.

Dated: July 15, 2011
      New York, New York

Respectfully Submitted,

/s/ Richard W. Reinthaler
Peter A. Ivanick
Richard W. Reinthaler
Allison H. Weiss
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

- and -

Todd L. Padnos (admitted *pro hac vice*)
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303
Tel: (650) 845-7000
Fax: (650) 845-7333

*Attorneys for the Debtor and Debtor in Possession*

# EXHIBIT A

**(March 10, 2011 Letter)**



# SQUITIERI & FEARON, LLP

32 EAST 57TH STREET
12TH FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE: (212) 421-6492
FAX: (212) 421-6553
www.sfclasslaw.com

**NEW JERSEY OFFICE**
2600 KENNEDY BOULEVARD
SUITE 1K
JERSEY CITY, NEW JERSEY 07306
TEL: (201) 200-0900
FAX: (201) 200-9008

MEMBERS OF THE FIRM
LEE SQUITIERI*
STEPHEN J. FEARON, JR.
*ADMITTED TO N.Y. & N.J. BARS

March 10, 2011

**VIA FACSIMILE**
**(212-805-7901)**

Honorable Harold Baer, Jr.
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/10/11
```

Re: *Veera v. Ambac Plan Administrative Committee, et al.,*
No. 10 cv 4191-HB

Dear Judge Baer:

We represent Plaintiff in this action and write to apprise you of a Bankruptcy Court Order staying this action. A copy of the Order is attached.

This is a proposed ERISA class action on behalf of participants in Ambac's retirement plan who lost their retirement savings by investing in Ambac stock through the plan. Plaintiff brings it against the fiduciaries of the retirement plan for violating their ERISA duties and causing losses to the plan and its participants. Your Honor recently denied Defendants' motion to dismiss as well as their subsequent motion to certify an appeal of that Order pursuant to section 1292.

Pursuant to the Court's June 30, 2010 Scheduling Order, Plaintiff has been actively pursuing discovery from Defendants and certain non-parties, including Ambac (which is not named as a defendant). Defendants have maintained, however, that much of the discovery that Plaintiff seeks is in Ambac's possession and that a third-party subpoena to the Company was required.

Ambac has filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York. In an effort to obtain discovery from Ambac, Plaintiff filed a motion in Bankruptcy Court seeking permission to serve a subpoena on Ambac. After Plaintiff filed his motion, Ambac objected to Plaintiff's motion and filed an adversary proceeding in

## SQUITIERI & FEARON, LLP

The Honorable Harold Baer, Jr.
March 10, 2011
Page 2 of 3

Bankruptcy Court to stay this case and all related discovery pursuant to 28 U.S.C. §§ 105(a) and 362. Plaintiff vigorously opposed Debtor's motion.

On March 4, 2011, however, the Honorable Shelly C. Chapman of Bankruptcy Court ruled in favor of Ambac, applying the § 362 automatic stay against Mr. Veera and this action. After extending the automatic stay, Judge Chapman permitted Mr. Veera to obtain very limited discovery from Ambac. The stay is effective until July 7, 2011, which is the current deadline for Ambac to propose a plan of reorganization in its bankruptcy proceeding. Judge Chapman's Order requires Mr. Veera and Ambac to submit additional briefing in July in order to address whether the stay will continue.

We are well-aware of Your Honor's Order setting a schedule in this case. Unfortunately, the Bankruptcy Court's recent Order staying this case temporarily prevents Plaintiff from pursuing these claims and will prevent us from meeting this Court's deadlines, including the June 30, 2011 deadline for fact discovery.

Given the stay, we respectfully suggest that it makes sense to set a scheduling conference after the July, 2011 Omnibus Hearing in the Bankruptcy Court when the parties will have a better understanding of whether Plaintiff will be able to proceed with discovery from Ambac, the Defendants and non-parties. We think that it is premature to set a new schedule in this case until we appear again before the Bankruptcy Court and have a better understanding about whether Judge Chapman will lift the stay in July.

We also are aware that Defendants may separately suggest that Your Honor set a revised schedule now that would key new case deadlines into the date that the Bankruptcy Court lifts the stay. We think the better course is to set new, realistic deadlines once we know that the Bankruptcy Court will lift the stay and once we have a better understanding of when Ambac will be able to produce the information that we need. That will help all parties and the Court set realistic deadlines so that we may get this case to trial promptly. We also think that some of Defendants' proposed dates are too long (such as an additional eight months for fact discovery when only three months of discovery was left before the Bankruptcy Court issued the stay).

# SQUITIERI & FEARON, LLP

The Honorable Harold Baer, Jr.
March 10, 2011
Page 3 of 3

We have copied Defendants' counsel on this letter.

Respectfully submitted,

SQUITIERI & FEARON, LLP

By: _____
Stephen J. Fearon, Jr.
Caitlin Duffy
Garry T. Stevens, Jr.

cc: Defendants' counsel of record
By E-Mail

The likelihood of 8 months more of discovery indeed the whole discovery discussion will await the Bankruptcy Court stay + whether its lifted — let's hope an early to August PTC will permit any time frame to discern to determine where we may go from here — August 4 at 2:15 PM.

SO ORDERED:
Harold Baer, Jr., U.S.D.J.
Date: 3/10/11

Endorsement:

   The likelihood of 8 months more of discovery indeed the whole discovery discussion will await the Bankruptcy Court stay and whether its lifted let's hope an early August pre trial conference will provide enough time for all concerned to determine where we may go from here - August 4 at 2:15 P.M.