**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
:
*In re*                                                                        :
:                 **Chapter 11**
**AMBAC FINANCIAL GROUP, INC.,**              :
:                 **Case No. 10-15973 (SCC)**
Debtor.                                           :
:
------------------------------------------------------------x
:
**AMBAC FINANCIAL GROUP, INC.,**              :
:
Plaintiff,                                       :
:
v.                                        :                 **Adv. Pro. No. 11-01265 (SCC)**
:
**KARTHIKEYAN V. VEERA,**                          :
:
Defendant.                                       :
:
------------------------------------------------------------x

### ORDER DENYING THE MOTION OF KARTHIKEYAN V. VEERA FOR FURTHER RELIEF FROM THE AUTOMATIC STAY AND CONFIRMING THE APPLICABILITY OF THE AUTOMATIC STAY TO THE ERISA ACTION PURSUANT TO SECTION 362(a) OF THE BANKRUPTCY CODE

Upon the motion [Docket No. 406, Adv. Pro. Docket No. 17] (the "Second Stay Relief

Motion") of Karthikeyan V. Veera ("Veera") for further relief from the automatic stay under

section 362(a) of title 11 of the United States Code (the "Bankruptcy Code"), or alternatively,

partial relief from the automatic stay, in order to complete discovery in the class action entitled

*Veera v. Ambac Plan Administrative Committee, et al.*, No. 10-cv-4191 (HB), currently pending

before the United States District Court for the Southern District of New York (the "ERISA

Action"); and the Court having considered and reviewed the Second Stay Relief Motion, the

statement of position of Ambac Financial Group, Inc. (the "Debtor") regarding the continued

application of the automatic stay to Veera's request for discovery in the ERISA Action [Docket

No. 404, Adv. Pro. Docket No. 16] (the "Statement of Position"), the order entered by the Court on March 8, 2011 granting the Debtor's motion for summary judgment and confirming the applicability of the automatic stay to the ERISA Action and granting in part Veera's first motion for relief from the automatic stay [Docket No. 207, Adv. Pro. Docket No. 15], and all pleadings relating to the foregoing filed in the above-captioned case and adversary proceeding; and the Court having jurisdiction over this contested matter and adversary proceeding pursuant to 28 U.S.C. §1334(b); and consideration of the Second Stay Relief Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before the Court pursuant to 28 U.S.C. §1409(a); and a hearing having been held on July 19, 2011 to consider the relief requested by Veera in the Second Stay Relief Motion and by the Debtor in its Statement of Position (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby:

**ORDERED** that the Second Stay Relief Motion is denied without prejudice; and it is further

**ORDERED** that the automatic stay under section 362(a) of the Bankruptcy Code shall continue to apply to the ERISA Action, and except as specified herein or further ordered by the Court, the ERISA Action and any related efforts by Veera to obtain discovery from the defendants in such action, the Debtor, or any other person or entity are hereby stayed; and it is further

**ORDERED** that the Court hereby grants Veera limited relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code in order to permit Veera to participate in non-binding mediation with respect to the ERISA Action; and it is further

**ORDERED** that the Court shall retain jurisdiction with respect to all matters relating to

the implementation or interpretation of this Order.

Dated: July 20, 2011
      New York, New York

                                */s/ Shelley C. Chapman*
                                THE HONORABLE SHELLEY C. CHAPMAN
                                UNITED STATES BANKRUPTCY JUDGE

NY5 5007323.2