IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
*In re* : Chapter 11 Case No.
:
AMBAC FINANCIAL GROUP, INC., :
: Case No. 10-15973 (SCC)
Debtor. :
:
:
---------------------------------------------------------------x

**AMENDED ORDER, PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, (A) APPROVING THE SETTLEMENT STIPULATION AND THE INSURER AGREEMENT AND (B) APPROVING AMBAC'S ENTRY INTO THE SETTLEMENT STIPULATION AND THE INSURER AGREEMENT AND PERFORMANCE OF ALL OF ITS OBLIGATIONS THEREUNDER**

Upon the motion dated June 28, 2011 (the "Motion")[1] of Ambac Financial Group, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), for an order pursuant to Bankruptcy Rule 9019 approving the Settlement Stipulation, the First Amendment, the Second Amendment to the Settlement Stipulation dated as of July 15, 2011 (the "Second Amendment"), the Insurer Agreement, the First Amendment to Insurer Agreement and the Second Amendment to the Insurer Agreement[2] dated as of July 15, 2011 (the "Second Amendment to Insurer Agreement"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to

---

[1] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion, or the Settlement Stipulation, or the Insurer Agreement, as applicable.
[2] True and accurate copies of the Settlement Stipulation, the First Amendment, Second Amendment, the Insurer Agreement, the First Amendment to Insurer Agreement and the Second Amendment to Insurer Agreement are annexed hereto as Exhibits 1, 2, 3 4,5 and 6, respectively.

(i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel to the Office of the Commissioner of Insurance of the State of Wisconsin, (iii) counsel to the statutory committee of creditors, (iv) counsel to the D&O Insurers, (v) counsel to the lead and named plaintiffs in the Securities Actions and (vi) those parties who have requested notice pursuant to Bankruptcy Rule 2002, as of the date of this Motion; and it appearing that no other or further notice need be provided; and the terms of the Settlement Stipulation and the Insurer Agreement being fair and reasonable and well within the range of litigation possibilities, and sound business reasons existing for entry into the Settlement Stipulation and the Insurer Agreement by the Debtor; and the Court having determined that the relief sought in the Motion reflects an exercise of the Debtor's sound business judgment and is in the best interests of the Debtor, its estate and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED that the Motion is granted;[3] and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Stipulation annexed hereto as Exhibit 1, the First Amendment annexed hereto as Exhibit 2, the Second Amendment annexed hereto as Exhibit 3, the Insurer Agreement annexed hereto as Exhibit 4, the First Amendment to Insurer Agreement annexed hereto as Exhibit 5, and the Second Amendment to Insurer Agreement annexed hereto as Exhibit 6 are hereby approved in their entirety; and it is further

---

[3] On September 12, 2011, the Court dictated a bench decision (the "Bench Decision") in open court granting the Motion. A pdf copy of the text of the Bench Decision is annexed hereto as Exhibit 7.

2

ORDERED that, Ambac's entry into, and performance of all of its obligations under, the Settlement Agreement, the First Amendment and the Second Amendment is approved; and it is further

ORDERED that, upon the Effective Date, to the fullest extent permitted by applicable law, all persons or entities, including but not limited to Ambac and/or Ambac as debtor in possession on behalf of Ambac and any and all of its current and former parents, affiliates, subsidiaries, predecessors, successors, heirs, estates, administrators, and legal representatives ("Ambac Entities") and any shareholder or creditor of any of the Ambac Entities (including any shareholder or creditor of any of the Ambac Entities or any other person or entity purportedly acting derivatively on behalf of any of the Ambac Entities) are permanently barred and enjoined from instituting or prosecuting or continuing to prosecute any and all manner of claims, actions, causes of actions, suits, controversies, agreements, costs, damages, judgments, and demands whatsoever, known or Unknown, suspected or unsuspected, accrued or unaccrued, arising under the laws, regulations, or common law of the United States of America, any state or political subdivision thereof, or any foreign country or jurisdiction, in law, contract, or in equity, against any or all of the Individual Defendants and any or all of the current or former officers, directors, or employees of any Ambac Entity, (aa) that were, could have been, might have been or might be in the future asserted in any of the Securities Actions or any of the Derivative Actions, or (bb) in connection with, arising out of, related to, or based upon, in whole or in part, directly or indirectly, any action or omission or failure to act within the Class Period or relevant periods specified in any of the Derivative Actions by any of the Individual Defendants or any of the current or former officers, directors, or employees of any Ambac Entity relating to any Ambac Entity or in his or her capacity as an officer, director, or employee of any Ambac Entity, or (cc) that allege, arise out of, or are based upon or attributable to any fact, action, omission or

3

failure to act that is (A) alleged in any of the Securities Actions or the Derivative Actions or (B) related to any fact, action, omission or failure to act alleged in the Securities Actions or the Derivative Actions; and it is further

ORDERED that, upon the Effective Date, Ambac, on behalf of itself and (to the fullest extent of Ambac's power to do so) all Ambac Entities and (to the fullest extent of their power to do so) any shareholder, creditor, or other person or entity purporting to sue on behalf of or in the right of any of the Ambac Entities, hereby fully release any and all manner of claims, actions, causes of actions, suits, controversies, agreements, costs, damages, judgments, and demands whatsoever, known or Unknown, suspected or unsuspected, accrued or unaccrued, arising under the laws, regulations, or common law of the United States of America, any state or political subdivision thereof, or any foreign country or jurisdiction, in law, contract, or in equity, against any or all of the Individual Defendants and any or all of the current or former officers, directors, or employees of any Ambac Entity, (aa) that were, could have been, might have been or might be in the future asserted in any of the Securities Actions or any of the Derivative Actions, or (bb) in connection with, arising out of, related to, or based upon, in whole or in part, directly or indirectly, any action or omission or failure to act within the Class Period or relevant periods specified in any of the Derivative Actions by any of the Individual Defendants or any of the current or former officers, directors, or employees of any Ambac Entity relating to any Ambac Entity or in his or her capacity as an officer, director, or employee of any Ambac Entity, or (cc) that allege, arise out of, or are based upon, or attributable to any fact, action, omission or failure to act that is (A) alleged in any of the Securities Actions or the Derivative Actions or (B) related to any fact, action, omission, or failure to act alleged in the Securities Actions or the Derivative Actions; and it is further

4

ORDERED that the injunctions and releases set forth in this Order do not release and/or bar the claims arising under the Employee Retirement Income Security Act of 1974 at issue in the ERISA action entitled *Veera v. Ambac Administrative Committee et al.*, No. 10-cv-4191 (HB) ("*Veera*") that is pending before Judge Harold Baer, Jr. in the Southern District of New York, provided that nothing herein or in the Settlement Stipulation or the amendments thereto shall be deemed a waiver by the defendants in *Veera* of their rights to maintain that any recovery by the Ambac Financial Group Inc. Savings Incentive Plan pursuant to the Settlement Stipulation approved hereby shall offset any recovery by the plaintiffs in *Veera*; and it is further

ORDERED that the Debtor is hereby directed to file appropriate applications seeking dismissal of the Derivative Actions (if such Derivative Actions have not been previously dismissed); and it is further

ORDERED that the Debtor's entry into, and performance of all of its obligations under, the Insurer Agreement, the First Amendment to Insurer Agreement and the Second Amendment to Insurer Agreement is hereby approved; and it is further

ORDERED that upon the occurrence of the Effective Date, claim numbers 2163, 2165, 2166, 2169 and 2170 shall be deemed to be disallowed and expunged from the claims register without further order of the Court; and it is further

ORDERED that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that, subject to the District Court's jurisdiction over the Securities Actions, this Court shall retain jurisdiction with respect to all matters within its jurisdiction arising from or related to the implementation of this Order.

ORDERED that this Order supersedes the Order, Pursuant To Section 105(A) Of The Bankruptcy Code And Bankruptcy Rule 9019, (A) Approving The Settlement Stipulation And The Insurer Agreement And (B) Approving Ambac's Entry Into The Settlement Stipulation And The Insurer Agreement And Performance Of All Of Its Obligations Thereunder, entered July 19, 2011, Docket No. 435.

Dated: September 13, 2011
       New York, New York

                                            */s/ Shelley C. Chapman*
                                            THE HONORABLE SHELLEY C. CHAPMAN
                                            UNITED STATES BANKRUPTCY JUDGE