**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                              :
*In re*                                       :
                                              :        **Chapter 11**
**AMBAC FINANCIAL GROUP, INC.,**              :
                                              :        **Case No. 10-15973 (SCC)**
              **Debtor.**                     :
                                              :
-------------------------------------------------------------x

### ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) ESTABLISHING SOLICITATION, VOTING, AND TABULATION PROCEDURES, (III) APPOINTING A VOTING AGENT, AND (IV) SCHEDULING A CONFIRMATION HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "Motion")[1] of Ambac Financial Group, Inc. (the "Debtor"), as debtor and debtor in possession in this chapter 11 case, for an order (the "Disclosure Statement Order"), pursuant to Bankruptcy Code sections 105(a), 1125, and 1126, Bankruptcy Rules 2002, 3003, 3017, 3018, and 3020, and Local Rule 3018-1, (i) approving the Debtor's Disclosure Statement as containing "adequate information," within the meaning of Bankruptcy Code section 1125(a), and the form and manner of notice of the hearing to consider approval of the Disclosure Statement; (ii) approving procedures that, among other things, (a) specify which creditors are entitled to vote to accept or reject the Plan and govern the temporary allowance of Claims for voting purposes, (b) establish a Voting Record Date, (c) govern the form and manner of the distribution of Solicitation Packages, (d) approve the form of Ballots and Notices of Non-Voting Status, (e) establish a Voting Deadline and Vote Certification Deadline, and (f) govern the Ballot tabulation process; (iii) appointing KCC as the Debtor's Voting Agent; and (iv) scheduling a Confirmation Hearing and Plan Objection Deadline and approving the form and manner of

---
[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

notice thereof, all as more fully set forth in the Motion; and the Debtor having filed with the Court the Plan, the Disclosure Statement, and the Kass Declaration; and the Court having reviewed the Motion, the Plan, the Disclosure Statement, the Kass Declaration, and objections to the Motion, if any; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the deadline for objecting thereto having been provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested having been withdrawn, overruled, or otherwise resolved; and after due deliberation and sufficient cause appearing therefor, it is hereby FOUND AND DETERMINED:

A.  Adequate Information:  The Disclosure Statement contains adequate information, within the meaning of Bankruptcy Code section 1125, to enable creditors to make an informed judgment with respect to the Plan.

B.  Disclosure Statement Hearing Notice: The Disclosure Statement Hearing Notice provides adequate and sufficient notice of the Disclosure Statement Hearing, the manner in

which a copy of the Disclosure Statement and the Plan could be obtained, and the time fixed for filing objections to the Motion.

C.  <u>Fair Procedures</u>: The solicitation, voting, and tabulation procedures set forth below provide a fair and equitable process for voting to accept or reject the Plan and are consistent with Bankruptcy Code section 1126.

D.  <u>Non-Voting Unimpaired Classes</u>: Class 1 Priority Non-Tax Claims and Class 2 Secured Claims are unimpaired under the Plan, and thus, holders of such Claims are conclusively presumed to accept the Plan and are not entitled to vote on account of such Claims.

E.  <u>Non-Voting Impaired Classes</u>: Class 6 Section 510(b) Claims, Class 7 Intercompany Claims, and Class 8 Equity Interests will not receive or retain any property under the Plan, and thus, holders of such Claims and Equity Interests are deemed to reject the Plan and are not entitled to vote on account of such Claims and Equity Interests.

F.  <u>Voting Classes</u>: Holders of Class 3 General Unsecured Claims, Class 4 Senior Notes Claims, and Class 5 Subordinated Notes Claims are impaired and thus, subject to the procedures set forth below, are entitled to vote on account of such Claims.

G.  <u>Solicitation Packages</u>: The proposed distribution and content of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and provide sufficient notice to all interested parties of the Voting Record Date, the Voting Deadline, the Plan Objection Deadline, the Confirmation Hearing, and all related matters.

H.  <u>Ballots</u>: The form of General Ballot, attached hereto as <u>Exhibit 1</u>, the form of Senior Noteholder Ballot, attached hereto as <u>Exhibit 2-A</u>, the form of Subordinated Noteholder Ballot, attached hereto as <u>Exhibit 2-B</u>, the form of Senior Noteholder Master Ballot, attached hereto as <u>Exhibit 3-A</u>, and the form of Subordinated Noteholder Ballot, attached hereto as

Exhibit 3-B, including all voting instructions provided therein, are consistent with Official Form No. 14, address the particular needs of this case, and provide adequate information and instructions for each creditor entitled to vote to accept or reject the Plan.

I.      Notices of Non-Voting Status: The form of Notice of Non-Voting Unimpaired Status, attached hereto as Exhibit 4, and the form of Notice of Non-Voting Impaired Status, attached hereto as Exhibit 5, comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and provide adequate notice to non-voting holders of Claims and Equity Interests of their non-voting status and no further notice is necessary.

J.      Voting Period: The period between the Solicitation Deadline and the Voting Deadline is a reasonable and sufficient period of time for holders of Claims in the Voting Classes to make an informed decision whether to vote to accept or reject the Plan and timely return Ballots evidencing such decision.

K.      Voting Agent: KCC continues to neither hold nor represent any interest adverse to the Debtor or its estate and continues to be a "disinterested person," as such term is defined in Bankruptcy Code section 101(14).

L.      Confirmation Hearing Notice and Objection Procedures: The form of Confirmation Hearing Notice, attached hereto as Exhibit 6, and the mailing and publication thereof, provide adequate notice to all parties in interest of the Voting Deadline, the Plan Objection Deadline, the Confirmation Hearing, and all related matters.

THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

Approval of the Disclosure Statement and Disclosure Statement Hearing Notice

1.      The Disclosure Statement is approved.

2.     The form and manner of service of the Disclosure Statement Hearing Notice is approved.

<u>Creditors Entitled to Vote; Temporary Allowance of Claims for Voting Purposes</u>

3.     Each holder of a Claim in the Voting Classes shall be entitled to vote to accept or reject the Plan, unless, as of the Voting Record Date, (i) such Claim has been disallowed, expunged, disqualified, or suspended; or (ii) unless otherwise provided herein, such Claim is subject to an objection or estimation motion.

4.     With respect to notices of transfers of Claims filed with the Court pursuant to Bankruptcy Rule 3001, the holder of a Claim as of the Voting Record Date shall be entitled to cast the Ballot with respect to that Claim so long as the documentation evidencing such transfer was filed with the Court on or before twenty-one days prior to the Voting Record Date and no timely objection with respect to such transfer has been filed.

5.     Solely for purposes of voting to accept or reject the Plan and not for the purposes of the allowance of or distribution on account of a Claim, each Claim within a Class of Claims entitled to vote to accept or reject the Plan is temporarily allowed in an amount equal to the amount of such Claim as set forth in the Schedules, subject to the following exceptions (unless expressly waived by the Debtor in writing):

(i)     If a Claim is deemed allowed under the Plan, such Claim shall be allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(ii)     If a Proof of Claim was timely filed in an amount that is liquidated, non-contingent, and undisputed, such Claim shall be temporarily allowed in the amount set forth on the Proof of Claim;

(iii)     If a Claim for which a Proof of Claim has been timely filed is wholly contingent, unliquidated, disputed, unknown, or undetermined, such Claim shall be accorded one vote and valued at one dollar ($1.00) for voting purposes only, and not for purposes of allowance or distribution, unless such Claim is subject to an objection or estimation motion; *provided*, *however*, that for the avoidance of doubt, Claims which are the subject of

pending prepetition litigation with the Debtor shall be considered wholly contingent;

(iv)     If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(v)      If a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a Proof of Claim was not filed by the applicable bar date for the filing of Proofs of Claims or deemed timely filed by an order of the Court entered prior to the Voting Deadline, such Claim shall be disallowed for purposes of voting, allowance, and distribution pursuant to Bankruptcy Rule 3003(c);

(vi)     If a Claim is listed on the Schedules or a timely filed Proof of Claim as contingent or unliquidated in part, such Claim shall be temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only, and not for purposes of allowance or distribution, unless such Claim is subject to an objection or estimation motion;

(vii)    If, by the Voting Record Date, the Debtor has filed an objection or estimation motion as to a Claim, such Claim shall be temporarily disallowed for voting purposes only but not for purposes of allowance or distribution, except as ordered by the Court before the Voting Deadline; and

(viii)   Unless temporarily allowed for voting purposes by the Court, if a Proof of Claim asserts a Claim that is not in U.S. dollars, such Claim shall be treated as unliquidated and allowed for voting purposes only in the amount of one dollar ($1.00).

6.      Any creditor seeking to challenge the classification of its Claim or the disallowance of its Claim for voting purposes shall file with the Court a Bankruptcy Rule 3018(a) Motion and schedule a hearing in respect thereof with the Court.  A Bankruptcy Rule 3018(a) Motion must: (i) be in writing; (ii) conform to the Bankruptcy Rules, the Local Rules, and the *Amended Notice, Case Management, and Administrative Procedures* approved by the Court [Docket No. 75]; (iii) state with particularity the legal and factual basis for the Bankruptcy Rule 3018(a) Motion; and (iv) be filed with the Court, together with a proof of service, and served, so as to be actually received before November 9, 2011 at 4:00 p.m. (prevailing Eastern

Time), upon the Court, counsel for the Debtor, counsel for the Committee, counsel for OCI, the U.S. Trustee, and all entities which have filed a written request for notice with the Court pursuant to Bankruptcy Rule 2002. Upon the filing of a Bankruptcy Rule 3018(a) Motion, such creditor's vote shall not be counted unless temporarily allowed by an order of the Court entered before the Voting Deadline.

Establishment of Voting Record Date

7.     The Voting Record Date shall be October 5, 2011.

Solicitation Packages

8.     The Solicitation Packages are approved.

9.     By October 12, 2011 (the "Solicitation Deadline"), or as soon as practicable thereafter, the Debtor shall distribute or cause to be distributed Solicitation Packages, as described below, to all holders of Claims in the Voting Classes, all holders of Claims or Equity Interests in the Non-Voting Classes, the U.S. Trustee, counsel for the Committee, counsel for OCI, the Securities and Exchange Commission, and all other entities which have filed a written request for notice with the Court pursuant to Bankruptcy Rule 2002.

10.     The Solicitation Packages for holders of Claims in the Voting Classes shall include (i) the Disclosure Statement Order (without exhibits), (ii) the Disclosure Statement, which shall include the Plan as an exhibit thereto, (iii) a customized Ballot, in the form described below, together with a return envelope, and (iv) the Confirmation Hearing Notice.

11.     The Solicitation Packages for holders of Claims or Equity Interests in the Non-Voting Classes shall include (i) a Confirmation Hearing Notice and (ii) the applicable Notice of Non-Voting Status.

12.     The Solicitation Packages for the U.S. Trustee, counsel for the Committee, counsel for OCI, the Securities and Exchange Commission, and all other entities which have filed a written request for notice with the Court pursuant to Bankruptcy Rule 2002 shall include (i) the Disclosure Statement Order (without exhibits), (ii) the Disclosure Statement, which shall include the Plan as an exhibit thereto, and (iii) the Confirmation Hearing Notice.

13.     The Debtor may distribute Solicitation Packages in a CD-ROM format instead of printed copies; *provided*, *however*, that notwithstanding anything herein to the contrary, printed copies of the Ballot and the Confirmation Hearing Notice shall be distributed to holders of Claims in the Voting Classes.   In addition, the Debtor shall provide printed copies of the Disclosure Statement and the Plan, at the Debtor's expense, to any party in interest that specifically requests such documents in accordance with the procedures specified in the Disclosure Statement Hearing Notice.

14.     The Debtor is authorized to make non-substantive changes to the Disclosure Statement, the Plan, and related documents without further order of the Court prior to distributing the Solicitation Packages.

15.     If, prior to the Solicitation Deadline, the Debtor cannot obtain accurate addresses for entities entitled to receive Solicitation Packages after having made a good faith effort to locate accurate addresses for such entities, the Debtor shall not be required to mail Solicitation Packages to such entities.

16.     If the Debtor sends Solicitation Packages which are returned as undeliverable, and in good faith cannot obtain more current addresses for the relevant parties, the Debtor shall be excused from attempting to re-deliver such materials to such parties.

<u>Form of Ballots and Notices of Non-Voting Status</u>

17.     The form of General Ballot, the form of Senior Noteholder Ballot, the form of Subordinated Noteholder Ballot, the form of Senior Noteholder Master Ballot, the form of Subordinated Noteholder Master Ballot, the form of Notice of Non-Voting Impaired Status, and the form of Notice of Non-Voting Unimpaired Status are approved.

18.     The Debtor shall distribute or cause to be distributed General Ballots to holders of Class 3 General Unsecured Claims.

19.     The Debtor shall distribute or cause to be distributed (i) Senior Noteholder Ballots and Senior Noteholder Master Ballots to the broker, bank, dealer, agent, or other nominee (the "<u>Nominees</u>") of holders of Class 4 Senior Notes Claims as of the Voting Record Date, and (ii) Subordinated Noteholder Ballots and Subordinated Noteholder Master Ballots to the Nominees of holders of Class 5 Subordinated Notes Claims as of the Voting Record Date; *provided*, *however*, that each Nominee shall be entitled to receive a reasonably sufficient number of copies of Solicitation Packages to distribute to the Senior Noteholders and/or Subordinated Noteholders for whom such Nominee acts.

20.     Within three days of its receipt of the Solicitation Packages, each Nominee shall forward a Solicitation Package to each Senior and/or Subordinated Noteholder for whom such Nominee acts with instructions for such Senior and/or Subordinated Noteholder to return its Noteholder Ballot(s) to the Nominee, which shall tabulate the Senior Noteholder Ballots received on a Senior Noteholder Master Ballot and the Subordinated Noteholder Ballots received on a Subordinated Noteholder Master Ballot. The Debtor shall reimburse each Nominee for its reasonable, necessary, and actual expenses associated with the distribution of the Solicitation Packages and the tabulation of the Noteholder Ballots.

<u>Voting Deadline and Vote Certification Deadline</u>

21.     The Voting Deadline is November 23, 2011 at 5:00 p.m. (prevailing Pacific Time).  In order to be counted, each Ballot must be properly executed, completed, and delivered to the Voting Agent by first-class mail, overnight delivery, or personal delivery prior to the Voting Deadline (which, with respect to Master Ballots, means that Senior and Subordinated Noteholders must deliver their respective Noteholder Ballots to their respective Nominees with sufficient time for such Nominees to complete and deliver Master Ballots to the Voting Agent prior to the Voting Deadline).

22.     The Debtor shall file its vote certification at least seven days before the date of the Confirmation Hearing.

<u>Ballot Tabulation Procedures</u>

23.     The following Ballot tabulation procedures are approved:

(i)     If a creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior Ballots.

(ii)     The following Ballots shall <u>not</u> be counted: (a) any Ballot that is properly completed, executed, and timely returned to the Voting Agent, but does not indicate either an acceptance or rejection of the Plan; (b) any Ballot submitted for which the holder of a Claim entitled to vote to accept or reject the Plan votes to both accept and reject the Plan; (c) in the absence of any extension of the Voting Deadline granted by the Debtor, any Ballot received after the Voting Deadline; (d) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (e) any Ballot cast by a person or entity that does not hold a Claim that is entitled to vote to accept or reject the Plan; (f) any unsigned Ballot; or (g) any Ballot transmitted to the Voting Agent by fax, e-mail, other electronic means of transmission, unless otherwise agreed to by the Debtor.

(iii)     If a creditor that is entitled to vote has more than one Claim within the same Class based upon different transactions, said creditor shall be entitled to one vote for numerosity purposes in the aggregate dollar amount of all of said Claims.

(iv)      Notwithstanding anything to the contrary herein, any creditor that has scheduled, filed, or purchased duplicate Claims shall be provided with only one Solicitation Package and be permitted to vote only a single Claim for numerosity purposes in a dollar amount based upon its Claim, regardless of whether the Debtor has objected to such duplicate Claims.

24.      The following additional procedures shall apply with respect to tabulating Master Ballots:

(i)      Votes cast by Senior and/or Subordinated Noteholders through Nominees shall be applied to the applicable positions held by such Nominees as of the Voting Record Date, as evidenced by the record and depository listings.

(ii)      If conflicting votes or "over-votes" are submitted by a Nominee, the Debtor shall use its reasonable efforts to reconcile discrepancies with the Nominee.

(iii)      If over-votes on a Master Ballot are not reconciled prior to the preparation of the vote certification, the Debtor shall apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted on the Master Ballot that contained the over-vote, but only to the extent of the Nominee's Voting Record Date position in the Senior and/or Subordinated Notes.

(iv)      For purposes of tabulating votes, each Senior Noteholder, Subordinated Noteholder, and Nominee shall be deemed to have voted the principal amount of its Senior and/or Subordinated Notes, although any principal amounts may be adjusted by the Voting Agent to reflect the amount of the Claim actually voted, including prepetition interest; and

(v)      A single Nominee may complete and deliver to the Voting Agent multiple Master Ballots. Votes reflected on multiple Master Ballots shall be counted, except to the extent that they are duplicative of another Master Ballot. If two or more Master Ballots are inconsistent, the latest dated validly executed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede, and revoke any prior Master Ballot.

25.      The Voting Agent is authorized to contact parties that submit incomplete or otherwise deficient Ballots in order to cure such deficiencies. The Debtor may waive any such deficiencies in its discretion and without further order of the Court.

<u>Appointment of KCC as the Debtor's Voting Agent</u>

26.     KCC is hereby authorized and directed to perform all tasks relating to the solicitation of votes and the performance of related services, as appropriate, including noticing, balloting, and tabulation services, in furtherance of confirmation of a chapter 11 plan, upon the terms set forth in the KCC Retention Order and the KCC Agreement, and KCC shall not be required to file a formal fee application.

<u>Confirmation Hearing and Notice and Objection Procedures</u>

27.     The Confirmation Hearing is scheduled for December 8, 2011 at 10:00 a.m. (prevailing Eastern Time); *provided*, *however*, that the Confirmation Hearing may be adjourned from time to time by the Debtor without further notice other than an adjournment being announced in open Court or by a notice of adjournment filed with the Court.

28.     The form of Confirmation Hearing Notice is approved.

29.     Objections, if any, to confirmation of the Plan, must: (i) be in writing; (ii) conform to the Bankruptcy Rules, the Local Rules, and the *Amended Notice, Case Management, and Administrative Procedures* approved by the Court [Docket No. 75]; (iii) state with particularity the legal and factual basis for the objection; and (iv) be filed with the Court, together with a proof of service, and served, so as to be actually received before November 23, 2011 at 4:00 p.m. (prevailing Eastern Time), upon the Court, counsel for the Debtor, counsel for the Committee,  counsel for OCI, the U.S. Trustee, and all entities which have filed a written request for notice with the Court pursuant to Bankruptcy Rule 2002.  In the event one or more objections to confirmation of the Plan are filed, the Debtor may file a single, omnibus reply to such objections before December 2, 2011 at 4:00 p.m. (prevailing Eastern Time).

30.     The Debtor shall publish the Confirmation Hearing Notice, modified as necessary, in the national edition of the Wall Street Journal within seven days of entry of the Disclosure Statement Order or as soon as practicable thereafter.

31.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Disclosure Statement Order.

Dated: October 5, 2011
       New York, New York

*/s/ Shelley C. Chapman*
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## (General Ballot)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                                :

*In re*                                             :

                                             :    **Chapter 11**

**AMBAC FINANCIAL GROUP, INC.,**       :

                                             :    **Case No. 10-15973 (SCC)**

          **Debtor.**                        :

                                             :
------------------------------------------------------------------x

## <u>BALLOT FOR CLASS 3 GENERAL UNSECURED CLAIMS</u>

Ambac Financial Group, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "<u>Debtor</u>") is soliciting votes with respect to the Debtor's second amended plan of reorganization (as may be subsequently amended, supplemented, or modified from time to time, the "<u>Plan</u>"), from the holders of certain impaired claims against the Debtor. The United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") has approved the second amended disclosure statement with respect to the Plan (the "<u>Disclosure Statement</u>"), which provides information to assist you in determining whether to vote to accept or reject the Plan. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

The solicitation package which arrived with this ballot (the "<u>Ballot</u>") includes a copy of the Disclosure Statement (which includes the Plan as an exhibit thereto). Additional copies of the Disclosure Statement and the Plan can be obtained by visiting the Debtor's restructuring website, http://www.kccllc.net/ambac, or by calling Kurtzman Carson Consultants LLC, the Debtor's voting agent (the "<u>Voting Agent</u>"), at (877) 660-6619. You should review the Plan and Disclosure Statement before you vote. Pursuant to the Plan, General Unsecured Claims (as defined in the Plan) have been placed in Class 3. You may wish to seek legal advice concerning the classification and treatment of your General Unsecured Claim.

**If your Ballot is not received by November 23, 2011 at 5:00 p.m. (prevailing Pacific Time) (the "<u>Voting Deadline</u>"), your vote will not count as either an acceptance or rejection of the Plan. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.** The Ballot is neither a proof of claim form nor an admission by the Debtor of the nature, validity, or amount of your claims.

PLEASE COMPLETE THE FOLLOWING:

ITEM 1  The undersigned, the holder of a Class 3 General Unsecured Claim against the Debtor in the unpaid amount of

$$\$\text{\underline{\hspace{5cm}}},$$

votes to (check one box only):

| ☐ **ACCEPT THE PLAN** | ☐ **REJECT THE PLAN** |
|---|---|

REGARDLESS OF WHETHER YOU VOTE ON THE PLAN OR HOW YOU VOTE ON THE PLAN, CONFIRMATION OF THE PLAN BY THE BANKRUPTCY COURT WILL RESULT IN THE RELEASE OF THE RELEASED PARTIES (AS DEFINED IN THE PLAN) FROM ANY AND ALL CAUSES OF ACTION TO THE EXTENT SET FORTH IN THE PLAN.

ITEM 2  <u>Certification and Acknowledgment</u>.  By completing and returning this Ballot, the undersigned acknowledges that the Debtor's solicitation of votes is subject to all terms and conditions set forth in the Bankruptcy Court's order approving the Disclosure Statement.

Name of Creditor: _____

Name of Signatory (if different from name of creditor): _____

Title: _____

Signature: _____

TIN/SSN: _____

Street Address: _____

City, State, Zip Code: _____

Telephone: _____

Date Completed: _____

  PLEASE COMPLETE, SIGN, AND DATE THE BALLOT.  Completed and signed Ballots must be delivered either by mail with the enclosed envelope <u>or</u> by hand delivery, overnight courier, or first class mail to the Voting Agent at the following address:

> Ambac Ballot Processing Center
> c/o Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, CA 90245

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR**
**HOLDERS OF CLASS 3 GENERAL UNSECURED CLAIMS**

1.      The Debtor is soliciting the votes of holders of claims with respect to the Plan referred to in the Disclosure Statement (a copy of which has been transmitted to you, together with the Ballot).

2.      The Bankruptcy Court may confirm the Plan and thereby bind you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in at least one impaired class voting to accept or reject the Plan.  Thus, if Class 3 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and make it binding on you if the holders of claims in Classes 4 or 5 vote to accept the Plan and the Bankruptcy Court determines that the Plan does not discriminate unfairly, is fair and equitable, and otherwise satisfies the relevant requirements of section 1129 of title 11 of the United States Code.  If the Plan is confirmed by the Bankruptcy Court, all holders of claims against and equity interests in the Debtor, including those holders which abstain from voting on or reject the Plan and those holders which are not entitled to vote to accept or reject the Plan, will be bound by the confirmed Plan and the transactions contemplated thereby.  Please review the Disclosure Statement for additional information.

3.      In order to ensure that your vote is counted, you must complete the Ballot, indicate your decision to either accept or reject the Plan in the boxes provided in the Ballot, and sign and return the Ballot to the postal address set forth in the Ballot so that it is received by the Voting Agent prior to the Voting Deadline.  The Ballot will not be accepted by fax, e-mail, or other electronic means of transmission absent the consent of the Debtor.  No Ballot should be sent to the Debtor or the Debtor's financial or legal advisors.

4.      Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an entity, indicate your relationship with that entity and the capacity in which you are signing.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

5.      If you hold claims in more than one class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different class or account.  Each Ballot votes only your claims indicated on that Ballot.  Please complete and return each Ballot you received.  Please note that you must vote all of your claims within a particular class either to accept or reject the Plan and may not split your vote.

6.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, holders of claims should not surrender certificates or instruments representing or evidencing their claims and neither the Debtor nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

## PLEASE MAIL YOUR BALLOT PROMPTLY!

**If you have any questions regarding this Ballot or the voting**
**instructions, please call the Voting Agent at (877) 660-6619**

# EXHIBIT 2-A

## (Senior Noteholder Ballot)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                              :

*In re*                          :

                              :    **Chapter 11**

**AMBAC FINANCIAL GROUP, INC.,**     :

                              :    **Case No. 10-15973 (SCC)**

         **Debtor.**              :

                              :
---------------------------------------------------------------x

## BALLOT FOR CLASS 4 SENIOR NOTES CLAIMS

      Ambac Financial Group, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor") is soliciting votes with respect to the Debtor's second amended plan of reorganization (as may be subsequently amended, supplemented, or modified from time to time, the "Plan"), from the holders of certain impaired claims against the Debtor.  The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has approved the second amended disclosure statement with respect to the Plan (the "Disclosure Statement"), which provides information to assist you in determining whether to vote to accept or reject the Plan. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

      Class 4 consists of all claims held as of October 5, 2011 (the "Voting Record Date" with respect to the Plan) arising from or relating to the Senior Notes (as defined in the Plan) (the "Senior Notes Claims").

      The solicitation package which arrived with this ballot (the "Ballot") includes a copy of the Disclosure Statement (which includes the Plan as an exhibit thereto).  Additional copies of the Disclosure Statement and the Plan can be obtained by visiting the Debtor's restructuring website, http://www.kccllc.net/ambac, or by calling Kurtzman Carson Consultants LLC, the Debtor's voting agent (the "Voting Agent"), at (877) 660-6619.   You should review the Plan and Disclosure Statement before you vote.  You may wish to seek legal advice concerning the classification and treatment of your Senior Notes Claim.

      Holders of Senior Notes Claims may vote to accept or reject the Plan using this Ballot.  If you own Senior Notes with a CUSIP number other than that identified below or own additional Senior Notes with the CUSIP number identified below in a different account, you may receive additional solicitation packages containing additional Ballots.  You should vote all of the Ballots you receive to either accept or reject the Plan.

      If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.  The Ballot is neither a proof of claim form nor an admission by the Debtor of the nature, validity, or amount of your claims.

YOU MUST GIVE YOUR BALLOT TO YOUR BROKER, BANK, DEALER, AGENT, OR OTHER NOMINEE (EACH OF THE FOREGOING, A "NOMINEE").  PLEASE RETURN YOUR BALLOT TO YOUR NOMINEE BY NO LATER THAN _____, 2011 TO ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT, TAKE ANY OTHER NECESSARY ACTIONS IN CONNECTION WITH YOUR VOTE, AND RETURN THE MASTER BALLOT TO THE VOTING AGENT BEFORE NOVEMBER 23, 2011 AT 5:00 P.M. (PREVAILING PACIFIC TIME) (THE "VOTING DEADLINE").

PLEASE COMPLETE THE FOLLOWING:

ITEM 1      <u>Principal Amount of Senior Notes Claims</u>.  The undersigned certifies that as of October 5, 2011, the Voting Record Date, the undersigned was the beneficial owner (or authorized signatory for a beneficial owner) of Senior Notes in the following aggregate unpaid principal amount:

$_____

If you do not know the aggregate unpaid principal amount of Senior Notes held as of the Voting Record Date, please contact your Nominee.

ITEM 2      <u>Vote to Accept or Reject the Plan</u>.  The beneficial owner of the Senior Notes identified in Item 1 hereby votes to (please check one box only):

| ☐ **ACCEPT THE PLAN** | ☐ **REJECT THE PLAN** |
|---|---|

REGARDLESS OF WHETHER YOU VOTE ON THE PLAN OR HOW YOU VOTE ON THE PLAN, CONFIRMATION OF THE PLAN BY THE BANKRUPTCY COURT WILL RESULT IN THE RELEASE OF THE RELEASED PARTIES (AS DEFINED IN THE PLAN) FROM ANY AND ALL CAUSES OF ACTION TO THE EXTENT SET FORTH IN THE PLAN.

ITEM 3      <u>Certification as to Senior Notes Held in Additional Accounts</u>.  By completing and returning this Ballot, the undersigned certifies that either (i) it has not submitted any other Ballots for other Class 4 Senior Notes Claims held in other accounts, or (ii) it has provided the information specified in the following table for all other Class 4 Senior Notes Claims for which it has submitted additional Ballots, each of which indicate the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS TABLE IF YOU HAVE VOTED BALLOTS IN RESPECT OF CLASS 4 SENIOR NOTES CLAIMS OTHER THAN THIS BALLOT

| Account Number | Name of Nominee | CUSIP Number of Senior Notes | Principal Amount of Other Senior Notes Claims Voted |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

ITEM 4      <u>Certification and Acknowledgment</u>.  By completing and returning this Ballot, the undersigned certifies that it is the holder of the Senior Notes identified in Item 1 above and that it has full power and authority to vote to accept or reject the Plan and acknowledges that the Debtor's solicitation of votes is subject to all terms and conditions set forth in the Bankruptcy Court's order approving the Disclosure Statement.

Name of Creditor: _____

Name of Signatory (if different from name of creditor): _____

Title: _____

Signature: _____

If by an Authorized Agent, Title of Agent: _____

Street Address: _____

City, State, Zip Code: _____

Telephone: _____

E-mail: _____

Date Completed: _____

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR
HOLDERS OF CLASS 4 SENIOR NOTES CLAIMS**

1.　　The Debtor is soliciting the votes of holders of claims with respect to the Plan referred to in the Disclosure Statement (a copy of which has been transmitted to you, together with the Ballot).

2.　　The Bankruptcy Court may confirm the Plan and thereby bind you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in at least one impaired class voting to accept or reject the Plan. Thus, if Class 4 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and make it binding on you if the holders of claims in Classes 3 or 5 vote to accept the Plan and the Bankruptcy Court determines that the Plan does not discriminate unfairly, is fair and equitable, and otherwise satisfies the relevant requirements of section 1129 of title 11 of the United States Code. If the Plan is confirmed by the Bankruptcy Court, all holders of claims against and equity interests in the Debtor, including those holders which abstain from voting on or reject the Plan and those holders which are not entitled to vote to accept or reject the Plan, will be bound by the confirmed Plan and the transactions contemplated thereby. Please review the Disclosure Statement for additional information.

3.　　In order to ensure that your vote is counted, this Ballot must be properly completed, signed, and returned in accordance with the instructions of your broker, bank, dealer, agent, or other nominee (each of the foregoing, a "Nominee"). No Ballot should be sent to the Voting Agent, the Debtor, or the Debtor's financial or legal advisors.

4.　　The deadline for the receipt by the Voting Agent of all Ballots (including Master Ballots cast on behalf of beneficial owners of Senior Notes) is November 23, 2011 at 5:00 p.m. (prevailing Pacific Time). PLEASE RETURN THIS BALLOT TO YOUR NOMINEE BY NO LATER THAN _____, 2011 TO ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT, TAKE ANY OTHER NECESSARY ACTIONS IN CONNECTION WITH YOUR VOTE, AND RETURN THE MASTER BALLOT TO THE VOTING AGENT BEFORE THE VOTING DEADLINE. Ballots will not be accepted by fax, e-mail, or other electronic means of transmission absent the consent of the Debtor.

5.　　To properly complete this Ballot, you must follow the procedure described below:

(i)　　Provide the information required by Item 1.

(ii)　　If you have a Class 4 Senior Notes Claim, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2.

(iii)　　Provide the information required by Item 3, if applicable to you.

(iv)　　If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act, *i.e.*, a power of attorney or a certified copy of board resolutions authorizing you to so act.

(v)     If you also hold claims against the Debtor other than Class 4 Senior Notes Claims, you may receive more than one Ballot, labeled for a different class of claims.  Your vote will be counted in determining acceptance or rejection of the Plan by a particular class of claims only if you complete, sign, and return the Ballot labeled for that class of claims in accordance with the instructions on that Ballot.

(vi)    Provide your name and mailing address and sign and date the Ballot.

(vii)   Return the Ballot in accordance with the directions of your Nominee.

6.      If you have any questions regarding the Ballot, or if you did not receive a copy of the Disclosure Statement or the Plan, please contact the Voting Agent, Kurtzman Carson Consultants LLC, by visiting the Debtor's restructuring website, http://www.kccllc.net/ambac, or by telephone at (877) 660-6619.

# EXHIBIT 2-B

## (Subordinated Noteholder Ballot)

-----------------------------------------------------------------x
                                               :

*In re*                                     :

                                        :     **Chapter 11**

**AMBAC FINANCIAL GROUP, INC.,**      :

                                        :     **Case No. 10-15973 (SCC)**

           **Debtor.**                     :

                                               :

-----------------------------------------------------------------x

## BALLOT FOR CLASS 5 SUBORDINATED NOTES CLAIMS

Ambac Financial Group, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor") is soliciting votes with respect to the Debtor's second amended plan of reorganization (as may be subsequently amended, supplemented, or modified from time to time, the "Plan"), from the holders of certain impaired claims against the Debtor.  The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has approved the second amended disclosure statement with respect to the Plan (the "Disclosure Statement"), which provides information to assist you in determining whether to vote to accept or reject the Plan. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

Class 5 consists of all claims held as of October 5, 2011 (the "Voting Record Date" with respect to the Plan) arising from or relating to the Subordinated Notes (as defined in the Plan and identified below) (the "Subordinated Notes Claims").

The solicitation package which arrived with this ballot (the "Ballot") includes a copy of the Disclosure Statement (which includes the Plan as an exhibit thereto).  Additional copies of the Disclosure Statement and the Plan can be obtained by visiting the Debtor's restructuring website, http://www.kccllc.net/ambac, or by calling Kurtzman Carson Consultants LLC, the Debtor's voting agent (the "Voting Agent"), at (877) 660-6619.   You should review the Plan and Disclosure Statement before you vote.  You may wish to seek legal advice concerning the classification and treatment of your Subordinated Notes Claim.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.  The Ballot is neither a proof of claim form nor an admission by the Debtor of the nature, validity, or amount of your claims.

YOU MUST GIVE YOUR BALLOT TO YOUR BROKER, BANK, DEALER, AGENT, OR OTHER NOMINEE (EACH OF THE FOREGOING, A "NOMINEE").  PLEASE RETURN YOUR BALLOT TO YOUR NOMINEE BY NO LATER THAN _____, 2011 TO ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT, TAKE ANY OTHER NECESSARY ACTIONS IN CONNECTION WITH YOUR VOTE, AND RETURN THE MASTER BALLOT TO THE VOTING AGENT BEFORE NOVEMBER 23, 2011 AT 5:00 P.M. (PREVAILING PACIFIC TIME) (THE "VOTING DEADLINE").

PLEASE COMPLETE THE FOLLOWING:

ITEM 1    Principal Amount of Subordinated Notes Claims.  The undersigned certifies that as of October 5, 2011, the Voting Record Date, the undersigned was the beneficial owner (or authorized signatory for a beneficial owner) of Subordinated Notes in the following aggregate unpaid principal amount:

$_____

If you do not know the aggregate unpaid principal amount of Subordinated Notes held as of the Voting Record Date, please contact your Nominee.

ITEM 2    Vote to Accept or Reject the Plan.  The beneficial owner of the Subordinated Notes identified in Item 1 hereby votes to (please check one box only):

| ☐ ACCEPT THE PLAN | ☐ REJECT THE PLAN |
|---|---|

REGARDLESS OF WHETHER YOU VOTE ON THE PLAN OR HOW YOU VOTE ON THE PLAN, CONFIRMATION OF THE PLAN BY THE BANKRUPTCY COURT WILL RESULT IN THE RELEASE OF THE RELEASED PARTIES (AS DEFINED IN THE PLAN) FROM ANY AND ALL CAUSES OF ACTION TO THE EXTENT SET FORTH IN THE PLAN.

ITEM 3    Certification as to Subordinated Notes Held in Additional Accounts.  By completing and returning this Ballot, the undersigned certifies that either (i) it has not submitted any other Ballots for other Class 5 Subordinated Notes Claims held in other accounts, or (ii) it has provided the information specified in the following table for all other Class 5 Subordinated Notes Claims for which it has submitted additional Ballots, each of which indicate the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS TABLE IF YOU HAVE VOTED BALLOTS IN RESPECT OF CLASS 5 SUBORDINATED NOTES CLAIMS OTHER THAN THIS BALLOT

| Account Number | Name of Nominee | Principal Amount of Other Subordinated Notes Claims Voted |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

ITEM 4    <u>Certification and Acknowledgment</u>.  By completing and returning this Ballot, the undersigned certifies that it is the holder of the Subordinated Notes identified in Item 1 above and that it has full power and authority to vote to accept or reject the Plan and acknowledges that the Debtor's solicitation of votes is subject to all terms and conditions set forth in the Bankruptcy Court's order approving the Disclosure Statement.

Name of Creditor: _____

Name of Signatory (if different from name of creditor): _____

Title: _____

Signature: _____

If by an Authorized Agent, Title of Agent: _____

Street Address: _____

City, State, Zip Code: _____

Telephone: _____

E-mail: _____

Date Completed: _____

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR
HOLDERS OF CLASS 5 SUBORDINATED NOTES CLAIMS**

1.      The Debtor is soliciting the votes of holders of claims with respect to the Plan referred to in the Disclosure Statement (a copy of which has been transmitted to you, together with the Ballot).

2.      The Bankruptcy Court may confirm the Plan and thereby bind you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in at least one impaired class voting to accept or reject the Plan.   Thus, if Class 5 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and make it binding on you if the holders of claims in Classes 3 or 4 vote to accept the Plan and the Bankruptcy Court determines that the Plan does not discriminate unfairly, is fair and equitable, and otherwise satisfies the relevant requirements of section 1129 of title 11 of the United States Code.  If the Plan is confirmed by the Bankruptcy Court, all holders of claims against and equity interests in the Debtor, including those holders which abstain from voting on or reject the Plan and those holders which are not entitled to vote to accept or reject the Plan, will be bound by the confirmed Plan and the transactions contemplated thereby.   Please review the Disclosure Statement for additional information.

3.      In order to ensure that your vote is counted, this Ballot must be properly completed, signed, and returned in accordance with the instructions of your broker, bank, dealer, agent, or other nominee (each of the foregoing, a "Nominee").  No Ballot should be sent to the Voting Agent, the Debtor, or the Debtor's financial or legal advisors.

4.      The deadline for the receipt by the Voting Agent of all Ballots (including Master Ballots cast on behalf of beneficial owners of Subordinated Notes) is November 23, 2011 at 5:00 p.m. (prevailing Pacific Time).  PLEASE RETURN THIS BALLOT TO YOUR NOMINEE BY NO LATER THAN _____, 2011 TO ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT, TAKE ANY OTHER NECESSARY ACTIONS IN CONNECTION WITH YOUR VOTE, AND RETURN THE MASTER BALLOT TO THE VOTING AGENT BEFORE THE VOTING DEADLINE.  Ballots will not be accepted by fax, e-mail, or other electronic means of transmission absent the consent of the Debtor.

5.      To properly complete this Ballot, you must follow the procedure described below:

   (i)      Provide the information required by Item 1.

   (ii)     If you have a Class 5 Subordinated Notes Claim, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2.

   (iii)    Provide the information required by Item 3, if applicable to you.

   (iv)    If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act, *i.e.*, a power of attorney or a certified copy of board resolutions authorizing you to so act.

(v)      If you also hold claims against the Debtor other than Class 5 Subordinated Notes Claims, you may receive more than one Ballot, labeled for a different class of claims. Your vote will be counted in determining acceptance or rejection of the Plan by a particular class of claims only if you complete, sign, and return the Ballot labeled for that class of claims in accordance with the instructions on that Ballot.

(vi)      Provide your name and mailing address and sign and date the Ballot.

(vii)     Return the Ballot in accordance with the directions of your Nominee.

6.      If you have any questions regarding the Ballot, or if you did not receive a copy of the Disclosure Statement or the Plan, please contact the Voting Agent, Kurtzman Carson Consultants LLC, by visiting the Debtor's restructuring website, http://www.kccllc.net/ambac, or by telephone at (877) 660-6619.

## EXHIBIT 3-A

**(Senior Noteholder Master Ballot)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                        :

*In re*                                    :

                                    :      **Chapter 11**

**AMBAC FINANCIAL GROUP, INC.,**    :

                                    :      **Case No. 10-15973 (SCC)**

           **Debtor.**            :

                                    :
-------------------------------------------------------------x

## MASTER BALLOT FOR CLASS 4
## SENIOR NOTES CLAIMS

       Ambac Financial Group, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor") is soliciting votes with respect to the Debtor's second amended plan of reorganization (as may be subsequently amended, supplemented, or modified from time to time, the "Plan"), from the holders of certain impaired claims against the Debtor. The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has approved the second amended disclosure statement with respect to the Plan (the "Disclosure Statement"), which provides information to assist holders of Senior Notes Claims (as defined below) in deciding how to vote their respective ballots (the "Senior Noteholder Ballots").

       Class 4 consists of all claims held as of October 5, 2011 (the "Voting Record Date" with respect to the Plan) arising from or relating to the Senior Notes (as defined in the Plan) (the "Senior Notes Claims").

       The solicitation package (the "Solicitation Package") distributed to holders of Senior Notes Claims includes a copy of the Disclosure Statement, which includes the Plan as an exhibit thereto. If you do not have a copy of the Plan or the Disclosure Statement, you may obtain copies by visiting the Debtor's restructuring website, http://www.kccllc.net/ambac, or by calling Kurtzman Carson Consultants LLC, the Debtor's voting agent (the "Voting Agent"), at (877) 660-6619.

       This ballot (the "Master Ballot") is to be used by you as a broker, bank, dealer, agent, or other nominee (each of the foregoing, a "Nominee") or as the proxy holder of a Nominee or beneficial owner of Senior Notes with the CUSIP number identified below, to transmit to the Voting Agent the votes of such beneficial owners in respect of their Senior Notes Claims to accept or reject the Plan.

[Description of Senior Note]     CUSIP No. _____

PLEASE COMPLETE THE FOLLOWING:

ITEM 1      <u>Certification of Authority to Vote</u>. The undersigned certifies that as of October 5, 2011, the Voting Record Date, the undersigned (please check the appropriate box):

☐      Is a Nominee of the beneficial owners of the aggregate principal amount of the Senior Notes listed in Item 2 below, or

☐      Is acting under a power of attorney and/or agency, a copy of which will be provided upon request, granted by a Nominee of the beneficial owners of the aggregate principal amount of the Senior Notes listed in Item 2 below, or

☐      Has been granted a proxy, an original of which is attached hereto, from a Nominee of the beneficial owners of the aggregate principal amount of the Senior Notes listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of Senior Notes Claims held by the beneficial owners of the Senior Notes described in Item 2 below.

ITEM 2      <u>Vote</u>. The undersigned transmits the following votes of beneficial owners in respect of their Senior Notes Claims and certifies that the following beneficial owners of the Senior Notes with the CUSIP number identified on the bottom of page 1 of this Master Ballot, as identified by their respective customer account numbers set forth below, are beneficial owners of such securities as of the Voting Record Date and have delivered to the undersigned, as Nominee, their ballots (the "<u>Senior Noteholder Ballots</u>") casting such votes. Indicate in the appropriate column the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table. Please note that each beneficial owner must vote <u>all</u> of its Senior Notes Claims to accept <u>or</u> reject the Plan and may <u>not</u> split such vote. In order to vote to accept or reject the Plan, the beneficial owner must have checked a box in Item 2 to ACCEPT or REJECT the Plan on the individual Senior Noteholder Ballot. If the beneficial owner did not check a box in Item 2 on its individual Senior Noteholder Ballot, its vote will not be counted.

| Account Number and Name of Each Beneficial Owner That Voted and is a Senior Noteholder | List Principal Amount Voted to ACCEPT the Plan | List Principal Amount Voted to REJECT the Plan |
|---|---|---|
| | | |

| Account Number and Name of Each Beneficial Owner That Voted and is a Senior Noteholder | List Principal Amount Voted to ACCEPT the Plan | List Principal Amount Voted to REJECT the Plan |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

ITEM 3    <u>Certification as to Transcription of Information From Item 3 as to Senior Notes Claims Voted Through Other Senior Noteholder Ballots</u>.  The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by beneficial owners of Senior Notes in Item 3 of the beneficial owner's original Senior Noteholder Ballot, identifying any Senior Notes Claims for which such beneficial owners have submitted other Senior Noteholder Ballots other than to the undersigned.

| YOUR Customer Account Number for Each Beneficial Owner Which Completed Item 3 of the Senior Noteholder Ballots | Transcribe From Item 3 of the Senior Noteholder Ballots | | | |
|---|---|---|---|---|
|  | Account Number | Name of Nominee | CUSIP Number of Senior Notes | Principal Amount of Other Senior Notes Claims Voted |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

ITEM 4      <u>Certification and Acknowledgment</u>.    By signing this Master Ballot, the undersigned certifies that each beneficial owner of the Senior Notes listed in Item 2 above has been provided with a Solicitation Package and acknowledges that the Debtor's solicitation of votes is subject to all terms and conditions set forth in the Bankruptcy Court's order approving the Disclosure Statement.

Name of Voting Nominee:          _____

Participant Number:          _____

Name of Proxy Holder/Agent for Nominee (if applicable):   _____

TIN/SSN:          _____

Signature:          _____

By:          _____

Title:          _____

Street Address:          _____

City, State, Zip Code:          _____

Telephone:          _____

E-mail:          _____

Date Completed:          _____

**INSTRUCTIONS FOR COMPLETING THE**
**SENIOR NOTEHOLDER MASTER BALLOT**

1.    Voting Deadline/Voting Agent.    In order to have the votes of the beneficial owner(s) for whom you act as Nominee count, you must complete, sign, and return the Master Ballot so that it is actually received by the Voting Agent before November 23, 2011 at 5:00 p.m. (prevailing Pacific Time) (the "Voting Deadline").  The Master Ballot must be delivered either by mail with the enclosed envelope or by hand delivery, overnight courier, or first class mail to the Voting Agent at the following address:

> Ambac Ballot Processing Center
> c/o Kurtzman Carson Consultants LLC
> 599 Lexington Avenue, 39th Floor
> New York, NY 10022

The Master Ballot will not be accepted by fax, e-mail, or other electronic means of transmission absent the consent of the Debtor.

2.    How to Vote.

(i)    If you are both the Nominee and the beneficial owner of any principal amount of the Senior Notes and you wish to vote any Senior Notes Claims held on account thereof, you may complete, execute, and return to the Voting Agent either a Senior Noteholder Ballot or a Master Ballot.

(ii)    If you are transmitting the votes of any beneficial owners of Senior Notes other than yourself, you must:

(a)    Forward the Solicitation Package within three (3) calendar days of you receiving it to the beneficial owner of Senior Notes for voting, together with a return envelope provided by and addressed to the Nominee, with the beneficial owner then returning the individual Senior Noteholder Ballot to the Nominee.  In such case, the Nominee will tabulate the votes of its respective beneficial owners on the Master Ballot in accordance with the instructions contained herein, and then return the Master Ballot to the Voting Agent before the Voting Deadline.  You should advise the beneficial owners to return their individual Senior Noteholder Ballots to you by a date calculated by you to allow you to prepare, take all required actions, and return the Master Ballot to the Voting Agent so that the Master Ballot is actually received by the Voting Agent by the Voting Deadline.  You should include this calculated date in the blank space located in the first paragraph of page 2 and the fourth paragraph of page 4 of the Senior Noteholder Ballots.

- and -

(b)     With respect to all Senior Noteholder Ballots returned to you, you must properly complete the Master Ballot as follows:

(1)     Check the appropriate box in Item 1 of the Master Ballot.

(2)     Indicate the votes to accept or reject the Plan. EACH BENEFICIAL OWNER MUST VOTE <u>ALL</u> OF ITS SENIOR NOTES CLAIMS <u>EITHER</u> TO ACCEPT <u>OR</u> REJECT THE PLAN AND MAY <u>NOT</u> SPLIT SUCH VOTE. IF A BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT ITS VOTE, PLEASE CONTACT THE VOTING AGENT. By order of the Bankruptcy Court, any Senior Noteholder Ballot that is signed, dated, and timely received, but does not indicate acceptance or rejection of the Plan will not be counted.

(3)     Please note that Item 3 of the Master Ballot requests that you transcribe the information provided by each beneficial owner in Item 3 of each Senior Noteholder Ballot relating to other Senior Notes Claims voted.

(4)     Review the certification in Item 4 of the Master Ballot.

(5)     Sign and date the Master Ballot and provide the remaining information requested.

(6)     If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable item of the Master Ballot to which you are responding.

(7)     You must retain a copy of each Senior Noteholder Ballot for inspection for a period of at least one (1) year following the Voting Deadline.

(8)     Deliver the completed and executed Master Ballot so it is <u>received</u> by the Voting Agent before the Voting Deadline.

3.     <u>Reimbursement</u>. No fees, commissions, or other remuneration will be payable to any Nominee for soliciting votes to accept or reject the Plan. The Debtor will reimburse you for reasonable, necessary, and actual expenses incurred by you in forwarding the Solicitation Packages to the beneficial owners of the Senior Notes held by you as Nominee or in a fiduciary capacity and in tabulating the Senior Noteholder Ballots.

4.      If you have any questions regarding the Master Ballot, or if you did not receive a copy of the Disclosure Statement or the Plan, or if you need additional Master Ballots, Senior Noteholder Ballots, or Solicitation Packages, please contact the Voting Agent, Kurtzman Carson Consultants LLC, by visiting the Debtor's restructuring website, http://www.kccllc.net/ambac, or by telephone at (877) 833-4150.

## EXHIBIT 3-B

**(Subordinated Noteholder Master Ballot)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x
                                                   :
*In re*                                            :
                                                   :      **Chapter 11**
AMBAC FINANCIAL GROUP, INC.,                       :
                                                   :      **Case No. 10-15973 (SCC)**
            Debtor.                                :
                                                   :
--------------------------------------------------------------x

## MASTER BALLOT FOR CLASS 5
### SUBORDINATED NOTES CLAIMS

Ambac Financial Group, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor") is soliciting votes with respect to the Debtor's second amended plan of reorganization (as may be subsequently amended, supplemented, or modified from time to time, the "Plan"), from the holders of certain impaired claims against the Debtor. The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has approved the second amended disclosure statement with respect to the Plan (the "Disclosure Statement"), which provides information to assist holders of Subordinated Notes Claims (as defined below) in deciding how to vote their respective ballots (the "Subordinated Noteholder Ballots").

Class 5 consists of all claims held as of October 5, 2011 (the "Voting Record Date" with respect to the Plan) arising from or relating to the Subordinated Notes (as defined in the Plan and identified below) (the "Subordinated Notes Claims").

The solicitation package (the "Solicitation Package") distributed to holders of Subordinated Notes Claims includes a copy of the Disclosure Statement, which includes the Plan as an exhibit thereto. If you do not have a copy of the Plan or the Disclosure Statement, you may obtain copies by visiting the Debtor's restructuring website, http://www.kccllc.net/ambac, or by calling Kurtzman Carson Consultants LLC, the Debtor's voting agent (the "Voting Agent"), at (877) 660-6619.

This ballot (the "Master Ballot") is to be used by you as a broker, bank, dealer, agent, or other nominee (each of the foregoing, a "Nominee") or as the proxy holder of a Nominee or beneficial owner of Subordinated Notes, to transmit to the Voting Agent the votes of such beneficial owners in respect of their Subordinated Notes Claims to accept or reject the Plan.

6.15% Directly Issued Subordinated Capital Securities due February 7, 2087      CUSIP No. 023139AF5

PLEASE COMPLETE THE FOLLOWING:

ITEM 1     <u>Certification of Authority to Vote</u>.  The undersigned certifies that as of October 5, 2011, the Voting Record Date, the undersigned (please check the appropriate box):

☐     Is a Nominee of the beneficial owners of the aggregate principal amount of the Subordinated Notes listed in Item 2 below, or

☐     Is acting under a power of attorney and/or agency, a copy of which will be provided upon request, granted by a Nominee of the beneficial owners of the aggregate principal amount of the Subordinated Notes listed in Item 2 below, or

☐     Has been granted a proxy, an original of which is attached hereto, from a Nominee of the beneficial owners of the aggregate principal amount of the Subordinated Notes listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of Subordinated Notes Claims held by the beneficial owners of the Subordinated Notes described in Item 2 below.

ITEM 2     <u>Vote</u>.  The undersigned transmits the following votes of beneficial owners in respect of their Subordinated Notes Claims and certifies that the following beneficial owners of the Subordinated Notes, as identified by their respective customer account numbers set forth below, are beneficial owners of such securities as of the Voting Record Date and have delivered to the undersigned, as Nominee, their ballots (the "<u>Subordinated Noteholder Ballots</u>") casting such votes.  Indicate in the appropriate column the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each beneficial owner must vote <u>all</u> of its Subordinated Notes Claims to accept <u>or</u> reject the Plan and may <u>not</u> split such vote.  In order to vote to accept or reject the Plan, the beneficial owner must have checked a box in Item 2 to ACCEPT or REJECT the Plan on the individual Subordinated Noteholder Ballot.  If the beneficial owner did not check a box in Item 2 on its individual Subordinated Noteholder Ballot, its vote will not be counted.

| Account Number and Name of Each Beneficial Owner That Voted and is a Subordinated Noteholder | List Principal Amount Voted to ACCEPT the Plan | List Principal Amount Voted to REJECT the Plan |
|---|---|---|
|  |  |  |

| Account Number and Name of Each Beneficial Owner That Voted and is a Subordinated Noteholder | List Principal Amount Voted to ACCEPT the Plan | List Principal Amount Voted to REJECT the Plan |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

ITEM 3    <u>Certification as to Transcription of Information From Item 3 as to Subordinated Notes Claims Voted Through Other Subordinated Noteholder Ballots.</u>    The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by beneficial owners of Subordinated Notes in Item 3 of the beneficial owner's original Subordinated Noteholder Ballot, identifying any Subordinated Notes Claims for which such beneficial owners have submitted other Subordinated Noteholder Ballots other than to the undersigned.

| YOUR Customer Account Number for Each Beneficial Owner Which Completed Item 3 of the Subordinated Noteholder Ballots | Transcribe From Item 3 of the Subordinated Noteholder Ballots | | |
|---|---|---|---|
|  | Account Number | Name of Nominee | Principal Amount of Other Subordinated Notes Claims Voted |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

ITEM 4     <u>Certification and Acknowledgment</u>.   By signing this Master Ballot, the undersigned certifies that each beneficial owner of the Subordinated Notes listed in Item 2 above has been provided with a Solicitation Package and acknowledges that the Debtor's solicitation of votes is subject to all terms and conditions set forth in the Bankruptcy Court's order approving the Disclosure Statement.

Name of Voting Nominee:                               _____

Participant Number:                                       _____

Name of Proxy Holder/Agent for Nominee (if applicable):   _____

TIN/SSN:   _____

Signature:   _____

By:   _____

Title:   _____

Street Address:   _____

City, State, Zip Code:   _____

Telephone:   _____

E-mail:   _____

Date Completed:   _____

**INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT**

1.     Voting Deadline/Voting Agent.   In order to have the votes of the beneficial owner(s) for whom you act as Nominee count, you must complete, sign, and return the Master Ballot so that it is actually received by the Voting Agent before November 23, 2011 at 5:00 p.m. (prevailing Pacific Time) (the "Voting Deadline").  The Master Ballot must be delivered either by mail with the enclosed envelope or by hand delivery, overnight courier, or first class mail to the Voting Agent at the following address:

> Ambac Ballot Processing Center
> c/o Kurtzman Carson Consultants LLC
> 599 Lexington Avenue, 39th Floor
> New York, NY 10022

The Master Ballot will not be accepted by fax, e-mail, or other electronic means of transmission absent the consent of the Debtor.

2.     How to Vote.

(i)     If you are both the Nominee and the beneficial owner of any principal amount of the Subordinated Notes and you wish to vote any Subordinated Notes Claims held on account thereof, you may complete, execute, and return to the Voting Agent either a Subordinated Noteholder Ballot or a Subordinated Noteholder Master Ballot.

(ii)     If you are transmitting the votes of any beneficial owners of Subordinated Notes other than yourself, you must:

(a)     Forward the Solicitation Package within three (3) calendar days of you receiving it to the beneficial owner of Subordinated Notes for voting, together with a return envelope provided by and addressed to the Nominee, with the beneficial owner then returning the individual Subordinated Noteholder Ballot to the Nominee.  In such case, the Nominee will tabulate the votes of its respective beneficial owners on the Master Ballot in accordance with the instructions contained herein, and then return the Master Ballot to the Voting Agent before the Voting Deadline.  You should advise the beneficial owners to return their individual Subordinated Noteholder Ballots to you by a date calculated by you to allow you to prepare, take all required actions, and return the Master Ballot to the Voting Agent so that the Master Ballot is actually received by the Voting Agent by the Voting Deadline.  You should include this calculated date in the blank space located in the first paragraph of page 2 and the fourth paragraph of page 4 of the Subordinated Noteholder Ballots.

- and -

(b)     With respect to all Subordinated Noteholder Ballots returned to you, you must properly complete the Master Ballot as follows:

(1)     Check the appropriate box in Item 1 of the Master Ballot.

(2)     Indicate the votes to accept or reject the Plan. EACH BENEFICIAL OWNER MUST VOTE <u>ALL</u> OF ITS SUBORDINATED NOTES CLAIMS <u>EITHER</u> TO ACCEPT <u>OR</u> REJECT THE PLAN AND MAY <u>NOT</u> SPLIT SUCH VOTE. IF A BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT ITS VOTE, PLEASE CONTACT THE VOTING AGENT. By order of the Bankruptcy Court, any Subordinated Noteholder Ballot that is signed, dated, and timely received, but does not indicate acceptance or rejection of the Plan will not be counted.

(3)     Please note that Item 3 of the Master Ballot requests that you transcribe the information provided by each beneficial owner in Item 3 of each Subordinated Noteholder Ballot relating to other Subordinated Notes Claims voted.

(4)     Review the certification in Item 4 of the Master Ballot.

(5)     Sign and date the Master Ballot and provide the remaining information requested.

(6)     If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable item of the Master Ballot to which you are responding.

(7)     You must retain a copy of each Subordinated Noteholder Ballot for inspection for a period of at least one (1) year following the Voting Deadline.

(8)     Deliver the completed and executed Master Ballot so it is <u>received</u> by the Voting Agent before the Voting Deadline.

3.     <u>Reimbursement</u>. No fees, commissions, or other remuneration will be payable to any Nominee for soliciting votes to accept or reject the Plan. The Debtor will reimburse you for reasonable, necessary, and actual expenses incurred by you in forwarding the Solicitation Packages to the beneficial owners of the Subordinated Notes held by you as Nominee or in a fiduciary capacity and in tabulating the Subordinated Noteholder Ballots.

4.      If you have any questions regarding the Master Ballot, or if you did not receive a copy of the Disclosure Statement or the Plan, or if you need additional Master Ballots, Subordinated Noteholder Ballots, or Solicitation Packages, please contact the Voting Agent, Kurtzman Carson Consultants LLC, by visiting the Debtor's restructuring website, http://www.kccllc.net/ambac, or by telephone at (877) 833-4150.

# EXHIBIT 4

## (Notice of Non-Voting Unimpaired Status)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
                                                            :
*In re*                                                     :
                                                            :   **Chapter 11**
**AMBAC FINANCIAL GROUP, INC.,**                            :
                                                            :   **Case No. 10-15973 (SCC)**
                    **Debtor.**                             :
                                                            :
--------------------------------------------------------------x

## NOTICE OF NON-VOTING STATUS TO UNIMPAIRED CLASSES

PLEASE TAKE NOTICE that on _____, 2011, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order approving the second amended disclosure statement (the "Disclosure Statement") with respect to the proposed second amended chapter 11 plan of reorganization (as may be subsequently amended, supplemented, or modified from time to time, the "Plan") of Ambac Financial Group, Inc., as debtor and debtor in possession in the above-captioned case (the "Debtor"), for use in connection with soliciting acceptances or rejections of the Plan.[1]

PLEASE TAKE FURTHER NOTICE that this Notice of Non-Voting Status to Unimpaired Classes is being sent to holders of Claims in the following classes which are unimpaired, and therefore, conclusively presumed to accept the Plan and not entitled to vote to accept or reject the Plan pursuant to Bankruptcy Code section 1126(f):

      (i)      Class 1 Priority Non-Tax Claims; and

      (ii)     Class 2 Secured Claims.

Notwithstanding this Notice of Non-Voting Status to Unimpaired Classes, you have the right to object to confirmation of the Plan. Procedures for objecting to confirmation of the Plan are set forth in the notice of the Confirmation Hearing, enclosed herewith.

PLEASE TAKE FURTHER NOTICE that copies of the Plan, the Disclosure Statement, and any other documents filed in the Debtor's chapter 11 case can be obtained by visiting the Debtor's restructuring website, http://www.kccllc.net/ambac, or by calling Kurtzman Carson Consultants LLC, the Debtor's voting agent, at (877) 660-6619. Copies of these documents may also be obtained at the Court's website, http://www.nysb.uscourts.gov. A PACER login and password, which can be obtained at http://www.pacer.psc.uscourts.gov, are required to access documents on the Court's website.

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Plan.

Dated: _____, 2011
         New York, New York

_____
Peter A. Ivanick
Allison H. Weiss
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

- and -

Todd L. Padnos (admitted *pro hac vice*)
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303
Tel: (650) 845-7000
Fax: (650) 845-7333

*Attorneys for the Debtor and Debtor in Possession*

# EXHIBIT 5

## (Notice of Non-Voting Impaired Status)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
```
*In re*                                   :
                                          :     **Chapter 11**
**AMBAC FINANCIAL GROUP, INC.,**          :
                                          :     **Case No. 10-15973 (SCC)**
            **Debtor.**                   :
                                          :
```
------------------------------------------------------------x
```

## <u>NOTICE OF NON-VOTING STATUS TO IMPAIRED CLASSES</u>

PLEASE TAKE NOTICE that on _____, 2011, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered an order approving the second amended disclosure statement (the "<u>Disclosure Statement</u>") with respect to the proposed second amended chapter 11 plan of reorganization (as may be subsequently amended, supplemented, or modified from time to time, the "<u>Plan</u>") of Ambac Financial Group, Inc., as debtor and debtor in possession in the above-captioned case (the "<u>Debtor</u>"), for use in connection with soliciting acceptances or rejections of the Plan.[1]

PLEASE TAKE FURTHER NOTICE that this Notice of Non-Voting Status to Impaired Classes is being sent to holders of Claims and Equity Interests in the following classes which are impaired, and therefore, deemed to reject the Plan and not entitled to vote to accept or reject the Plan pursuant to Bankruptcy Code section 1126(g):

    (i)       Class 6 Section 510(b) Claims;

    (ii)      Class 7 Intercompany Claims; and

    (iii)     Class 8 Equity Interests.

Notwithstanding this Notice of Non-Voting Status to Impaired Classes, you have the right to contest your non-voting status and object to confirmation of the Plan. Procedures for objecting to confirmation of the Plan are set forth in the notice of the Confirmation Hearing, enclosed herewith.

PLEASE TAKE FURTHER NOTICE that if you believe that your Claim or Equity Interest has been misclassified or that you are otherwise entitled to vote on the Plan, you may file with the Court a motion for entry of an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your Claim for voting purposes (a "<u>Bankruptcy Rule 3018(a) Motion</u>") and schedule a hearing in respect thereof with the Court. A Bankruptcy Rule 3018(a) Motion must: (i) be in writing; (ii) conform to the Bankruptcy Rules, the Local Rules, and the *Amended Notice, Case*

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Plan.

*Management, and Administrative Procedures* approved by the Court [Docket No. 75]; (iii) state with particularity the legal and factual basis for the Bankruptcy Rule 3018(a) Motion; and (iv) be filed with the Court, together with a proof of service, and served upon the following parties so as to be actually received on or before November 9, 2011 at 4:00 p.m. (prevailing Eastern Time): (a) the chambers of the Honorable Shelley C. Chapman, United States Bankruptcy Judge, One Bowling Green, Courtroom 610, New York, New York 10004; (b) counsel for the Debtor, Dewey & LeBoeuf LLP, Attn: Jeffrey Chubak, 1301 Avenue of the Americas, New York, New York 10019; (c) counsel for the Statutory Committee of Creditors, Morrison & Foerster LLP, Attn: Anthony Princi, 1290 Avenue of the Americas, New York, New York 10104; (d) counsel for the Office of the Commissioner of Insurance of the State of Wisconsin, Foley & Lardner LLP, Attn: Frank W. DiCastri, 777 East Wisconsin Avenue, Milwaukee, Wisconsin 53202; (e) the Office of the United States Trustee for the Southern District of New York, Attn: Brian S. Masumoto, 33 Whitehall Street, 21st Floor, New York, New York, 10004; and (f) all entities which have filed a written request for notice with the Court pursuant to Bankruptcy Rule 2002. Upon the filing of a Bankruptcy Rule 3018(a) Motion, your vote shall not be counted unless temporarily allowed by an order of the Court entered before November 23, 2011 at 5:00 p.m. (prevailing Pacific Time).

PLEASE TAKE FURTHER NOTICE that copies of the Plan, the Disclosure Statement, and any other documents filed in the Debtor's chapter 11 case can be obtained by visiting the Debtor's restructuring website, http://www.kccllc.net/ambac, or by calling Kurtzman Carson Consultants LLC, the Debtor's voting agent, at (877) 660-6619. Copies of these documents may also be obtained at the Court's website, http://www.nysb.uscourts.gov. A PACER login and password, which can be obtained at http://www.pacer.psc.uscourts.gov, are required to access documents on the Court's website.

Dated: _____, 2011
        New York, New York

                                        _____
                                        Peter A. Ivanick
                                        Allison H. Weiss
                                        DEWEY & LEBOEUF LLP
                                        1301 Avenue of the Americas
                                        New York, New York 10019
                                        Tel: (212) 259-8000
                                        Fax: (212) 259-6333

                                        - and -

                                        Todd L. Padnos (admitted *pro hac vice*)
                                        DEWEY & LEBOEUF LLP
                                        1950 University Avenue, Suite 500
                                        East Palo Alto, California 94303
                                        Tel: (650) 845-7000
                                        Fax: (650) 845-7333

                                        *Attorneys for the Debtor and Debtor in
                                        Possession*

## EXHIBIT 6

## (Confirmation Hearing Notice)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                                              :
*In re*                                                                     :
                                                                              :     **Chapter 11**
**AMBAC FINANCIAL GROUP, INC.,**                   :
                                                                              :     **Case No. 10-15973 (SCC)**
            **Debtor.**                                           :
                                                                              :
---------------------------------------------------------------x

## NOTICE OF ENTRY OF ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) ESTABLISHING SOLICITATION, VOTING, AND TABULATION PROCEDURES, (III) APPOINTING A VOTING AGENT, AND (IV) SCHEDULING A CONFIRMATION HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

TO:    ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS AND PARTIES IN INTEREST IN THE ABOVE-CAPTIONED CASE

PLEASE TAKE NOTICE that on _____, 2011, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order approving the second amended disclosure statement (the "Disclosure Statement") with respect to the proposed second amended chapter 11 plan of reorganization (as may be subsequently amended, supplemented, or modified from time to time, the "Plan") of Ambac Financial Group, Inc., as debtor and debtor in possession in the above-captioned case (the "Debtor"), for use in connection with soliciting acceptances or rejections of the Plan (the "Disclosure Statement Order").[1]

PLEASE TAKE FURTHER NOTICE that pursuant to the Disclosure Statement Order, only holders of Class 3 General Unsecured Claims, Class 4 Senior Notes Claims, and Class 5 Subordinated Notes Claims are entitled to vote to accept or reject the Plan. October 5, 2011 is the record date for the purpose of determining which holders of Class 3 General Unsecured Claims, Class 4 Senior Notes Claims, and Class 5 Subordinated Notes Claims are entitled to vote to accept or reject the Plan, or, in the case of Non-Voting Classes, for the purpose of determining which holders of Claims and Equity Interests are not entitled to vote to accept or reject the Plan and which holders are entitled to receive a Notice of Non-Voting Status.

PLEASE TAKE FURTHER NOTICE that **all votes to accept or reject the Plan must be actually received** by Kurtzman Carson Consultants LLC, the Debtor's voting agent, **by no later than November 23, 2011 at 5:00 p.m.** (prevailing Pacific Time). Ballots will not be accepted by fax, e-mail, or other electronic means of transmission absent the consent of the

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Plan or the Disclosure Statement Order, as applicable.

Debtor. Any failure by a holder of a Class 3 General Unsecured Claim, Class 4 Senior Notes Claim, or Class 5 Subordinated Notes Claim to follow the voting instructions included on such holder's Ballot may result in the disqualification of such holder's Ballot and vote.

PLEASE TAKE FURTHER NOTICE that on December 8, 2011 at 10:00 a.m. (prevailing Eastern Time), the Court shall hold a hearing (the "Confirmation Hearing") to consider the confirmation of the Plan, before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 610 of the Court, One Bowling Green, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the confirmation of the Plan by the Court must (i) be in writing; (ii) conform to the Bankruptcy Rules, the Local Rules, and the *Amended Notice, Case Management, and Administrative Procedures* approved by the Court [Docket No. 75]; (iii) state with particularity the legal and factual basis for the objection; and (iv) be filed with the Court, together with a proof of service, and served upon the following parties so as to be actually received on or before November 23, 2011 at 4:00 p.m. (prevailing Eastern Time): (a) the chambers of the Honorable Shelley C. Chapman, United States Bankruptcy Judge, One Bowling Green, Courtroom 610, New York, New York 10004; (b) counsel for the Debtor, Dewey & LeBoeuf LLP, Attn: Jeffrey Chubak, 1301 Avenue of the Americas, New York, New York 10019; (c) counsel for the Statutory Committee of Creditors, Morrison & Foerster LLP, Attn: Anthony Princi, 1290 Avenue of the Americas, New York, New York 10104; (d) counsel for the Office of the Commissioner of Insurance of the State of Wisconsin, Foley & Lardner LLP, Attn: Frank W. DiCastri, 777 East Wisconsin Avenue, Milwaukee, Wisconsin 53202; (e) the Office of the United States Trustee for the Southern District of New York, Attn: Brian S. Masumoto, 33 Whitehall Street, 21st Floor, New York, New York, 10004; and (f) all entities which have filed a written request for notice with the Court pursuant to Bankruptcy Rule 2002.

PLEASE TAKE FURTHER NOTICE that the Confirmation Hearing may be adjourned from time to time by the Debtor without further notice other than by such adjournment being announced in open Court or by a notice of adjournment filed with the Court and served upon parties entitled to receive notice in the Debtor's chapter 11 case and parties which have filed objections to the confirmation of the Plan.

PLEASE TAKE FURTHER NOTICE that copies of the Plan, the Disclosure Statement, and any other documents filed in the Debtor's chapter 11 case can be obtained by visiting the Debtor's restructuring website, http://www.kccllc.net/ambac, or by calling Kurtzman Carson Consultants LLC, the Debtor's voting agent, at (877) 660-6619. Copies of these documents may also be obtained at the Court's website, http://www.nysb.uscourts.gov. A PACER login and password, which can be obtained at http://www.pacer.psc.uscourts.gov, are required to access documents on the Court's website.

PLEASE TAKE FURTHER NOTICE that the Plan includes an injunction which prevents, among other things, any holder of a Claim against or Equity Interest in the Debtor from taking any of the following actions against the Debtor, the Reorganized Debtor, or the Debtor's Estate: (i) commencing or continuing any action or other proceeding on account of such Claims or Equity Interests; (ii) enforcing, attaching, collecting, or recovering any judgment, award,

decree, or order against such entities on account of such Claims or Equity Interests; (iii) creating, perfecting, or enforcing any Lien against such entities or their property on account of such Claims or Equity Interests; (iv) asserting any right of setoff, subrogation, or recoupment against any obligation due from such entities or their property on account of such Claims or Equity Interests, unless such holder has filed a motion requesting the right to perform such setoff, subrogation, or recoupment on or before the Confirmation Date; and (v) commencing or continuing any action that is inconsistent with the provisions of the Plan.

PLEASE TAKE FURTHER NOTICE that subject to certain limitations, the Plan provides that any holder of a Claim against or Equity Interest in the Debtor shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged certain Released Parties, including the board of directors and board committees of the Debtor and AAC, all current and former individual directors, officers, and employees of the Debtor and AAC, the Committee and the individual members thereof, the Indenture Trustees, the Informal Group and the individual members thereof, and each of their respective Representatives, from any and all Claims and Causes of Action of any nature whatsoever that such holder would have been legally entitled to assert based upon any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date.

PLEASE TAKE FURTHER NOTICE that the Plan provides that to the fullest extent permitted by applicable law, on the Effective Date, all persons or entities shall be permanently barred and enjoined from instituting, prosecuting, or continuing to prosecute any and all manner of Claims and Causes of Action against any or all of the Individual Defendants and any or all of the current or former officers, directors, or employees of any Ambac Entity (i) that were, could have been, might have been, or might be in the future asserted in any of the Securities Actions or any of the Derivative Actions; (ii) that arise out of any action or omission between October 19, 2005 and July 18, 2009 or relevant periods specified in any of the Derivative Actions by any of the Individual Defendants or any of the current or former officers, directors, or employees of any Ambac Entity relating to Ambac Entity or in his or her capacity as an officer, director, or employee of any Ambac Entity; or (iii) that arise out of any fact, action, omission, or failure to act that is alleged in any of the Securities Actions or the Derivative Actions or related to any fact, action, omission, or failure to act alleged in such actions; *provided*, *however*, that the injunctions and releases set forth in Article VIII.F of the Plan do not release and/or bar the ERISA claims at issue in the ERISA Action.

Dated: _____, 2011
          New York, New York

                                        _____
                                        Peter A. Ivanick
                                        Allison H. Weiss
                                        DEWEY & LEBOEUF LLP
                                        1301 Avenue of the Americas
                                        New York, New York 10019
                                        Tel: (212) 259-8000
                                        Fax: (212) 259-6333

                                        - and -

                                        Todd L. Padnos (admitted *pro hac vice*)
                                        DEWEY & LEBOEUF LLP
                                        1950 University Avenue, Suite 500
                                        East Palo Alto, California 94303
                                        Tel: (650) 845-7000
                                        Fax: (650) 845-7333

                                        *Attorneys for the Debtor and Debtor in*
                                        *Possession*