Peter A. Ivanick
Allison H. Weiss
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

- and -

Todd L. Padnos (admitted *pro hac vice*)
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303
Tel: (650) 845-7000
Fax: (650) 845-7333

*Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
*In re*                                    :
:
:  **Chapter 11**
**AMBAC FINANCIAL GROUP, INC.,**           :
:  **Case No. 10-15973 (SCC)**
**Debtor.**                                :
:
-----------------------------------------------------------------x

**EIGHTH MONTHLY STATEMENT OF DEWEY & LEBOEUF LLP FOR COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS ATTORNEYS FOR DEBTOR FOR THE PERIOD
FROM JULY 1, 2011 THROUGH JULY 31, 2011**

| | |
|---|---|
| Name of Applicant: | Dewey & LeBoeuf LLP ("D&L") |
| Authorized to Provide Professional Services to: | The Debtor |
| Date of Retention: | December 21, 2010, *nunc pro tunc* to November 8, 2010 (the "Commencement Date") |
| Period for Which Compensation and Reimbursement is Sought: | July 1, 2011 through July 31, 2011 (the "Monthly Compensation Period") |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | **$1,505,865.70 (80% of $1,882,332.12)** |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | **$41,294.19** |

This is a    _X_ Monthly____ Interim ____ Final Fee Application

Prior Fee Applications:

|  | Date Filed | Period Covered | Requested | | Approved | | Amount of Holdback[1] |
|---|---|---|---|---|---|---|---|
|  |  |  | Fees | Expenses | Fees | Expenses |  |
| First | 1/20/2011 [Dkt. 134] | 11/8/2010-12/31/2010 | $2,227,426.75 | $51,181.09 | $1,781,941.40 | $51,181.09 | $445,485.35 |
| Second | 2/22/2011 [Dkt. 185] | 1/1/2011-1/31/2011 | $1,279,077.00 | $47,289.32 | $1,023,261.60 | $47,289.32 | $255,815.40 |
| Third | 3/21/2011 [Dkt. 221] | 2/1/2011-2/28/2011 | $1,306,436.25 | $51,022.17 | $1,018,789.00 | $51,022.17 | $254,697.25[2] |
| First Quarterly | 4/6/2011 [Dkt. 239] | 11/8/2010-2/28/2011 | $4,779,990.00 | $149,492.58 | $4,616,755.35 | $141,717.78 | $461,675.54 |
| Fourth | 4/21/2011 [Dkt. 253] | 3/1/2011-3/31/2011 | $1,223,221.50 | $21,847.13 | $978,577.20 | $21,847.13 | $244,644.26 |
| Fifth | 5/24/2011 [Dkt. 284] | 4/1/2011-4/30/2011 | $1,672,320.63[3] | $24,050.35 | $1,337,856.50 | $24,050.35 | $334,464.13 |
| Sixth | 7/5/2011 [Dkt. 337] | 5/1/2011-5/31/2011 | $1,970,900.75[4] | $26,007.09 | $1,576,720.60 | $26,007.09 | $394,180.15 |
| Seventh | 8/22/2011 [Dkt. No. 526] | 6/1/2011-6/30/2011 | $2,156,795.25[5] | $40,871.23 | $1,725,436.20 | $40,871.23 | $431,395.05 |
| Second Quarterly | 8/31/2011 [Dkt. No. 537] | 4/1/2011-6/30/2011 | $7,023,238.13 | $112,775.80 | $6,297,558.41 | $112,687.43 | $699,782.71 |

---

[1] The monthly holdback amounts refer to the 20% of fees held back pending the Court's approval of D&L's quarterly fee applications. The quarterly holdback amounts refer solely to such amounts specifically held back by the Court pursuant to orders previously entered approving D&L's quarterly fee applications.

[2] The fees requested and holdback amount for the Third Monthly Fee Statement reflected a credit of $32,950.00 for services rendered during the period November 8, 2010 through January 31, 2011 that D&L determined should be allocated to Ambac Assurance Corporation.

[3] The fees requested and holdback amount for the Fifth Monthly Fee Statement reflected a 25% courtesy discount of the total fees charged for Task Code 005. This 25% courtesy discount amounts to $12,994.37.

[4] The fees requested and holdback amount for the Sixth Monthly Fee Statement reflected a 25% courtesy discount of the total fees charged for Task Code 005. This 25% courtesy discount amounts to $2,518.25.

[5] The fees requested and Holdback Amount for the Seventh Monthly Fee Statement reflected a 25% courtesy discount of the total fees charged for Task Code 005. This 25% courtesy discount amounts to $8,757.00.

Peter A. Ivanick
Allison H. Weiss
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

- and -

Todd L. Padnos (admitted *pro hac vice*)
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303
Tel: (650) 845-7000
Fax: (650) 845-7333

*Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x
                                                               :
*In re*                                                        :
                                                               :  **Chapter 11**
**AMBAC FINANCIAL GROUP, INC.,**                               :
                                                               :  **Case No. 10-15973 (SCC)**
**Debtor.**                                                    :
                                                               :
-------------------------------------------------------------- x

**EIGHTH MONTHLY STATEMENT OF DEWEY & LEBOEUF LLP FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES INCURRED AS ATTORNEYS FOR DEBTOR FOR
<u>THE PERIOD FROM JULY 1, 2011 THROUGH JULY 31, 2011</u>**

Dewey & LeBoeuf LLP ("<u>D&L</u>"), attorneys for Ambac Financial Group, Inc., as debtor and debtor in possession in the above-captioned case (the "<u>Debtor</u>," and together with its nondebtor affiliates, "<u>Ambac</u>"), submits its eighth monthly fee and expense statement (the "<u>Statement</u>"), pursuant to sections 327, 330(a) and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 issued by the Executive Office for

United States Trustee (the "Guidelines"), Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on November 25, 2009 (the "Local Guidelines"), United States Bankruptcy Court of the Southern District of New York's General Order M-412  Order signed on December 21, 2010 by Chief Judge Arthur J. Gonzalez Amending General Order M-388; Re: Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, effective December 21, 2010 (the "General Order") and this Court's *Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals*, dated December 21, 2010 (the "Interim Compensation Order") [Docket No. 81], for (i) the monthly compensation for professional services performed by D&L for the period commencing July 1, 2011 through and including July 31, 2011 (the "Monthly Compensation Period") in the amount of $1,882,332.12[1] and (ii) reimbursement of its actual and necessary expenses in the amount of $41,294.19 incurred during the Monthly Compensation Period.

**SUMMARY OF PROFESSIONAL COMPENSATION
AND REIMBURSEMENT OF EXPENSES REQUESTED**

1. By the Court's Order, dated December 21, 2010, Debtor was authorized to employ D&L as its attorneys, *nunc pro tunc* to the Commencement Date, with regard to the filing and prosecution of this case and all related matters (the "Employment Order") [Docket No. 84].  The Employment Order authorized Debtor to compensate D&L in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as were established by the Interim Compensation Order.

2. D&L seeks allowance of monthly compensation for professional services rendered to Debtor during the Monthly Compensation Period in the aggregate amount of $1,884,227.50 (representing the charge for the 2,919.9 hours of service provided by D&L

---

[1] This amount includes a courtesy discount as described in footnote 4 below.

attorneys and paraprofessionals) and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $41,294.19.

3. There is no agreement or understanding between D&L and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in this case.

4. The fees charged by D&L in this case are billed in accordance with D&L's existing billing rates and procedures in effect during the Monthly Compensation Period. The rates D&L charges for the services rendered by its professionals and paraprofessionals in this chapter 11 case are the same rates D&L charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

5. Pursuant to the Fee Guidelines and General Order, annexed hereto as <u>Exhibit A</u>[2] is a schedule setting forth (i) the identity of all D&L professionals and paraprofessionals who have performed services in this chapter 11 case during the Monthly Compensation Period, (ii) the capacity in which each such individual is employed by D&L, (iii) the department in which each individual practices, (iv) the hourly billing rate charged by D&L for services performed by such individual, (v) the aggregate number of hours expended in this matter and fees billed therefor, and (vi) the year in which each professional was first licensed to practice law.

6. During the Monthly Compensation Period, many of the services performed by members, counsel, and associates of D&L were performed by individuals in D&L's Business Solutions & Governance department. Those individuals have extensive expertise and experience in all matters relating to chapter 11 cases and have represented debtors, creditors, purchasers, and other parties in interest before courts in the Southern District of New York, the Second Circuit, and in numerous other jurisdictions throughout the country. Consequently, D&L brings to this

---

[2] The figures presented in the chart annexed hereto as Exhibit A represent gross amounts prior to the application of the courtesy discount with respect to Task Code 005 as described below in footnote 4.

3

case a high level of expertise and experience that inures to the benefit of the Debtor and all parties in interest.

7.  The professional services performed by D&L on behalf of Debtor during the Monthly Compensation Period required an aggregate expenditure of 2,919.9 hours by D&L's members, counsel, associates, and paraprofessionals. Of the aggregate time expended, 1,345.6 recorded hours were expended by partners and counsel of D&L, 1,231.7 recorded hours were expended by associates of D&L, and 342.6 recorded hours were expended by paraprofessionals of D&L.

8.  During the Monthly Compensation Period, D&L billed Debtor for time expended by attorneys based at hourly rates ranging from $385.00 to $1,000.00 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $701.03 (based on 2,577.3 recorded hours for attorneys at D&L's regular billing rates in effect at the time of the performance of services). As noted, annexed hereto as Exhibit A is a schedule listing (i) each D&L professional and paraprofessional who performed services in this case during the Monthly Compensation Period, (ii) the hourly rate charged by D&L for services performed by each individual, and (iii) the aggregate number of hours and charges by each individual.

9.  Annexed hereto as Exhibit B is a schedule specifying the categories of expenses for which D&L is seeking reimbursement and the total amount for each such expense category.

10. Pursuant to the Guidelines and annexed hereto as Exhibit C[3] is a summary of the significant professional services rendered by D&L during the Monthly Compensation Period for all task codes in which D&L billed a minimum of five (5) hours during the Monthly Compensation Period. The summary is separated by project categories as hereinafter described. If a task code does not appear in the time records, D&L did not bill a minimum of five (5) hours

---

[3] The figures presented in the charts annexed hereto as Exhibit C represent gross amounts prior to the application of the courtesy discount with respect to Task Code 005 as described below in footnote 4.

4

of time or expenses for that task code during the Monthly Compensation Period, but may bill time for that task code in the future.

a. <u>Task Code 005 (Billing/Fee Applications – D&L)
Fees: $5,686.12[4], Hours: 13.2:</u>

Tasks relating to the retention and compensation of D&L only, including preparation of pleadings for the retention of D&L, billing activities, compliance with timekeeping guidelines, and preparation of D&L fee statements.

b. <u>Task Code 006 (Billing/Fee & Employment Applications – Other Professionals)
Fees: $31,808.50, Hours: 51.7:</u>

Tasks relating to (i) the retention and compensation of the Debtor's other chapter 11 professionals and the Debtor's ordinary course professionals, including assistance with retention pleadings, fee statements, and fee applications, and (ii) review and objection to fee statements and fee applications of committee professionals or the Debtor's other chapter 11 professionals.

c. <u>Task Code 007 (Case Administration)
Fees: $18,165.50, Hours: 48.6:</u>

Tasks relating to general administration of case, including (i) case status and coordination activities, (ii) tasks relating to the filing of documents to be filed at court including legal pleadings, affidavits of service, and service mailings, and (iii) internal filing and organization of case documents to insure accessibility by D&L team, client, and other parties in interest.

d. <u>Task Code 008 (Case Administration Process)
Fees: $85,340.50, Hours: 183.4:</u>

Tasks relating to (i) the establishment of a bar date for filing proofs of claim or interest or filing requests for payment of administrative expense claims (including supplemental or special bar dates), the notification of parties in interest of the bar date, and the enforcement of the bar date, including responding to inquiries from creditors about the bar date and proof of claim form, and (ii) the general processing, reconciliation, and determination of claims against or equity interests in the Debtors.

---

[4] The fees listed for Task Code 005 reflect a 25% courtesy discount of the total fees charged to such task code. This 25% courtesy discount amounts to $1,895.38.

e. <u>Task Code 010 (Corporate Governance / Securities)</u>
<u>Fees: $100,948.50, Hours: 117.8:</u>

Tasks relating to the governance of the Debtor or issues related to the securities issued by the Debtor.

f. <u>Task Code 013 (Exclusivity)</u>
<u>Fees: $31,970.00, Hours: 50.2:</u>

Tasks related to the Debtor's exclusive right to file a plan pursuant to the Bankruptcy Court and court orders.

g. <u>Task Code 014 (Financing)</u>
<u>Fees: $3,250.00, Hours: 6.5:</u>

Tasks relating to matters under sections 361, 363, and 364, including secured claims and loan document analysis.

h. <u>Task Code 016 (General Case Strategy)</u>
<u>Fees: $18,785.00, Hours: 25.7:</u>

Tasks relating to the legal strategy of the chapter 11 cases, including meetings to discuss case status, next steps, etc. All D&L internal meetings, except those specifically dedicated to an issue covered by a separate task code.

i. <u>Task Code 017 (Hearings and Court Matters)</u>
<u>Fees: $53,258.00, Hours: 122.2:</u>

Time spent at hearings or other proceedings relating to the chapter 11 cases, including preparation for and working travel to such hearings, and meetings related thereto.

j. <u>Task Code 018 (Insurance Issues)</u>
<u>Fees: $4,392.50, Hours: 5.4:</u>

Tasks related to any insurance policy or coverage relating to the Debtor.

k. <u>Task Code 019 (Litigation / Adversary Proceedings)</u>
<u>Fees: $34,223.50, Hours: 58.4:</u>

Tasks relating to any litigation disputes to which the Debtor is a party or that affect the chapter 11 case, except for Avoidance Actions or the Tax Case.

l. <u>Task Code 021 (Plan Process)</u>
<u>Fees: $235,081.50, Hours: 348.9:</u>

Tasks relating to the plan process, including (i) the Debtor's business plan, (ii) the formulation, negotiation, and drafting of a plan and documents included as exhibits or attachments to a plan, (iii) the preparation and approval of a disclosure statement concerning a plan, and (iv) the confirmation of a plan, including preparing for and conducting confirmation hearings and obtaining order of confirmation.

    m.    Task Code 025 (General Tax Matters)
Fees:  $6,833.50, Hours:  12.9:

        Tasks relating to all tax matters involving the Debtors, other than the Tax case.

    n.    Task Code 026 (Tax Case)
Fees:  $831,650.50, Hours:  1,305.9:

        Tasks relating to the Adversary Proceeding against the IRS.

    o.    Task Code 030 (Creditors' Committee)
Fees:  $14,240.00, Hours:  16.1:

        Tasks relating to Creditors' Committee issues.

    p.    Task Code 031 (OCI)
Fees:  $4,972.50, Hours:  5.1:

        Tasks relating to liaison with the Wisconsin Office of the Commissioner of Insurance.

    q.    Task Code 032 (Securities Litigation)
Fees:  $28,664.50, Hours:  45.1:

        Tasks relating to the settlement of the pending securities litigation.

    r.    Task Code 033 (NYC Claim Objection)
Fees:  $90,176.00, Hours:  129.6:

        Tasks relating to analysis and objection to proof of claim submitted by New York City Department of Finance.

    s.    Task Code 034 (Term Sheet)
Fees:  $267,683.50, Hours:  348.1:

        Tasks relating to negotiating, reviewing, revising and/or drafting a term sheet with OCI and/or Creditors' Committee regarding outstanding issues and claims.

11.    D&L maintains computerized records of the time billed by all D&L attorneys and paraprofessionals in connection with the prosecution of Debtor's chapter 11 case.  Relevant copies of the computerized records for the Monthly Compensation Period are annexed hereto as Exhibit D.

12.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services;

7

(e) D&L's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

## ACTUAL AND NECESSARY EXPENSES OF D&L

13.    As set forth on Exhibit B annexed hereto, D&L has disbursed $41,294.19 as expenses incurred in providing professional services during the Compensation Period. D&L respectfully requests allowance of its actual and necessary expenses in the amount of $41,294.19, which fall within the Local Guidelines and the UST Guidelines. For example, with respect to photocopying, in accordance with the US Trustee's request, D&L charges the Debtor $0.10 per page. Additionally, overtime meals are charged to the Debtor in accordance with the UST Guidelines. With respect to filing fees, postal, delivery and messenger services, D&L charges the Debtor for the actual cost of such services. These charges are intended to cover D&L's direct operating costs, which costs are not incorporated into the D&L hourly billing rates. Only clients who actually use services of the types set forth in Exhibit B are separately charged for such services.

14.    These expenses are not included in D&L's overhead for the purpose of setting billing rates. D&L has made every effort to minimize its expenses in this case. The actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of Debtor, its estate, and all parties in interest.

## THE REQUESTED COMPENSATION IS ALLOWABLE

15.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the

8

Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered ... and reimbursement for actual, necessary expenses." *Id.* § 330(a)(l)(A)-(B). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded ... the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

16.    In the instant case, D&L respectfully submits that the professional services for which it seeks compensation and the expenses for which it seeks reimbursement in this Statement were necessary for and beneficial to Debtor's orderly administration of its estate and its restructuring efforts. D&L worked diligently to anticipate or respond to Debtor's needs and assist in Debtor's navigation of the chapter 11 process. Such services and expenses were necessary to and in the best interests of Debtor's estate and parties in interest. The professional

9

services were performed with expedience and in an efficient manner. D&L further submits the compensation requested herein is reasonable in light of the nature, extent, and value of such services to Debtor, its estate, and all parties in interest.

17. Whenever possible, D&L sought to minimize the costs of its services to Debtor by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of case administration. A core group of the same D&L attorneys was utilized for the vast majority of the work in this case to minimize the costs of intra-D&L communication and education about Debtor's circumstances.

18. In sum, the services rendered by D&L were necessary and beneficial to Debtor's estate and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved, and approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

**RESERVATION**

19. To the extent time or disbursement charges for services rendered or expenses incurred relate to the Monthly Compensation Period but were not processed prior to the preparation of this Statement, or D&L has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Monthly Compensation Period, D&L reserves the right to request additional compensation for such services and reimbursement of such expenses in a future fee statement.

**NOTICE AND OBJECTION PERIOD**

20. This Statement was served by e-mail on (a) the Debtor, Attn: David Trick, One State Street Plaza, New York, New York 10004; (b) the Office of the United States Trustee for the Southern District of New York, Attn: Brian S. Masumoto, 33 Whitehall Street, 21st Floor, New York, New York 10001 (the "U.S. Trustee"); and, (c) counsel to the statutory committee of unsecured creditors appointed in this case (the "Committee"), and filed with the Clerk of the

Court in the format specified by the Guidelines. Pursuant to the Interim Compensation Order, the aforementioned parties will also be served by hand or overnight delivery.

21. Pursuant to the Interim Compensation Order, "[i]f any party in interest has an objection to the compensation or reimbursement sought" by D&L, "such party shall, by no later than the thirty-fifth (35th) day following the month for which compensation is sought, (the "<u>Objection Deadline</u>"), file with the Court and serve upon" the Debtor, D&L, the U.S. Trustee and the Committee a written <u>Notice of Objection to Fee Statement</u> setting forth the nature of the objection and the amount of fees or expenses at issue. The thirty-fifth day under the Interim Compensation Order is fifteen days from the filing of a monthly fee statement. Accordingly, since D&L has filed the Statement on October 16, 2011, the Objection Deadline is October 31, 2011.

22. At the expiration of the Objection Deadline, Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in the Statement to which no objection has been served in accordance with the Interim Compensation Order.

11

Dated: October 16, 2011　　　　　　　　　　　　Respectfully Submitted,
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　/s/ Allison H. Weiss
　　　　　　　　　　　　　　　　　　　　　Peter A. Ivanick
　　　　　　　　　　　　　　　　　　　　　Allison H. Weiss
　　　　　　　　　　　　　　　　　　　　　DEWEY & LEBOEUF LLP
　　　　　　　　　　　　　　　　　　　　　1301 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　　　　　　Tel: (212) 259-8000
　　　　　　　　　　　　　　　　　　　　　Fax: (212) 259-6333

　　　　　　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　　　　　　　Todd L. Padnos (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　DEWEY & LEBOEUF LLP
　　　　　　　　　　　　　　　　　　　　　1950 University Avenue, Suite 500
　　　　　　　　　　　　　　　　　　　　　East Palo Alto, California 94303
　　　　　　　　　　　　　　　　　　　　　Tel: (650) 845-7000
　　　　　　　　　　　　　　　　　　　　　Fax: (650) 845-7333

　　　　　　　　　　　　　　　　　　　　　*Attorneys for the Debtor and Debtor in Possession*